JS-6    O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA EXPANDED METAL PRODUCTS COMPANY, a California corporation; CLARKWESTERN DIETRICH BUILDING SYSTEMS LLC, an Ohio limited liability company Guardian Ad Litem CLARKDIETRICH BUILDING SYSTEMS,<br><br>           Plaintiff,<br><br>   v.<br><br>JAMES A. KLEIN, an individual; BLAZEFRAME INDUSTRIES, LTD., a Washington Company; SAFTI SEAL, ICN., a Washington Company,<br><br>           Defendants. | Case No. CV 18-00242 DDP (MRWx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER**<br><br>[Dkt. 40] |

    Presently before the court is Defendants James A. Klein ("Klein"), BlazeFrame Industries ("BlazeFrame"), and Safti-Seal, Inc. (Safti Seal")'s Motion to Dismiss or, in the Alternative, Transfer. Having considered the submissions of the parties, the court grants the motion and adopts the following Order.

**I.   Background**

Defendant Klein is the named inventor of certain patented technologies related to fire-stopping head of wall assemblies used in the construction industry. In essence, the assemblies are comprised of a header with an intumescent strip of material attached. When exposed to heat, the intumescent material expands to seal the gap between the header and the ceiling, inhibiting the spread of smoke and fire.

In 2012, a patent dispute arose between BlazeFrame and Plaintiff California Expanded Metal Products Company ("CEMCO") in the Western District of Washington. (CV 13-4669 DDO-MRW.) That suit was transferred to this Court and consolidated with a second action by CEMCO against Plaintiff Clarkwestern Dietrich Building Systems LLC ("Clarkwestern"), Klein, and Blazeframe. (CV 12-10791-DDP-MRW.) The case ultimately settled.

In 2016, CEMCO and Clarkwestern filed a new suit against Klein and Blazeframe ("the second suit"), alleging patent infringement and breach of contract arising out of the settlement of the earlier litigation. (CV 16-5968-DDP-MRW.) That case also settled (the "Second Agreement".) Under the Second Agreement, Klein (and Blazeframe) agreed to relinquish any claim to certain disputed patents and licenses.

In the instant suit, Plaintiffs allege that Klein formed a new company, Safti-Seal, that is producing and selling head of wall assemblies that infringe upon the patents at issue in the earlier litigation. Plaintiffs allege patent infringement claims against Klein, Blazeframe, and Safti-Seal, breach of contract claims against Klein and Blazeframe related to the Second Agreement, and an unfair competition claim against Klein and Safti-Seal.

2

Defendants now move to dismiss or transfer the Complaint for improper venue.

**II. Legal Standard**

A party may file a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). It is the plaintiff's burden to show that venue is proper. Allstar Marketing Group, LLC v. Your Store Online, LLC, 666 F.Supp.2d 1109, 1126 (C.D. Cal. 2009).

**III. Discussion**

Plaintiffs' Complaint alleges that venue is proper in this district pursuant to 28 U.S.C. § 1391. (Complaint ¶ 8.) Defendants argue that under the patent venue statute, 28 U.S.C. § 1400(b), this district is not a proper venue for this case, which must therefore be dismissed or transferred.

In 2017, the Supreme Court decided TC Heartland LLC v. Kraft Foods Group Brands LLC, 137 S.Ct. 1514 (2017), which some courts have characterized as a "sea change" in the law of patent venue. See OptoLum, Inc. v. Cree, Inc., No. CV-16-03828-PHX-DLR, 2017 WL 3130642, at *2 (D. Ariz. July 24, 2017) (citing Westech Aerosol Corp. v. 3M Co., No. C17-5067-RBL, 2017 WL 2671297, at *2 (W.D. Wash. June 21, 2017).) In TC Heartland, the Court reemphasized that the patent venue statute, 28 U.S.C. § 1400(b), is separate and distinct from the broader, general venue statute at 28 U.S.C. § 1391(c). The latter provides, for venue purposes, that a

corporation "shall be deemed to reside . . . in any judicial district in which [it] is subject to the court's personal jurisdiction . . . ." 28 U.S.C. § 1391(c). Section 1400(b) states that a patent infringement action may be brought "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The Court interpreted Section 1400(b)'s definition of "resides" to include only the state of a corporation's incorporation, rejecting the argument that Section 1400(b) incorporates the Section 1391(c) definition of corporate residence. TC Heartland, 137 S. Ct. at 1517 (citing Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 226 (1957)). The Federal Circuit has since clarified that a defendant's "regular and established place of business" must be a "physical, geographical location" within a given district. In re Cray, Inc., 871 F.3d 1355, 1362 (Fed. Cir. 2017).

Here, there is no dispute that Klein, Blazeframe, and Safti-Seal all reside in the state of Washington. Indeed, Plaintiffs agree that, under TC Heartland, the proper venue would be in Washington if the Complaint were to assert purely patent claims. (Opposition at 6.) Plaintiffs contend, however, that because their Complaint alleges both patent and non-patent claims, Section 1400(b) should not control. Plaintiffs have not cited, nor has this Court discovered, any authority post-dating TC Heartland that would allow the court to simply disregard Section 1400(b) where patent claims are asserted. Although the court in Jinni Tech Ltd. V. Red.com, Inc., No. C17-0217JLR, 2017 WL 4758761 (W.D. Wash. Oct. 20, 2017) did address venue for patent and non-patent claims

4

separately, it dismissed the former for failure to conform to Section 1400(b), and in no way suggested that the result would have been different had the claims been more intertwined. Jinni, 2017 WL 4758761 at *10, 13. Furthermore, to the extent Plaintiffs argue that the breach of contract claims are "ancillary" to the patent claims, this Court cannot agree. Indeed, Plaintiffs themselves recognize that "[t]o determine the breach of contract claims . . . , it will be necessary to determine whether the Safti-Seal products infringe the patents that are the subject of the contract." (Opposition at 7:4-5.) Under such circumstances, it would appear that the contract claims are ancillary to the patent claims, rather than the reverse.

Plaintiffs also argue that this Court can avoid the application of Section 1400(b) by applying the doctrine of pendent venue, under which courts have the discretion to find venue proper, even where it is otherwise lacking, so long as venue is proper on another, closely related claim. Martensen v. Koch, Martensen v. Koch, 942 F. Supp. 2d 983, 998 (N.D. Cal. 2013); see also Gamboa v. USA Cycling, Inc., No. 2:12-CV-10051-ODW, 2013 WL 1700951, at *4 (C.D. Cal. Apr. 18, 2013) (recognizing that the "pendent venue doctrine has received limited acceptance but is at least a recognized doctrine."). Because, Plaintiffs argue, venue is unquestionably proper for the contract claims here, and because the patent claims are indisputably closely related to those claims, this Court can find this district an appropriate venue for the patent claims under the pendent venue doctrine.

Although Plaintiffs do not point to any authority for the post-TC Heartland application of the pendent venue doctrine to

circumstances involving patent claims, other courts have addressed similar questions. The court in Jenny Yoo Collection, Inc. v. Watters Design Inc., No. 16-CV-2205 (VSB), 2017 WL 4997838(S.D.N.Y. Oct. 20, 2017), for example, explicitly declined to apply pendent venue over patent claims in light of TC Heartland, distinguishing earlier cases that relied upon Federal Circuit precedent abrogated by TC Heartland. Jenny Yoo, 2017 WL 4997838 at *7. The court in Wet Sounds, Inc. V. Powerbass USA, Inc., No. CV H-17-3258, 2018 WL 1811354 (S.D. Tex. Apr. 17, 2018), elaborated upon the Jenny Yoo court's rationale, explaining that courts applying the pendent venue doctrine typically follow one of two approaches, focusing either on the specificity of the respective venue statutes at issue or, alternatively, on the "primary claim" at issue.[1] In the wake of TC Heartland's prescription that Section 1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions and is not to be supplemented by § 1391(c)," the specificity-focused approach weighs against the application of pendent venue to cases involving patent claims. TC Heartland, 137 S. Ct. at 1519 (internal quotation, alterations, and citation omitted). Indeed, for that reason, at least one court has suggested that pendent venue is categorically inapplicable to patent cases. See National Products, Inc. v. Arkon Resources, Inc., No. C15-1984JLR, 2018 WL 1457254 at *7 (W.D. Wash. Mar. 23, 2018). Here, as in Wet Sounds, the primary claim-focused approach also militates against application of pendent venue. As discussed above, the breach of contract claims cannot be resolved without

---

[1] The Wet Sounds Order issued after the completion of briefing on the instant motion.

first resolving the patent infringement claims. Thus, even if pendent jurisdiction is applicable in the patent context, the circumstances here do not warrant the invocation of the doctrine.

Plaintiffs also ask, in the alternative, that this court stay the patent claims until the breach of contract and unfair competition claims are fully litigated. However, in light of the fact that, as Plaintiffs acknowledge, the non-patent claims cannot be resolved without a determination of the patent question, that course of action would not serve the interests of justice, including judicial economy, avoidance of piecemeal litigation, and conservation of party resources. Furthermore, where, as here, venue is improper, this court must either dismiss or transfer the case. 28 U.S.C. § 1406(a). Even assuming that this Court could exercise its inherent power to stay proceedings under these circumstances, the court cannot find a compelling reason to do so, notwithstanding its familiarity with the procedural history of this case. See, e.g. Dietz v. Bouldin, 136 S. Ct. 1885, 1892 (2016).

As Plaintiffs put it, "it makes better sense to keep all the claim[s] together because they are based on the same nucleus of operative facts." (Opp. at 13:6-7) Accordingly, because venue is only proper in Washington for Plaintiffs' patent claims and because the remaining claims are inextricably intertwined with those patent claims, this entire action is transferred to the Western District of Washington.[2]

**IV. Conclusion**

---

[2] Where venue is proper for all claims against some, but not all, defendants, severance of some claims may be warranted. See, e.g., Wet Sounds, 2018 WL 1811354 at *4.

7

For the reasons stated above, Defendants' motion is GRANTED.
This entire action is transferred to the Western District of
Washington.



IT IS SO ORDERED.


Dated: April 30, 2018
                                    DEAN D. PREGERSON
                                    United States District Judge