THE HONORABLE JAMES L. ROBART

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

CALIFORNIA EXPANDED METAL
PRODUCTS COMPANY, et al.

                Plaintiffs,

vs.

JAMES KLEIN, et al.

                Defendants.

No. 2:18-cv-00659-JLR

**STIPULATED PROTECTIVE ORDER**

19   1.   PURPOSES AND LIMITATIONS

20         Discovery in this action is likely to involve production of confidential, proprietary, or

21   private information for which special protection may be warranted. Accordingly, the parties

22   hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

23   parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

24   protection on all disclosures or responses to discovery, the protection it affords from public

25   disclosure and use extends only to the limited information or items that are entitled to confidential

26

Stipulated Protective Order
CASE No. 2:18-cv-00659-JLR

-1-

TROJAN LAW OFFICES
9250 Wilshire Blvd., Ste. 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399 Fax: (310) 691-1086

1 treatment under the applicable legal principles, and it does not presumptively entitle parties to

2 file confidential information under seal.

3 2.    CONFIDENTIAL MATERIAL

4       Confidential material shall include the following documents and tangible things produced

5 or otherwise exchanged: product designs, product development information, product

6 performance and testing data, competitive market information, business plans, present and

7 prospective customer and supplier information, contracts and business agreements, settlement

8 agreements, pricing information, and cost and profit information. Confidential material may be

9 designated "ATTORNEYS' EYES ONLY" if it contains sensitive financial, technical, research

10 and development, business strategy, or competitive information that the designating party

11 believes in good faith could cause it to suffer competitive harm if known by the entities and

12 persons who would otherwise have access under this Order to confidential material that has been

13 designated "CONFIDENTIAL."

14 3.    SCOPE

15      The protections conferred by this agreement cover not only confidential material (as

16 defined above), but also (1) any information copied or extracted from confidential material; (2)

17 all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

18 conversations, or presentations by parties or their counsel that might reveal confidential material.

19      However, the protections conferred by this agreement do not cover information that is in

20 the public domain or becomes part of the public domain through trial or otherwise, or information

21 that is known to a receiving party on a non-confidential basis prior to its production.

22 4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

23      4.1    Basic Principles. A receiving party may use confidential material that is disclosed

24 or produced by another party or by a non-party in connection with this case only for prosecuting,

25 defending, or attempting to settle this litigation. Confidential material may be disclosed only to

26 the categories of persons and under the conditions described in this agreement. Confidential

1   material must be stored and maintained by a receiving party at a location and in a secure manner

2   that ensures that access is limited to the persons authorized under this agreement.

3        4.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

4   ordered by the court or permitted in writing by the designating party, a receiving party may

5   disclose any confidential material designated "CONFIDENTIAL" only to:

6        (a)   the receiving party's counsel of record in this action, as well as employees

7   of counsel to whom it is reasonably necessary to disclose the information for this litigation;

8        (b)   the officers, directors, and employees (including in house counsel) of the

9   receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

10   agree that a particular document or material produced is for Attorney's Eyes Only and is so

11   designated;

12        (c)   experts and consultants to whom disclosure is reasonably necessary for

13   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

14   A);

15        (d)   the court, court personnel, and court reporters and their staff;

16        (e)   copy or imaging services retained by counsel to assist in the duplication

17   of confidential material, provided that counsel for the party retaining the copy or imaging service

18   instructs the service not to disclose any confidential material to third parties and to immediately

19   return all originals and copies of any confidential material;

20        (f)   during their depositions, witnesses in the action to whom disclosure is

21   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

22   (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

23   transcribed deposition testimony or exhibits to depositions that reveal confidential material must

24   be separately bound by the court reporter and may not be disclosed to anyone except as permitted

25   under this agreement;

26

Stipulated Protective Order             -3-      TROJAN LAW OFFICES
CASE No. 2:18-cv-00659-JLR              9250 Wilshire Blvd., Ste. 325
                                        Beverly Hills, CA 90212
                                        Telephone: (310) 777-8399 Fax: (310) 691-1086

1       (g)    the author or recipient of a document containing the information or a

2 custodian or other person who otherwise possessed or knew the information.

3     4.3    <u>Disclosure of "ATTORNEYS' EYES ONLY" Information or Items</u>. Unless

4 otherwise ordered by the court or permitted in writing by the designating party, a receiving party

5 may disclose any confidential material designated "ATTORNEYS' EYES ONLY" only to:

6       (a)    the receiving party's counsel of record in this action, as well as employees

7 of counsel to whom it is reasonably necessary to disclose the information for this litigation;

8       (b)    experts and consultants to whom disclosure is reasonably necessary for

9 this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

10 A);

11       (c)    the court, court personnel, and court reporters and their staff;

12       (d)    copy or imaging services retained by counsel to assist in the duplication

13 of confidential material, provided that counsel for the party retaining the copy or imaging service

14 instructs the service not to disclose any confidential material to third parties and to immediately

15 return all originals and copies of any confidential material;

16       (d)    the author or recipient of a document containing the information or a

17 custodian or other person who otherwise possessed or knew the information.

18     4.4    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or

19 referencing such material in court filings, the filing party shall confer with the designating party

20 to determine whether the designating party will remove the confidential designation, whether the

21 document can be redacted, or whether a motion to seal or stipulation and proposed order is

22 warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards

23 that will be applied when a party seeks permission from the court to file material under seal.

24 5.    <u>DESIGNATING PROTECTED MATERIAL</u>

25     5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party

26 or non-party that designates information or items for protection under this agreement must take

Stipulated Protective Order
CASE No. 2:18-cv-00659-JLR

-4-

TROJAN LAW OFFICES
9250 Wilshire Blvd., Ste. 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399 Fax: (310) 691-1086

1   care to limit any such designation to specific material that qualifies under the appropriate

2   standards. The designating party must designate for protection only those parts of material,

3   documents, items, or oral or written communications that qualify, so that other portions of the

4   material, documents, items, or communications for which protection is not warranted are not

5   swept unjustifiably within the ambit of this agreement.

6        Mass, indiscriminate, or routinized designations are prohibited. Designations that are

7   shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

8   unnecessarily encumber or delay the case development process or to impose unnecessary

9   expenses and burdens on other parties) expose the designating party to sanctions.

10       If it comes to a designating party's attention that information or items that it designated

11   for protection do not qualify for protection, the designating party must promptly notify all other

12   parties that it is withdrawing the mistaken designation.

13       5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

14   agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

15   ordered, disclosure or discovery material that qualifies for protection under this agreement must

16   be clearly so designated before or when the material is disclosed or produced.

17            (a)    <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents

18   and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

19   proceedings), the designating party must affix the word "CONFIDENTIAL" or "ATTORNEYS'

20   EYES ONLY" to each page that contains confidential material. If only a portion or portions of

21   the material on a page qualifies for protection, the producing party also must clearly identify the

22   protected portion(s) (*e.g.*, by making appropriate markings in the margins).

23            (b)    <u>Testimony given in deposition or in other pretrial proceedings:</u> the parties

24   and any participating non-parties must identify on the record, during the deposition or other

25   pretrial proceeding, all protected testimony, without prejudice to their right to so designate other

26   testimony after reviewing the transcript. Any party or non-party may, within fifteen days after

1    receiving the transcript of the deposition or other pretrial proceeding, designate portions of the

2    transcript, or exhibits thereto, as confidential.   If a party or non-party desires to protect

3    confidential information at trial, the issue should be addressed during the pre-trial conference.

4                    (c)    Other tangible items: the producing party must affix in a prominent place

5    on the exterior of the container or containers in which the information or item is stored the words

6    "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the

7    information or item warrant protection, the producing party, to the extent practicable, shall

8    identify the protected portion(s).

9         5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

10   designate qualified information or items does not, standing alone, waive the designating party's

11   right to secure protection under this agreement for such material. Upon timely correction of a

12   designation, the receiving party must make reasonable efforts to ensure that the material is treated

13   in accordance with the provisions of this agreement.

14   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

15        6.1    Timing of Challenges. Any party or non-party may challenge a designation of

16   confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

17   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

18   burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

19   challenge a confidentiality designation by electing not to mount a challenge promptly after the

20   original designation is disclosed.

21        6.2    Meet and Confer. The parties must make every attempt to resolve any dispute

22   regarding confidential designations without court involvement. Any motion regarding

23   confidential designations or for a protective order must include a certification, in the motion or

24   in a declaration or affidavit, that the movant has engaged in a good faith meet and confer

25   conference with other affected parties in an effort to resolve the dispute without court action. The

26

1   certification must list the date, manner, and participants to the conference. A good faith effort to

2   confer requires a face-to-face meeting or a telephone conference.

3         6.3   <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court

4   intervention, the designating party may file and serve a motion to retain confidentiality under

5   Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

6   persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

7   made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

8   other parties) may expose the challenging party to sanctions. All parties shall continue to

9   maintain the material in question as confidential and treat the material in question in accordance

10   with its CONFIDENTIAL or ATTORNEYS' EYES ONLY designation until the court rules on

11   the challenge.

12   7.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

13   <u>LITIGATION</u>

14         If a party is served with a subpoena or a court order issued in other litigation that compels

15   disclosure of any information or items designated in this action as "CONFIDENTIAL" or

16   "ATTORNEYS' EYES ONLY" that party must:

17             (a)   promptly notify the designating party in writing and include a copy of the

18   subpoena or court order;

19             (b)   promptly notify in writing the party who caused the subpoena or order to

20   issue in the other litigation that some or all of the material covered by the subpoena or order is

21   subject to this agreement. Such notification shall include a copy of this agreement; and

22             (c)   cooperate with respect to all reasonable procedures sought to be pursued

23   by the designating party whose confidential material may be affected.

24   8.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

25         If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

26   material to any person or in any circumstance not authorized under this agreement, the receiving

Stipulated Protective Order           -7-      TROJAN LAW OFFICES
CASE No. 2:18-cv-00659-JLR                  9250 Wilshire Blvd., Ste. 325
                                      Beverly Hills, CA 90212
                                      Telephone: (310) 777-8399 Fax: (310) 691-1086

1   party must immediately (a) notify in writing the designating party of the unauthorized

2   disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material,

3   (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

4   this agreement, and (d) request that such person or persons execute the "Acknowledgment and

5   Agreement to Be Bound" that is attached hereto as Exhibit A.

6   9.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u>

7   <u>MATERIAL</u>

8        When a producing party gives notice to receiving parties that certain inadvertently

9   produced material is subject to a claim of privilege or other protection, the obligations of the

10  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

11  provision is not intended to modify whatever procedure may be established in an e-discovery

12  order or agreement that provides for production without prior privilege review. The parties  agree

13  to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

14  10.  <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

15       Within 60 days after the termination of this action, including all appeals, each receiving

16  party must return all confidential material to the producing party, including all copies, extracts

17  and summaries thereof. Alternatively, the parties may agree upon appropriate methods of

18  destruction.

19       Notwithstanding this provision, counsel are entitled to retain one archival copy of all

20  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

21  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

22  work product, even if such materials contain confidential material.

23       The confidentiality obligations imposed by this agreement shall remain in effect until a

24  designating party agrees otherwise in writing or a court orders otherwise.

25

26

1       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3                              by

4   August 14, 2018           /s/ R. Joseph Trojan
                                   R. Joseph Trojan *(pro hac vice)*

5                                    TROJAN LAW OFFICES
                               9250 Wilshire Blvd.

6                                  Beverly Hills, CA
                               Attorney for Plaintiff,

7                                  CALIFORNIA EXPANDED METAL
                               PRODUCTS COMPANY

8

9

10  August 14, 2018           /s/ Brian Bodine
                                   Brian Bodine (WSBA No. 22414)

11                                   LANE POWELL PC
                               1420 Fifth Avenue, Suite 4200

12                                   Seattle, WA 98111
                               Telephone: 206-223-7000

13                                   Attorney for Plaintiff,
                               CALIFORNIA EXPANDED METAL

14                                 PRODUCTS COMPANY

15

16  August 14, 2018           /s/ Ann G. Schoen
                                   Ann G. Schoen *(pro hac vice)*

17                                   FROST BROWN TODD LLC
                               301 East Fourth Street, Suite 3300

18                                 Cincinnati, OH 45202

19                                 Telephone: 513-651-6128
                               Attorney for Plaintiff,

20                                 CLARKWESTERN DIETRICH BUILDING
                               SYSTEMS LLC

21

22  August 14, 2018           /s/ Robert J. Carlson
                                   Robert J. Carlson (WSBA No. 18455)

23                                 LEE & HAYES PLLC
                               701 Pike Street, Suite 1600

24                                 Seattle, WA 98101
                               Telephone: 206-876-6029

25                                 Attorney for Plaintiff,
                               CLARKWESTERN DIETRICH BUILDING

26                                 SYSTEMS LLC

TROJAN LAW OFFICES
9250 Wilshire Blvd., Ste. 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399 Fax: (310) 691-1086

| | |
|---|---|
| 1 | August 14, 2018 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

/s/ Patrick C. Bageant
Patrick C. Bageant (WSBA No. 44268)
HOLLYSTONE LAW
1775 West State St., #286
Boise, ID 83702
Telephone: 208-596-5343

Thomas E. Loop (No. 27546)
LOOP INTELLECTUAL PROPERTY LAW
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Telephone: 206-568-3100

Thomas J. Lloyd, III
ELAM & BURKE, P.A.
251 E. Front St.,
Suite 300 P.O. Box 1539
Boise, ID 83701
Telephone: 208-343-5454

Attorneys for Defendants,
JAMES KLEIN, et al.

Stipulated Protective Order
CASE No. 2:18-cv-00659-JLR

-10-

TROJAN LAW OFFICES
9250 Wilshire Blvd., Ste. 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399 Fax: (310) 691-1086

1       PURSUANT TO STIPULATION, IT IS SO ORDERED

2       IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3  documents in this proceeding shall not, for the purposes of this proceeding or any other

4  proceeding in any other court, constitute a waiver by the producing party of any privilege

5  applicable to those documents, including the attorney-client privilege, attorney work-product

6  protection, or any other privilege or protection recognized by law.

7

8  DATED: _August 16, 2018_

9

10

                           The Honorable  James L. Robart
11                           UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

TROJAN LAW OFFICES
9250 Wilshire Blvd., Ste. 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399 Fax: (310) 691-1086

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3   I, _____ [print  or  type  full  name],  of

4   _____ [print or type full address], declare under penalty of

5   perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued

6   by the United States District Court for the Western District of Washington on [date] in the case of

7   California Expanded Metal Products Company, et al. v. James Klien, et al. I agree to comply with

8   and to be bound by all the terms of this Stipulated Protective Order and I understand and

9   acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

10   of contempt. I solemnly promise that I will not disclose in any manner any information or item that

11   is subject to this Stipulated Protective Order to any person or entity except in strict compliance with

12   the provisions of this Order.

13        I further agree to submit to the jurisdiction of the United States District Court for the Western

14   District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order,

15   even if such enforcement proceedings occur after termination of this action.

16   Date: _____

17   City and State where sworn and signed: _____

18   Printed name: _____

19   Signature: _____

20

21

22

23

24

25

26

Protective Order: Acknowledgement & Agreement to be
Bound
CASE No. 2:18–cv–00659–JLR

TROJAN LAW OFFICES
9250 Wilshire Blvd., Ste. 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399 Fax: (310) 691-1086

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of August 2018, I caused to have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

tjl@elamburke.com

thomas@seattlepatentlaw.com

pbageant@hollystonelaw.com

bob@leehayes.com

bodineb@lanepowell.com

JKersting@fbtlaw.com

ASchoen@fbtlaw.com

TROJAN LAW OFFICES

by

/s/ R. Joseph Trojan
R. Joseph Trojan *(pro hac vice)*
9250 Wilshire Blvd.
Beverly Hills, CA
Attorney for Plaintiff,
CALIFORNIA EXPANDED
METAL PRODUCTS COMPANY

Protective Order: Acknowledgement & Agreement to be Bound
CASE No. 2:18-cv-00659-JLR

TROJAN LAW OFFICES
9250 Wilshire Blvd., Ste. 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399 Fax: (310) 691-1086