THE HONORABLE JAMES L. ROBART

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

CALIFORNIA EXPANDED METAL PRODUCTS COMPANY, a California corporation; and CLARKWESTERN DIETRICH BUILDING SYSTEMS LLC, dba CLARKDIETRICH BUILDING SYSTEMS, an Ohio limited liability company,

Plaintiffs,

v.

JAMES A. KLEIN, an individual; BLAZEFRAME INDUSTRIES, LTD., a Washington company; and SAFTI-SEAL, INC., a Washington company,

Defendants.

CASE NO. 2:18−cv−00659−JLR

**PLAINTIFFS' SURREPLY SEEKING TO STRIKE THE SUPPLEMENTAL DECLARATION OF JAMES A KLEIN (DKT. #110-1)**

TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

**SURREPLY**

Pursuant to LCR 7(g), Plaintiffs California Expanded Metals Company (CEMCO) and ClarkWestern Dietrich Building Systems, LLC (ClarkDietrich) (collectively, "Plaintiffs") respectfully submit this Surreply to Strike the Supplemental Declaration of James A. Klein (Dkt. #110-1). The Klein Supplemental Declaration, which was submitted in support of Defendants' Cross-motion for Partial Summary Judgment and Opposition to Plaintiffs' Motion for Partial Summary Judgment, improperly includes purported evidence that should be stricken from the record for at least the following reasons.

First, the Klein Supplemental Declaration lacks foundation to support the factual contention that the Safti-Strip was sold for non-infringing uses. In the Supplemental Declaration, Klein admits that "[b]ecause Safti-Seal is a manufacturer and seller, I do not always know exactly what specific use or uses Safti-Seal's customers put its products to." (Dkt. #110-1 at ¶ 3.) There is no foundation for Klein's purported knowledge of how customers use the Safti-Strip. As the statements in Paragraphs 3-5 of the Supplemental Declaration lack foundation, the Supplemental Declaration is inadmissible.

Second, even if foundation exists for Klein's declaration, the statements in the Supplemental Declaration must still be excluded because it consists of inadmissible hearsay. Klein himself admits that he "do[es] not always know exactly what specific use or uses Safti-Seal's customers put its products to" and relies on out-of-court statements from his customers to "identif[y] to the best of my ability sales of Safti-Strip to LB Construction, Metro Walls, Inc., Valley Interior, and Willowfield Construction that were for uses other than head-of-wall." (Dkt. #110-1 at ¶3.) The out-of-court statements are offered for truth of the matter asserted—namely that the accused products are used for noninfringing purposes. Because Klein himself lacks personal knowledge of

how his products are used, the Supplemental Declaration must be excluded because it consists of nothing more than inadmissible hearsay from his customers.

Third, Plaintiffs object to the Klein Supplemental Declaration because it purports to rely on information that Klein failed to timely produce in discovery. Plaintiffs propounded interrogatories and requests for documents that would show how the Safti-Strip tape is used. For example, Interrogatory No. 14 asked Defendants to "[i]dentify all projects in which any Safti-Seal products or Safti-Strip have been or are contracted to be installed…." (Dkt. #108-1 at Response No. 14.) Document Request No. 9 asked for "[a]ll communications with third parties regarding the Safti-Strip." (Dkt. #108-12 at 8.) In response to such discovery requests, Defendants refused to provide any identification of any project, that would have permitted Plaintiffs to determine how a specific sale of accused product was used. (*Id.*)

On May 2, 2019, Plaintiffs requested Defendants supplement their "financial information, including complete sales records (identifying customers), costs, profits, or any applicable licensing agreements." (Declaration of R. Joseph Trojan ("Trojan Decl.") at Ex. 1.) Plaintiffs' request was reiterated on May 3 and May 13. (*Id.*) On May 21, Plaintiffs stated:

> However, it appears Safti-Seal has not yet supplemented its production of financial information as requested in the two emails below. As we've discussed in detail previously, unless Safti-Seal is willing to concede that all its sales constitute Plaintiffs' lost profits, please confirm that Safti-Seal will supplement its production with sales data by product by month (preferably in native Excel format) including at least the following:
>
> 1. Full product descriptions (not cut off);
> 2. Geographic location (e.g., state);
> 3. Customer;
> 4. Project name;
> 5. Quantity sold;
> 6. Gross sales;
> 7. Net sales after discounts (if applicable);
> 8. Costs of Goods Sold;
> 9. Gross profits; and
> 10. Net profits (or any other profit margins tracked by Safti-Seal).

TROJAN LAW OFFICES
BEVERLY HILLS

> As we have repeatedly requested this information and as expert reports are due soon, please supplement this material **no later than Tuesday, May 28, 2019**. If we do not receive the supplementation of financial information on or before May 28, we will ask the court to issue a jury instruction containing a negative inference against Defendants stating that all of Defendants' sales constitute Plaintiffs' lost profits.

(*Id* (emphasis original).) Defendants did not respond.

On June 19, 2019, five days prior to Plaintiffs' submission of its combined Opposition and Reply Brief in Support of Plaintiffs' motion for summary judgment, Defendants produced the documents Bates-labeled as SAFTI0001788-7243, which do not provide any conclusive or admissible evidence to support the statements made in either Klein declaration.[1] (Trojan Decl, Ex. 2.) As Defendants failed to timely produce information regarding any alleged non-infringing uses, Plaintiffs object to the Klein Supplemental Declaration.

Fourth, this is not a circumstance where the Klein Supplemental Declaration was submitted in response to new evidence Plaintiffs' raised in their opposition to Defendants' cross-motion for summary judgment. Rather, in their opposition, Plaintiffs explained the legal deficiencies in the initial Klein Declaration. Defendants then scrambled to fill the legal holes in their arguments with new facts to which Plaintiffs have had no opportunity to respond. *Cf. Rayon-Terrell v. Contra Costa Cty.,* 232 F. App'x 626, 629 n.2 (9th Cir. 2007). Defendants are not providing context for facts they previously presented – they are providing wholly new facts for the first time on reply.

For the foregoing reasons, the Klein Supplemental Declaration must be stricken from the record and not considered as evidence in deciding the parties' respective motions for summary judgment.

[1] Now Exhibit C to the Klein Supp. Decl (Dkt. #110-2).

Respectfully submitted,

TROJAN LAW OFFICES

by

July 3, 2019

/s/ R. Joseph Trojan
R. Joseph Trojan *(pro hac vice)*
9250 Wilshire Blvd.
Beverly Hills, CA
Attorney for Plaintiff,
CALIFORNIA EXPANDED METAL PRODUCTS COMPANY

July 3, 2019

/s/ Brian G. Bodine
Brian G. Bodine (WSBA No. 22414)
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
Seattle, WA 98111
Telephone: 206-223-7000
Attorney for Plaintiff,
CALIFORNIA EXPANDED METAL PRODUCTS COMPANY

July 3, 2019

/s/ Ann G. Schoen
Ann G. Schoen *(pro hac vice)*
FROST BROWN TODD LLC
301 East Fourth Street, Suite 3300
Cincinnati, OH 45202
Telephone: 513-651-6128
Attorney for Plaintiff,
CLARKWESTERN DIETRICH BUILDING SYSTEMS LLC

July 3, 2019

/s/ Robert J. Carlson
Robert J. Carlson (WSBA No. 18455)
LEE & HAYES PLLC
701 Pike Street, Suite 1600
Seattle, WA 98101
Telephone: 206-876-6029
Attorney for Plaintiff,
CLARKWESTERN DIETRICH BUILDING SYSTEMS LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of July 2019, I caused to have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

tjl@elamburke.com
thomas@seattlepatentlaw.com
pbageant@hollystonelaw.com
bob@leehayes.com
bodineb@lanepowell.com
JKersting@fbtlaw.com
ASchoen@fbtlaw.com

TROJAN LAW OFFICES

by

/s/ R. Joseph Trojan
R. Joseph Trojan *(pro hac vice)*
9250 Wilshire Blvd.
Beverly Hills, CA
Attorney for Plaintiff,
CALIFORNIA EXPANDED
METAL PRODUCTS COMPANY