The Honorable James L. Robart

TROJAN LAW OFFICES
BEVERLY HILLS

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CALIFORNIA EXPANDED METAL PRODUCTS COMPANY, a California corporation; and CLARKWESTERN DIETRICH BUILDING SYSTEMS LLC, dba CLARKDIETRICH BUILDING SYSTEMS, an Ohio limited liability company,<br><br>Plaintiffs,<br>v.<br><br>JAMES A. KLEIN, an individual; BLAZEFRAME INDUSTRIES, LTD., a Washington company; and SAFTI-SEAL, INC., a Washington company,<br><br>Defendants. | CASE NO. 2:18−cv−00659−JLR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE (NOS. 1-3)**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**NOTE ON MOTION CALENDAR: NOVEMBER 22, 2019**<br><br>The Honorable James L. Robart<br>Courtroom 14106 |

Opposition to Motions *in Limine*
CASE NO. 2:18−cv−00659−JLR

# Table of Contents

PAGE

I. DEFENDANTS' MOTION IN LIMINE NO. 1 SHOULD BE DENIED ............... 1

    A. The UL Listings Are Relevant ................................................................. 1

        1. Legal Standard ............................................................................. 1

        2. The UL Listings Are Probative Evidence of Direct Infringement ... 2

        3. Defendants Have Consistently Argued the UL Listings Are Relevant ....................................................................................... 4

    B. The UL Listings Are Not Hearsay ............................................................. 5

        1. Legal Standard ............................................................................. 5

        2. The UL Listings Are Not Offered for the Truth of the Matter Asserted ....................................................................................... 6

        3. The UL Listings Qualify as Hearsay Exceptions ........................... 6

II. DEFENDANTS' MOTION IN LIMINE NO. 2 SHOULD BE DENIED ............... 8

    A. Defendants Have Failed to Identify What Arguments Should Be Excluded .................................................................................................... 8

    B. Plaintiffs Have Sufficiently Disclosed Their Arguments for Infringement in Their Infringement Contentions ........................................................... 8

    C. Cases Relied Upon by Defendants are Distinguishable ........................... 10

III. DEFENDANTS' MOTION IN LIMINE NO. 3 SHOULD BE DENIED ............. 11

IV. CONCLUSION ................................................................................................. 12

# Table of Authorities

**Cases**                                                                                             PAGE(S)

*ASUS Computer Int'l v. Round Rock Research, LLC*,
    2014 WL 1463609 (N.D. Cal. 2014) ........................................................................ 11

*Daubert v. Merrell Dow Pharm., Inc.*,
    509 U.S. 579 (1993) ..................................................................................................... 1

*Dynetix Design Solutions, Inc. v. Synopsys, Inc.*,
    2013 WL 4537838 (N.D. Cal. 2013) ........................................................................ 10

*Holmberg v. Stealth Cam, LLC*,
    2014 WL 1584484 (D. Minn. 2014) .................................................................. 10, 11

*Miller v. Kowa Am. Corp.*,
    2016 WL 6102315 (C.D. Cal. Oct. 18, 2016) ............................................................ 8

*Thompson v. City of Chicago*,
    472 F.3d 444 (7th Cir. 2006) ...................................................................................... 1

*Yousefi v. Delta Elec. Motors, Inc.*,
    2015 WL 11217257, at *2 (W.D. Wash. May 11, 2015) .......................................... 8

***Rules***                                                                                             PAGE(S)

Federal Rule of Evidence 401 ........................................................................................... 1

Federal Rule of Evidence 801 ........................................................................................... 5

Federal Rule of Evidence 803(6) ............................................................................... 5, 6, 7

Federal Rule of Evidence 803(17) ................................................................................ 5, 7

Federal Rule of Evidence 807 ....................................................................................... 6, 7

Plaintiffs California Expanded Metal Products Company ("CEMCO") and ClarkWestern Dietrich Building Systems, LLC ("ClarkDietrich") (collectively, "Plaintiffs") respectfully submit the following Oppositions to Defendants James A. Klein, BlazeFrame Industries, Ltd., and Safti-Seal, Inc.'s (collectively, "Defendants") Motions *in Limine* Nos. 1 – 3 (Dkt. #119). For the reasons below, the Court should deny all three *in limine* motions.

## I.   DEFENDANTS' MOTION IN LIMINE NO. 1 SHOULD BE DENIED

Defendants' Motion *in Limine* No. 1 seeks to exclude Plaintiffs' use of Underwriter Laboratories ("UL") Listings as evidence of literal infringement. Defendants argue that the UL Listings are not relevant and that they are hearsay. (Dkt. #119 at 1-2.) As explained below, the UL Listings are critical evidence of how the Safti-Strip and Safti-Frame products ("Accused Products") are used to build wall assemblies that infringe the Asserted Patents. Additionally, Defendants have admitted to their knowledge that customers have used the UL Listings to build assemblies to the standards set forth in the UL Listings.

### A.   The UL Listings Are Relevant

#### 1.   Legal Standard

Pursuant to Federal Rule of Evidence ("FRE") 401, "[e]vidence is relevant if: (1) it has a tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action." (Fed. R. Evid. 401.) The Supreme Court teaches that "[t]he Rule's basic standard of relevance [] is a liberal one." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 587 (1993); *see also*, *Thompson v. City of Chicago*, 472 F.3d 444, 453 (7th Cir. 2006) ("To be relevant, evidence need not conclusively decide the ultimate issue in a case, nor make the proposition appear more probable, but it must in some degree advance the inquiry." (internal quotations omitted)).

//

//

**2.     The UL Listings Are Probative Evidence of Direct Infringement**

The UL Listings are highly probative evidence of both direct and indirect infringement. First, the UL Listings are probative evidence of direct infringement because the UL Listings show how the Accused Products are required to be assembled as claimed in the Asserted Patents. As stated by Klein himself in his June 3, 2019 Declaration, it is not disputed that the Accused Products are assembled in accordance with the UL Listings to "ensure construction products comply with building codes, including fire safety." (Dkt. #104-3, ¶ 7.) Klein testified during deposition how his customers use the UL Listings:

> Q. You provide -- you get UL ratings, correct? UL -- you test your products in a particular assembly, correct?
> A. I have.
> Q. Okay. And what do you do with that information?
> A. Pay for UL, if it's done at UL, to create a listing, which they post on their website.
> Q. Okay. And that listing assists you in selling your products, correct?
> A. It gives the customer a certain amount of satisfaction, yeah.
> Q. And the listing describes the particular configuration for when it's in- -- how it should be installed in a product to fall within the listing, correct? Strike that. **The listing describes the configuration in which your product should be installed in order to be covered by the listing, right?**
> **A. It describes how it should be installed in order to meet that assembly, yes.**
> Q. All right. And so when you sell your products, **you inform your customers of what listing the product covers, right?**
> A. **Yeah. As support for the product, yes.**
> Q. Right. And so they're buying it because they intend to install it according to the listing, correct?
> MR. BAGEANT: Objection to speculation.
> THE WITNESS: I can't tell you why they buy it. I mean, I can't speak for them, but . . .
> BY MR. TROJAN:
> **Q. But that's how you market it? You market it using the listings, right?**
> **A. As one avenue, yes.**

(Klein Deposition at 66:4-67:14.)

TROJAN LAW OFFICES
BEVERLY HILLS

Hence, Klein markets his products using his UL Listings to induce his customers to build assemblies described in the UL Listings, which also infringe the Asserted Patents. Additionally, Klein also testified during deposition that he knew customers used the UL Listings, which he spent thousands of dollars on, to build the assemblies. Specifically, Klein stated:

> Q. Okay. Why does Safti-Seal spend hundreds of thousands of dollars to test those wall assemblies?
> A. To get a UL third-party certification.
> Q. Why?
> A. To make customers comfortable with the fact that it's been tested by an independent third party; that our material provides a continuation of the wall assembly to the substrate.

(*Id.* at 378:13-21.) Klein then stated:

> Q. Let me rephrase the question.
> Your customers want to know that your Safti-Seal products, be they Safti-Strip or Safti-Frame, will work in a head-of-wall assembly that has to have fire-stopping capability?
> MR. BAGEANT: Object to the form.
> THE WITNESS: Amongst others, yes.
> BY MS. SCHOEN:
> Q. Okay. **You know that at least some of your customers are using your product in a head-of-wall assembly in fire -- for fire-rated situations, correct?**
> **A. Yes, I do.**

(*Id.* at 380:9-21.)

The construction of a head-of-wall assembly using the Accused Products in accordance with the UL Listings would result in an assembly that infringes the Asserted Patents. This is because the UL Listings require all the components to be assembled as claimed in the Asserted Patents. An exemplary figure of the '365 Patent and exemplary configuration of one of the UL Listings is reproduced below:

| The '365 Patent | UL XHBN - Joint Systems System No. HW-D-0498 |
|---|---|
| *Fig. 3A* | |
| Fig. 3A shows an exemplary embodiment of the fire retardant dynamic head-of-wall assembly of the '365 Patent | This UL Listing configuration generally shows each of the elements shown in Fig. 3A of the '365 Patent. |

(*See also* Trojan Decl., Ex. 1: Chart showing each claim element present in the above UL Listing.)

Second, the UL Listings are also probative evidence of indirect infringement. Defendants Klein and Safti-Seal provide the UL Listings to their customers so that the customers can construct head-of-wall assemblies that infringe the Asserted Patents and knowing that the construction would infringe the Asserted Patents. As such, the UL Listings are probative of Klein and Safti-Seal's intent to induce infringement and/or contribute to the infringement of the Asserted Patents. The UL Listings are probative of direct infringement because they show how Defendants' customers assemble the components to comply with fire-safety codes, which also results in an infringing assembly.

Therefore, the UL Listings are relevant under FRE 401.

### 3. Defendants Have Consistently Argued the UL Listings Are Relevant

Indeed, it is disingenuous for Defendants to argue that the UL Listings are not relevant to infringement when they themselves have repeatedly relied on the UL Listings throughout this litigation to dispute infringement. For example, Defendants relied upon the UL Listings in:

- Amended Answer (Dkt. #71 at 8-9: "list[ing] its products under third-party certifications/listings (e.g. UL listings) as conditions precedent to receiving royalties");

- First Motion for Summary Judgment (Dkt. #72 at 1-2: "Underwriter Laboratories ('UL'), a third-party entity that functions as a gateway to the market by testing all parties' products for life safety and compliance with building codes");

- Defendants' Reply in support of their Motion for Partial Summary Judgment (Dkt. #85 at 11: "Defendants' products 'result' in a slower transfer of heat through the wall, as proven by the fact that it passes current UL standards"); and,

- Defendants' Cross-Motion for Summary Judgment (Dkt. #104 at 16: "The invention in the patents-in-suit does not . . . pass fire testing standards by Underwriter Laboratories, whereas the accused products do"), among other filings in this litigation. (*See also* Dkt. # 40-1 at 1, Dkt. #110 at 6.)

As recently as June 3, 2019, Klein relied upon the UL Listings in his declaration for comparing Defendants Products to Plaintiffs Products.[1] (Dkt. #104-3, ¶¶ 7-8, 10, 14-15.) To this day, Defendants' website explicitly states that the Accused Products are "Certified to UL 2079 5th Edition," and provides "UL Classified Assemblies and Listings" on their homepage. (Trojan Decl., Ex. 2.) Hence, Defendants cannot now flip-flop and argue that these same UL Listings are somehow suddenly irrelevant to infringement. To the extent there is any dispute as to the relevancy of the UL Listings, such a dispute goes to the weight of the evidence, not its admissibility.

### B. The UL Listings Are Not Hearsay

#### 1. Legal Standard

FRE 801 defines hearsay as a statement made out of court offered "to prove the truth of the matter asserted in the statement." (Fed. R. Evid. 801(c).) FRE 803 provides exceptions to the rule against hearsay, which includes exceptions for records of regularly conducted activities and market reports and similar commercial publications. (Fed. R. Evid. 803(6), 803(17).) Additionally, FRE

---

[1] This argument was determined irrelevant based upon the Court's Summary Judgment Order. (Dkt. #117 at 21:11-13.)

TROJAN LAW OFFICES
BEVERLY HILLS

807(a) provides a residual exception, where hearsay will not be excluded if the statement (1) "has equivalent circumstantial guarantees of trustworthiness," (2) "is offered as evidence of a material fact," (3) is more probative for which it is offered than any other evidence that can be obtained through reasonable efforts, and (4) "admitting it will best serve the purposes of these rules and the interests of justice." (Fed. R. Evid. 807(a).)

### 2.     The UL Listings Are Not Offered for the Truth of the Matter Asserted

The UL Listings are not hearsay because they are not offered for the truth of the matter asserted in them. The UL Listings sets forth the specifications for passing certain fire-safety regulations. Plaintiffs do not intend to offer the UL Listings for this purpose. Whether a wall assembly passes UL certified fire-safety standards is irrelevant to the infringement of the Asserted Patents. Rather, Plaintiffs intend to offer the UL Listings as evidence that Klein and Safti-Seal instructed their consumers to build wall assemblies that necessarily resulted in infringement of the Asserted Patents. Since the UL Listings are not offered to prove that the Accused Products were fire rated, but rather, to show how the Accused Products are used to build wall assemblies, they are not hearsay.

### 3.     The UL Listings Qualify as Hearsay Exceptions

Regardless, the UL Listings qualify for one or more of the hearsay exceptions under FRE 803. Specifically, the UL Listings are admissible as records of regularly conducted activities under FRE 803(6) and/or as a commercial publication under FRE 803(17). At minimum, the UL Listings are admissible under the residual hearsay exception of FRE 807.

Under FRE 803(6), records of regularly conducted activity are not excluded by the rule against hearsay. (Fed. R. Evid. 803(6).) A record will be admissible if it was (a) made at or near the time by someone with knowledge, (b) is kept in the course of regularly conducted activities of a business, (c) the creation of the record was a regular practice, (d) these conditions are shown by testimony of the custodian or other qualified witness, and (e) the opponent does not show the source

of the information indicates a lack of trustworthiness. (*Id.*)  Here, there is no dispute that the UL Listings are the official records of UL.  As noted, Defendants themselves regularly rely on the UL Listings in their product advertisements and throughout this litigation.[2]  Therefore, the UL Listings are admissible under FRE 803(6).

The UL Listings are also admissible under 803(17), which permit "[m]arket quotations, lists, directories, or other compilations that are generally relied upon by the public or persons in particular occupations." (Fed. R. Evid. 803(17).)  The UL listing are compilations of instructions that are relied upon by contractors in the course of their occupations, as Klein states this in his June 3, 2019 Declaration.  (Dkt. #104-3; ¶ 7: "[UL] is a third-party testing entity that ensures construction products comply with building codes, including fire safety.")

At the very least, the UL Listings are admissible under FRE 807.  First, the UL Listings are trustworthy because they come from UL.  Second, the UL Listings are offered as evidence of a material fact, namely, whether Defendants instruct end-users of the Accused Products to construct these assemblies in a manner that infringes the Asserted Patents.  Third, the UL Listings are the most probative evidence of how contractors are instructed to construct these assemblies than any other evidence that can be obtained through reasonable efforts (as it is unfeasible to provide evidence of actual inspection of hundreds of construction cites).[3]  Fourth, admitting the UL Listings would best serve the interest of justice because Defendants themselves have repeatedly relied upon the UL Listings throughout the litigation.[4]

Therefore, Defendants' Motion *in Limine* No. 1 should be denied.

////

---

[2] *See* discussion *supra* Part I.A.3.
[3] *See* discussion *supra* Part I.A.2.
[4] *See* discussion *supra* Part I.A.3.

Opposition to Motions *in Limine*    -7-
CASE NO. 2:18−cv−00659−JLR

TROJAN LAW OFFICES
BEVERLY HILLS

## II. DEFENDANTS' MOTION IN LIMINE NO. 2 SHOULD BE DENIED

Defendants Motion *in Limine* No. 2 seeks to exclude Plaintiffs' infringement arguments that they contend are not disclosed in Plaintiffs' Infringement Contentions "because allowing undisclosed arguments at trial is severely prejudicial." (Dkt. #119 at 2:23.) After nearly two years of litigation (not to mention the two previous litigations) and two rounds of summary judgment filings, it is disingenuous for Defendants to feign ignorance of the infringement issues in the case. Additionally, unlike the case law relied upon by Defendants, Plaintiffs have not introduced any new theories of infringement, no new expert arguments, and no new claims of infringement that Defendants would not have been on notice of.

### A. Defendants Have Failed to Identify What Arguments Should Be Excluded

As an initial matter, it is not clear what concrete evidence Defendants seek to exclude in Motion *in Limine* No. 2. Judge Lasnik of this District admonished that a "Plaintiff may not seek a dispositive ruling in the guise of a motion in limine." *Yousefi v. Delta Elec. Motors, Inc.*, No. C13-1632RSL, 2015 WL 11217257, at *2 (W.D. Wash. May 11, 2015); *see also Miller v. Kowa Am. Corp.*, No. 215CV05671CASEX, 2016 WL 6102315, at *4 (C.D. Cal. Oct. 18, 2016) ("[M]otions in limine should not be used as disguised motions for summary judgment.") (emphasis original). That is what Defendants seek to do here. Defendants have not identified any *evidence* or specific argument that was allegedly not contained in the Infringement Contentions that they wish to exclude. (Dkt. #119 at 2.) Instead, Defendants make a vague and broad request to exclude "any argument for infringement not set forth in Plaintiffs' infringement contentions." (*Id.*) This is an improper motion *in limine*.

### B. Plaintiffs Have Sufficiently Disclosed Their Arguments for Infringement in Their Infringement Contention

Nonetheless, Motion *in Limine* No. 2 is without merit because Plaintiffs' Infringement Contentions provide more than sufficient notice of the infringement claims Plaintiffs intend to

pursue at trial. Plaintiffs' Infringement Contentions identify each product that infringes the Asserted Patents, providing a complete claim-by-claim infringement analysis for a representative product. (*See generally* Dkt. #103-5.) Plaintiffs provided Defendants with detailed infringement contentions by showing how each element of each claim of each Asserted Patents read onto a representative product of the Safti-Seal product line. (*Id.* at 7-57.) Plaintiffs also provided a complete list of each product that is accused to be infringing, and explained that the contentions for the exemplary product applies to the other products. (*Id.* at 1-7.) Plaintiffs recognize that, as the Court stated, the "infringement contentions are, *for summary judgment purposes*, woefully imprecise" and that "despite a good-faith effort, the court cannot determine which of the accused metal track products allegedly infringe all elements of the asserted claims.)" (Dkt. #117 at 24:16-19 (*emphasis added*).) However, given that Klein himself used to own the Asserted Patents, sold them to CEMCO as part of the settlement of the prior litigation, and knows exactly how each of his accused products function in line with the representative product, Defendants understood full well how the patent claims applied to all the products. Therefore, Defendants are sufficiently on notice of how each claim of the Asserted Patents reads onto each accused product in line with the representative product disclosed in the Infringement Contentions.

Indeed, when Defendants moved for summary judgment (twice), they did not raise any concerns about not knowing what they are being accused of infringing. The whole of their non-infringement defense throughout this entire case has always been focused on the narrow argument that the Accused Products do not infringe because they contain the "thermal barrier," which the Court has roundly rejected. (*Id.* at 23:7-16.) Defendants focused on the "thermal barrier" because this is the only feature in the Accused Products that is different from the old BlazeFrame products, products made by Defendants and covered by the Asserted Patents. As Defendants themselves admitted in their Answer, the only difference between the "Safti-Seal products and any products covered by the Patents in suit [is] that the Safti-Seal products have the *intumescent strip attached*

*to a thermal barrier* and not to the sidewall of the header track." (Dkt. #71 at ¶16.) Defendants reiterated this in their prior motion for summary judgment:

> Plaintiffs and Defendants thus both apply competing fire safety strips onto metal header tracks. Plaintiffs' product is an intumescent strip in the form of a self-adhering 'tape' …, **whereas Defendants' product is also a tape product but, unlike Plaintiffs', it consists of an intumescent material glued onto a strip of a thermal insulating material (thermal barrier).**

(Dkt. #72 at 14:3-8 (emphasis added); Dkt. #72-1 at ¶12.) The Court itself noted this. (Dkt. #89 at 5:14-20.) Thus, Defendants knew full well from the Infringement Contentions how the Asserted Patents read on the Asserted Products.

Though the Court found that Plaintiffs did not satisfy their burden to show infringement for summary judgment purposes by relying on the Infringement Contentions (Dkt. #117 at 24:6-9), this does not mean that Plaintiffs should be precluded from making their case for infringement at trial. Defendants cannot now, on the eve of trial, feign ignorance of what Plaintiffs contend in their Infringement Contentions.

**C.    Cases Relied Upon by Defendants are Distinguishable**

Defendants' cited cases are distinguishable from the facts of this case. (Dkt. #119 at 3.) First, Defendants rely on *Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, 2013 WL 4537838, *1 (N.D. Cal. 2013). Defendants argue that in *Dynetix* the patentee was precluded from certain infringement theories because their boilerplate contentions had not sufficiently disclosed those theories. (*Id.*) However, the patentees in *Dynetix* were precluded from specifically arguing Doctrine of Equivalents theories, which had not been disclosed (until patentee's Expert Report was served, and relied on a means-plus-function claim that patentee failed to request the Court to construe). (*Id.* at 1-2.) Here, Plaintiffs are not introducing any new theory of infringement.

Next, Defendants rely upon *Holmberg v. Stealth Cam, LLC*, 2014 WL 1584484, *6 (D. Minn. 2014) where the infringement theories presented in an expert's report were stricken because they were not present in the infringement contentions. *Holmberg* at *6. Specifically, the defendants

Opposition to Motions *in Limine*            -10-
CASE NO. 2:18−cv−00659−JLR

in *Holmberg* sought to exclude arguments relating to indirect infringement and infringement under the Doctrine of Equivalents because "[Plaintiffs] claim chart does not contain any suggestion that [Plaintiff] intended to assert indirect infringement, inducement of infringement, or a theory under the doctrine of equivalents." (*Id.* at *5.)   Here, again, Defendants have not shown that Plaintiffs are relying on any new theory of infringement.

Lastly, Defendants rely upon *ASUS Computer Int'l v. Round Rock Research, LLC*, 2014 WL 1463609, *3-4 (N.D. Cal. 2014) to state that patentee's theories of indirect infringement were stricken because they were not adequately disclosed in the infringement contentions. *ASUS* at *3-4. The Court in *ASUS* specifically noted, "[a]lthough [patentee] did not need to provide detailed evidence of its infringement contentions supporting this theory of indirect infringement, it did need to specifically include the theory. It cannot clarify its theory at this late stage of the litigation through an expert report." (*Id.* at *4.)   Again, Plaintiffs are not introducing any new theory of infringement.

For all of the foregoing reasons, Defendants Motion *in Limine* No. 2 should be denied.

### III.   DEFENDANTS' MOTION IN LIMINE NO. 3 SHOULD BE DENIED

In Motion *in Limine* No. 3, Defendants "ask[] the Court to enforce its prior summary judgment order by excluding evidence or argument on claims that have been dismissed" by, in particular, "exclud[ing] evidence and argument that the Defendants' metal track products infringe any patent literally." (Dkt. #119 at 4:15-17.)   Again, Defendants' motion is improper because it does not identify specific evidence to be excluded.   Additionally, the Court during the Pretrial Conference stated that the proper way to resolve this issue is to file a Motion for Clarification on the Summary Judgment Order, which Plaintiffs promptly filed on November 14, 2019. (*See* Dkt. #127.)

As explained in Plaintiffs' motion for clarification, the asserted claims at issue include more than just those claims with the wallboard and stud limitations. (*Id.*)   In their motion, Plaintiffs

Opposition to Motions *in Limine*                -11-
CASE NO. 2:18−cv−00659−JLR

asserted claim 12 of the '718 Patent and claim 6 of the '314 Patent, which are directed to a U-shaped metal track product. (Dkt # 103-2, at 14; 103-3, at 13.) In other words, claim 12 of the '718 Patent and claim 6 of the '314 Patent do not require studs and wallboard. Therefore, other than claim 1 of the '365 Patent, claim 1 of the '718 Patent, and claim 1 of the '526 Patent, which as the court pointed out, require wallboard and sheet-metal studs, the metal track products still may directly infringe the remaining claims of the Asserted Patents that do not have those requirements, such as claim 12 of the '718 Patent and claim 6 of the '314 Patent. (Dkt. #117 at 24:22-25:2.)

Once the Court clarifies the Summary Judgment order in response to Plaintiffs' Motion for Clarification, this Motion *in Limine* No. 3 will be rendered moot. This holds true regardless of how the Court rules on the Motion for Clarification. Therefore, the Court should deny Defendants' Motion *in Limine* No. 3 as moot in view of the pending Motions for Clarification.

## IV.   CONCLUSION

For all of the foregoing reasons, the Court should DENY Defendants' Motions *in Limine* Nos. 1 through 3.

 

Respectfully submitted,

TROJAN LAW OFFICES

by

November 18, 2019    /s/ R. Joseph Trojan
R. Joseph Trojan *(pro hac vice)*
9250 Wilshire Blvd.
Beverly Hills, CA
Attorney for Plaintiff,
CALIFORNIA EXPANDED METAL PRODUCTS COMPANY

November 18, 2019    /s/ Brian G. Bodine
Brian G. Bodine (WSBA No. 22414)
LANE POWELL PC
1420 Fifth Avenue, Suite 4200

The Honorable James L. Robart

|   |   |
|---|---|
|   | Seattle, WA 98111 |
|   | Telephone: 206-223-7000 |
|   | Attorney for Plaintiff, |
|   | CALIFORNIA EXPANDED METAL PRODUCTS COMPANY |
| November 18, 2019 | /s/ Ann G. Schoen |
|   | Ann G. Schoen *(pro hac vice)* |
|   | FROST BROWN TODD LLC |
|   | 301 East Fourth Street, Suite 3300 |
|   | Cincinnati, OH 45202 |
|   | Telephone: 513-651-6128 |
|   | Attorney for Plaintiff, |
|   | CLARKWESTERN DIETRICH BUILDING SYSTEMS LLC |
| November 18, 2019 | /s/ Robert J. Carlson |
|   | Robert J. Carlson (WSBA No. 18455) |
|   | LEE & HAYES PLLC |
|   | 701 Pike Street, Suite 1600 |
|   | Seattle, WA 98101 |
|   | Telephone: 206-876-6029 |
|   | Attorney for Plaintiff, |
|   | CLARKWESTERN DIETRICH BUILDING SYSTEMS LLC |

# CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of November, 2019, I caused to have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

tjl@elamburke.com

thomas@seattlepatentlaw.com

pbageant@hollystonelaw.com

bob@leehayes.com

bodineb@lanepowell.com

JKersting@fbtlaw.com

ASchoen@fbtlaw.com

TROJAN LAW OFFICES

by

/s/ R. Joseph Trojan
R. Joseph Trojan *(pro hac vice)*
9250 Wilshire Blvd.
Beverly Hills, CA
Attorney for Plaintiff,
CALIFORNIA EXPANDED
METAL PRODUCTS COMPANY