UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CALIFORNIA EXPANDED METAL PRODUCTS COMPANY, et al.,<br><br>  Plaintiffs,<br>  v.<br><br>JAMES A. KLEIN, et al.,<br><br>  Defendants. | CASE NO. C18-0659JLR<br><br>ORDER ON PLAINTIFFS' MOTION FOR CLARIFICATION |

At the November 13, 2019, pretrial conference in this case, Plaintiffs California Expanded Metal Products Company and Clarkwestern Dietrich Building Systems LLC (collectively, "Plaintiffs") informed the court that a dispute had arisen between the parties about the proper interpretation of the court's August 14, 2019, summary judgment order. (*See generally* 11/13/19 Dkt. Entry (Dkt. # 125); *see also* 8/14/19 Order (Dkt. # 117).) The court invited the parties to file a motion for clarification if they wanted the court to weigh in on that dispute. (*See generally id.*) Plaintiffs filed a motion for clarification the

following day.  (*See* MFC (Dkt. # 127).)  That motion is currently before the court.  (*See id.*)  Defendants James A. Klein, Safti-Seal, Inc., and BlazeFrame Industries Ltd. (collectively, "Defendants") filed a response.  (Resp. (Dkt. # 132).)  Pursuant to a court order, Plaintiffs did not file a reply.  (*See* 11/15/19 Order.)

A.     **The Parties' Positions**

Plaintiffs indicate that the parties' dispute centers on the court's ruling on Plaintiffs' direct patent infringement claims.  (*See* MFC at 2 ("The parties do not agree on the scope of the Court's ruling related to direct infringement . . . .").)  Specifically, Plaintiffs direct the court to one sentence in the court's summary judgment order at the end of section on Plaintiffs' direct infringement claims where the court states:  "The court therefore DENIES in part Plaintiffs' motion for summary judgment of literal infringement and GRANTS in part Defendants' motion on that claim."  (*See id.* (citing 8/14/19 Order at 25).)  Plaintiffs ask the court to clarify "what 'part' of Defendants' motion [for cross-summary judgment] did the Court grant."  (*See id.*)  The thrust of Plaintiffs' argument is that the court's order did not grant summary judgment in Defendants' favor on Plaintiffs' direct infringement claims.  (*See id.* at 2-5.)

Defendants' agree with Plaintiffs that the parties' dispute is over what the court meant when it ruled:  "The court therefore DENIES in part Plaintiffs' motion for summary judgment of literal infringement and GRANTS in part Defendants' motion on that claim."  (*See* Resp. at 2 (citing 8/14/19 Order at 25).)  Defendants argue, however, that there is no need for clarification because "[t]he Court ruled (in a clear way) that Plaintiffs had failed to produce evidence sufficient to support a finding that each accused

track product met each element of the asserted patent claims, and it therefore granted Defendants' summary judgment motion of no literal infringement." (*See id.* at 5 (citing 8/14/19 Order at 24-25); *see also id.* at 8 ("The Court has ruled that no claim for literal infringement by any track product remains in the case." (citing 8/14/19 Order at 25).)

**B.     Analysis**

When the court's order is read as a whole, the scope of the court's ruling on direct infringement is clear.  As it pertains to direct infringement, the order proceeded in two distinct parts.  First, the court found, as a matter of law, that the accused metal track products include an "intumescent strip" that is "affixed . . . on" the sidewall surface within the meaning of the Patents.  (*See* 8/14/19 Order at 17-23, 25.)  Thus, the court granted Plaintiffs' motion for summary judgment on that issue and denied Defendants' cross motion on that issue.  (*See id.* at 25.)  Neither party disputes that portion of the summary judgment order.  (*See generally* MFC; Resp.)

Second, the court considered whether Plaintiff had proven that each of Defendants' accused products includes every limitation of the asserted patent claims. (*See id.* at 23-25.)  The court noted that resolution of the dispute over whether the metal track products included an "intumescent strip" that is "affixed on" the sidewall surface resolved only one of the limitations of the asserted claims and that "[a] plaintiff claiming patent infringement bears the burden of proving that each accused product includes every limitation of an asserted claim or an equivalent of each limitation." (*See id.* at 23-24 (citing *L & W, Inc. v. Shertech, Inc.*, 471 F.3d 1311, 1318 (Fed. Cir. 2006).)  On the remaining claim elements, the court agreed with Defendants that Plaintiffs' motion was

inadequately supported. (*See id.* at 24-25 ("Plaintiffs' infringement contentions are, for summary judgment purposes, woefully imprecise: despite a good-faith effort, the court cannot determine which of the accused metal track products allegedly infringe all elements of the asserted claims.").) Thus, the court concluded that "[i]n view of these deficiencies, the court finds that Plaintiffs have failed to satisfy their burden to show that there is no genuine dispute of material fact that the accused metal track products include the remaining limitations of the asserted claims." (*Id.* at 25.) Or, stated otherwise, "[t]he court further finds that Plaintiffs fail to adduce sufficient evidence to establish that the accused metal track products meet the remaining limitations of the asserted claims." (*Id.*)

When the court's order is read as a whole, it is clear that the court ruled that Plaintiffs failed to satisfy their summary judgment burden on the remaining limitations of the asserted claims. (*See id.* at 23-25.) In fact, the court specifically stated that

> Defendants argue that Plaintiffs' infringement contentions "do nothing more than recite in conclusory fashion that all Safti-Seal products infringe all claims, without actually identifying how and where," and that this approach cannot carry Plaintiffs' summary judgment burden. (Defs. MSJ/Resp. at 7.) The court agrees with Defendants.

(8/14/19 Order at 24.) The portion of Defendants' response and cross-motion that the court cited and agreed with noted that "a patentee must prove that each product, or model of product, it accuses of infringement actually meets all of the limitations of the claims it asserts" and then argued that "Plaintiffs Motion falls far short of this standard," which meant that they had not shown "enough to obtain summary judgment." (*See* Defs. MSJ/Resp. (Dkt. # 104) at 7-8.) As the court explicitly stated, the argument at issue was whether Plaintiffs had met "their burden to show that there is no genuine dispute of

material fact that the accused metal track products include the remaining limitations of the asserted claims," and the court concluded that Plaintiffs' motion should be denied because they failed to carry that burden. (*See* 8/14/19 Order at 25.)

Defendants' conclusion that the second portion of the court's order on the remaining claim elements "ruled that no claim for literal infringement by any track product remains in the case" (*see* Resp. at 5-8) is not reasonable. Defendants are well-aware that Plaintiffs' failure to meet their summary judgment burden on direct infringement is not the equivalent of Defendants meeting their burden on their cross-motion for summary judgment against Plaintiffs' direct infringement claims. (*See* Defs. MSJ/Resp. (Dkt. # 104) at 4 ("Summary judgment of noninfringement may be granted if, after viewing the facts in the light most favorable to the nonmovant and drawing all inferences in the nonmovant's favor, there is no genuine issue whether patent claims encompass the accused device.").) The second portion of the court's order that Defendants are trying to leverage certainly did not conclude that there were no genuine disputes of material fact on Plaintiffs' direct infringement claims, such that no rationale trier of fact could find in Plaintiffs' favor on direct infringement. (*See* 8/14/19 Order at 23-25.) To the contrary, the court explicitly stated that the court "DENIES Defendants' cross-motion for summary judgment of no literal infringement" (*see id.* at 25), making Defendants' claim that the court "granted Defendants' summary judgment motion of no literal infringement" (*see* Resp. at 5) nonsensical and disingenuous.

To ensure no further confusion, the court will issue an amended order pursuant to Federal Rule of Civil Procedure 60(a). Rule 60(a) permits the court to "correct a clerical

mistake . . . arising from oversight . . . whenever one is found in a[n] . . . order." Fed. R. Civ. P. 60(a). Further, "[t]he court may do so . . . on its own, with or without notice." *Id.* As relevant here, Rule 60(a) "allows a court to clarify a judgment in order to . . . reflect the necessary implications of the original order, [or] to ensure that the court's purpose is fully implemented." *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1298 (9th Cir. 2014) (citing *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012)). Clarifications pursuant to Rule 60(a) are appropriate so long as the clarifications do not change an order's "operative, substantive terms," and are instead done to maintain "fidelity to the intent behind the original judgment." *See Garamendi*, 683 F.3d at 1078-80.

To correct its clerical mistake, the court will amend the sentence beginning at page 25, line 14 and ending at page 25, line 16 of the court's August 14, 2019 summary judgment order from:

> The court therefore DENIES in part Plaintiffs' motion for summary judgment of literal infringement and GRANTS in part Defendants' motion on that claim.

to:

> The court therefore DENIES in part Plaintiffs' motion for summary judgment of literal infringement.

The court will also amend the sentence beginning at page 43, line 14 and ending and page 43, line 17 of the court's August 14, 2019 summary judgment order from:

> The court therefore GRANTS in part and DENIES in part Plaintiffs' motion for summary judgment of direct infringement, induced infringement, and contributory infringement and GRANTS in part and DENIES in part Defendants' motion with respect to those claims.

to:

The court therefore GRANTS in part and DENIES in part Plaintiffs' motion for summary judgment of direct infringement, induced infringement, and contributory infringement and DENIES Defendants' motion with respect to those claims.

These amendments maintain fidelity to the intent behind the court's original order. *See Garamendi*, 683 F.3d at 1078-80. No other amendments to the order are necessary. Plaintiffs' claims for direct and indirect infringement remain in the case, subject to the terms of the court's summary judgment order as amended.[1]

Dated this 22nd day of November, 2019.

JAMES L. ROBART
United States District Judge

---

[1] The court also notes that, based on Plaintiffs' motion for clarification, it appears as though Plaintiffs may no longer intend to assert at trial that "the Safti-Frame product . . . directly infringe[s] any of the asserted claims that are directed to head-of-wall assemblies (*i.e.,* those claims requiring studs and wallboard, among other things)." (*See* MFC at 3-4.) If that is indeed the case, the court encourages the parties to so stipulate in order to narrow the issues for trial.