UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CALIFORNIA EXPANDED METAL PRODUCTS COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES A. KLEIN, et al., <br><br> Defendants. | CASE NO. C18-0659JLR <br><br> ORDER ON DEFENDANTS' MOTIONS IN LIMINE |

## I. INTRODUCTION

Before the court are motions *in limine* brought by Defendants James A. Klein, Safti-Seal, Inc., and BlazeFrame Industries Ltd. (collectively, "Defendants"). (MIL (Dkt. # 119).) Plaintiffs California Expanded Metal Products Company and Clarkwestern Dietrich Building Systems LLC (collectively, "Plaintiffs") filed a response. (Resp. (Dkt. # 129).) The court has considered the parties' submissions, the relevant portions of the

//

record, and the applicable law.[1]  Being fully advised, the court addresses each of Defendants' motions in turn.

## II. ANALYSIS

### A. Motion to Exclude Underwriter Laboratory Listings as Evidence of Literal Infringement

Defendants move to exclude "argument and testimony that states or implies that Underwriter Laboratories ('UL') listing documents describe actual acts of infringement, or that invite the jury to infer from them that actual infringement has occurred." (MIL at 1.) Defendants argue that UL listings are irrelevant to Plaintiffs' literal infringement claims, confusing to the jury, and inadmissible hearsay. (*See id.* at 1-2.)

The UL listings are relevant and the court will not exclude them at this time on the grounds that they will be confusing to the jury. Irrelevant evidence may be excluded under Federal Rule of Evidence 402. Fed. R. Evid. 402. Under Rule 401, evidence is relevant if it would make a fact of consequence to the determination of the action more or less probable. Fed. R. Evid. 401. Under Rule 403, the court has discretion to exclude relevant evidence if its probative value is outweighed by risk of unfair prejudice, confusion, or other considerations. Fed. R. Evid. at 403.

The UL listings are relevant to Plaintiffs' infringement claims because the listings show how the Safti-Strip and Safti-Frame products may be assembled and installed in the marketplace. (*See* Resp. at 2-4.) Defendants may be correct that there is no evidence that

---

[1] Plaintiffs request oral argument on Defendants' motions (*see* Resp. at 1), but the court has determined that oral argument would not be of assistance in deciding the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4). Thus, the court DENIES Plaintiffs' request for oral argument.

users of Safti-Strip and Safti-Frame products follow the UL guidelines when assembling and installing those products. (*See* MIL at 1-2.) But that argument goes to the weight that the jury should give to the UL listings, not their admissibility. At this time, the court is also not convinced that the jury will be confused by the UL listings, and in any event, Defendants may seek a limiting instruction. For these reasons, the court will not exclude this evidence as irrelevant or confusing but reserves the right to limit this evidence if it becomes cumulative, confusing, or unfairly prejudicial.

The court reserves ruling on Defendants' hearsay objection to the UL listings. (*See* MIL at 2.) Hearsay is an out of court statement offered for the truth of the matter asserted. Fed. R. Evid. 801(c). Hearsay is inadmissible unless an exception to the hearsay rule applies. *See* Fed. R. Evid. 802. In response to Defendants' hearsay objection, Plaintiffs argue that the statements will not be offered for the truth of the matter asserted, and even if they are offered for the truth, the listings meet the business records exception found in Rule 803(6), the commercial publication exception in 803(17), or the residual hearsay exception in Rule 807. (*See* Resp. at 6-7 (citing Fed. R. Evid. 803(6), 803(17), & 807).)

Hearsay admissibility determinations are highly fact- and context-specific. The court will not summarily rule that UL listings are offered for the truth of the matter asserted until the court sees the context in which Plaintiffs attempt to use the listings. Similarly, the court will not rule that a hearsay exception applies until it determines whether Plaintiffs have laid sufficient foundation to show that the UL listings fall under one of the hearsay exceptions identified in their response to Defendants' motion *in*

1 *limine*. (*See* Resp. at 6-7.) The court can more accurately rule on Defendants' hearsay objections at trial.

Thus, the court DENIES this motion WITHOUT PREJUDICE to presentation at trial.

**B.      Motion to Exclude Undisclosed Infringement Arguments**

Defendants move to exclude "any argument for infringement not set forth in Plaintiffs' infringement contentions." (MIL at 2.) Defendants argue that infringement arguments that were not adequately disclosed in the infringement contentions should be excluded as untimely and prejudicial. (*See id.* at 2-4.)

The court agrees with Plaintiffs that Defendants' motion is too vague. (*See* Resp. at 8.) Defendants fail to specify which infringement contentions or arguments they seek to exclude. (*See* MIL at 2-4.) Absent that information, the court cannot determine whether Plaintiffs' adequately disclosed those contentions or arguments in their infringement contentions or whether Defendants suffered prejudice as a result of Plaintiffs' allegedly inadequate disclosures. Thus, the court will not issue the blanket ruling Defendants seek at this time. If, however, Plaintiffs advance arguments at trial that Defendants believe were not properly disclosed, Defendants may present this objection at trial and the court will address the objection at that time.

Thus, the court DENIES this motion WITHOUT PREJUDICE to presentation at trial.

//

//

### C. Motion to Exclude Argument About Track Products

Defendants move to exclude "evidence and argument that the Defendants' metal track products infringe any patent literally." (MIL at 4.) Defendants argue that the court's summary judgment order granted Defendants' cross-motion for summary judgment on Plaintiffs' literal infringement claims for the metal track products. (*See id.* at 4-5.) The court's order on Plaintiffs' motion for clarification and its amended summary judgment order resolved the issues raised by this motion *in limine*. (*See* 11/22/19 Order (Dkt. # 134); Am. Summ. J. Order (Dkt. # 135).) In those orders, the court clarified that it had not granted Defendants' motion for cross-summary judgment on Plaintiffs' literal infringement claims for the metal track products. (*See* 11/22/19 Order at 4-7.) Thus, this motion *in limine* is DENIED.

### III. CONCLUSION

For the reasons set forth above, the court rules on Plaintiffs' motions *in limine* (Dkt. # 119) as follows:

- Defendants' motion *in limine* to exclude Underwriter Laboratory listings as evidence of literal infringement is DENIED WITHOUT PREJUDICE to presentation at trial;
- Defendants' motion *in limine* to exclude undisclosed infringement arguments is DENIED WITHOUT PREJUDICE to presentation at trial; and

//

//

//

- Defendants' motion *in limine* to exclude argument about track products is DENIED.

Dated this 26th day of November, 2019.

JAMES L. ROBART
United States District Judge