THE HONORABLE JAMES L. ROBART

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CALIFORNIA EXPANDED METAL PRODUCTS COMPANY, et al., <br><br> Plaintiffs, <br> v. <br><br> JAMES A. KLEIN, et al., <br><br> Defendants. | CASE NO. 2:18-cv-00659-JLR <br><br> [PROPOSED] PRETRIAL ORDER |

## JURISDICTION

This Court has personal jurisdiction over Plaintiffs California Expanded Metal Products Company ("CEMCO") and Clarkwestern Dietrich Building Systems LLC ("ClarkDietrich") (collectively "Plaintiffs") because Plaintiffs consented to jurisdiction in this judicial district.

This Court has personal jurisdiction over Defendants James A. Klein, Blazeframe Industries, Ltd., and Safti-Seal, Inc. (collectively "Defendants") because, with respect to BlazeFrame Industries, Ltd., and Safti-Seal, Inc., their principal place of business is located within this judicial district, and with respect to Klein, his domicile is located within this judicial district.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims and counterclaims occurred in this judicial district, and

pursuant to 28 U.S.C. § 1400(b) because Defendants reside in, committed acts of infringement in, and have a regular and established place of business in this judicial district.

Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this case arises under federal law, namely United States patent law, 35 U.S.C. §§ 100 et seq.

Supplemental jurisdiction exists over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

Subject matter jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000.

## CLAIMS AND DEFENSES

The Plaintiffs will pursue at trial the following claims:

1. Patent Infringement – 35 U.S.C. § 1, *et. seq.*

    a. Direct Infringement -- 35 U.S.C. §271(a) -- of Safti-Frame products by SaftiSeal

    b. Induced Infringement – 35 U.S.C. § 271(b) -- of Safti-Frame and Safti-Strip products by SaftiSeal and James Klein

    c. Contributory Infringement – 35 U.S.C. § 271(c) -- of Safti-Frame and Safti-Strip products by SaftiSeal and James Klein

4. Breach of Contract by BlazeFrame Ind. and James Klein

The defendant will pursue the following affirmative defenses and/or claims:

1. No Direct Infringement
2. No Contributory Infringement
3. No Induced Infringement
4. Failure to Join
5. Failure of Causation

TROJAN LAW OFFICES
BEVERLY HILLS

# ADMITTED FACTS

The following facts are admitted by the parties:

1. Klein is the named inventor of the following patents: U.S. Patents No. 7,681,365 ("the '365 Patent"), No. 7,814,718 ("the '718 Patent"), 8,136,314 ("the '314 Patent"), and No. 8,151,526 ("the '526 Patent") (collectively and individually, "the Asserted Patents")

2. Klein, BlazeFrame Ind., ClarkDietrich, and CEMCO were parties in the case *CEMCO v. ClarkDietrich, Klein, and BlazeFrame*, Case No. CV12-10791 ("the 10791 Case").

3. In settlement of the 10791 Case, among other things, BlazeFrame sold the Asserted Patents to CEMCO, who is now the owner of the patents.

4. The resolution of the case *California Expanded Metal Products Company and Clarkwestern Dietrich Building Systems LLC, d.b.a. ClarkDietrich Building Systems v. James A. Klein, and Blazeframe Industries, Ltd.*, Case No. CV 16-cv-5968 resulted in the 5968 Settlement Agreement.

5. Safti-Seal was incorporated in September 2017.

6. Klein is the sole owner and principal of Safti-Seal.

7. Defendant Safti-Seal sold, and continues to sell, the Safti-Frame product and the Safti-Strip product (i.e., the intumescent strip comprising intumescent material and a thermal barrier, that is sold separately from the track product).

8. The Safti-Seal products used to build fire-rated wall assemblies that are approved by UL as shown by the following Safti-Seal UL Listings:

    a. HW-D-0495 – Beam Penetration

    b. HW-D-0496 – Shaft Wall under PT or Structural Concrete

    c. HW-D-0498 – Standard Wall under PT or Structural Concrete

    d. HW-D-0499 – Parallel to Fluted Deck

    e. HW-D-0502 – Parallel & Edge Overlap Under Structural Support

  f. HW-D-0503 – Under "Layer Type C" UL G500 Series

  g. HW-D-0504 – Shaft Wall under Fluted Deck

  h. HW-D-0505 – Chase Wall under PT or Structural Concrete

  i. HW-D-0506 – Chase Wall Perpendicular Fluted Deck

  j. HW-D-0512 – Perpendicular Coated Pan Deck w/Fire Proofing Flute Fill

  k. HW-D-0513 – Perpendicular Bare Pan Deck w/Mineral Wool Fill

  l. HW-D-0543 – Stair Shaft Floor Line Joint (093 Control Joint Optional)

  m. HW-D-0544 – Parallel to Fluted Deck (Ribbed Flute Plate Cover)

  n. HW-D-0558 – Offset Leg Standard Wall Protected Roof Deck/Substrate

  o. HW-D-0559 – Offset Leg Shaft Wall Protected Roof Deck/Substrate

  p. HW-D-0597 – Parallel to Beam (Z-clip / Drywall Rip)

  q. HW-D-0631 – Shaft Wall Parallel & Edge Overlap Under Structural Support

  r. BWW-S-0021

  s. WW-S-0055

9. Safti-Seal never owned any of the Asserted Patents, nor ever had any license under any of the Asserted Patents.

10. ClarkDietrich has UL approval under Version 5 of UL 2079 for the following assemblies that include ClarkDietrich's BlazeFrame products:

```
XHBN.BW-S-0046_2 HR_1.0 in_STD wall to Concrete
XHBN.HW-D-0791_2 HR_1.0 in_Chase wall to Concrete
XHBN.HW-D-0792_2 HR_1.0 in_STD wall to Concrete
XHBN.HW-D-0793_2 HR_0.75 in_Shaftwall
XHBN.HW-D-0794_2 HR_0.75 in_Shaftwall
XHBN.HW-D-0795_2 HR_1.0 in_STD wall to Beam_Parallel
XHBN.HW-D-0810_2 HR_1.0 in_STD wall to Fluted Deck_Beam Penetration_v02
XHBN.HW-D-0811_2 HR_1.0 in_STD wall to Fluted Deck_Parallel_v02
XHBN.HW-D-0812_2 HR_1.0 in_STD wall to Fluted Deck_Perp_v02
XHBN.HW-D-0813_2 HR_1.0 in_STD wall to Fluted Deck_Perp_SFRM_Beam Adjacent_v02
XHBN.HW-D-0814_2 HR_1.0 in_STD wall to Beam_Parallel_v02
XHBN.HW-D-0815_2 HR_1.0 in_STD wall to Gyp Ceiling_v02
XHBN.HW-D-0816_2 HR_1.0 in_Chase wall to Fluted Deck_Perp_v02
XHBN.HW-D-0817_2 HR_1.0 in_STD wall to Fluted Deck_Perp_SFRM_Beam Adjacent_v02
XHBN.HW-D-0818_2 HR_1.0 in_STD wall to Fluted Deck_Perp_MW_Beam Adjacent_v02
XHBN.HW-D-0819_2 HR_1.0 in_STD wall to Concrete_Floor Bypass Cond_v02
XHBN.HW-D-0820_2 HR_1.0 in_STD wall to Fluted Deck_Paralle_Flute Cover_v02
XHBN.HW-D-0821_2 HR_1.0 in_STD wall to Fluted Deck_Perp_SFRM_v02
XHBN.HW-D-0822_2 HR_1.0 in_STD Wall to Fluted Deck_Perp_Beam Adjacent_v02
XHBN.WW-S-0080_2 HR_1.0 in_STD wall to Concrete_v01
```

## ISSUES OF LAW

The following are the issues of law to be determined by the court:

1. The [unresolved impact, if any,] of the Court's Order on Cross-Motions for Summary Judgement (Dkt. #117) on Plaintiffs' claim that Defendant Safti-Seal directly infringes the '314 Patent and '718 Patent pursuant to 35 U.S.C. § 271, et seq. by making, using, selling, or offering for sale the Safti-Frame products, which comprise Safti-Strip applied to a metal track.

2. Whether Safti-Seal's website, Safti-Seal UL Listings[1], and Safti-Seal's emails related to the UL Listings may be used to establish: (1) the existence of the claim elements of the Asserted

---

[1]
a. HW-D-0495 – Beam Penetration
b. HW-D-0496 – Shaft Wall under PT or Structural Concrete
c. HW-D-0498 – Standard Wall under PT or Structural Concrete
d. HW-D-0499 – Parallel to Fluted Deck
e. HW-D-0502 – Parallel & Edge Overlap Under Structural Support
f. HW-D-0503 – Under "Layer Type C" UL G500 Series

Patents; (2) contributory and/or induced infringement of the Asserted Patents; (3) that Defendants used Safti-Seal's website, Safti-Seal UL Listings, and Safti-Seal's emails to instruct third parties to infringe the Asserted Patents; and (4) a reasonable inference that direct infringement by third parties occurred as a result of Defendants' instructions.

3. Whether Defendant Safti-Seal contributorily infringes, and/or induces infringement, pursuant to 35 U.S.C. § 271, et seq. of at least one claim of each of the Asserted Patents.

4. Whether if Safti-Seal is found liable for patent infringement, Defendant Klein is personally liable for contributory and/or induced infringement of the Asserted Patents.

5. Whether Plaintiffs are entitled to recover a reasonably royalty from Defendants attributable to their patent infringement.

6. Whether Plaintiffs are entitled to recover their lost profits attributable to Defendants' patent infringement.

7. Whether, if Defendants are found liable for patent infringement, such infringement was Willful because Defendants did not have a good faith basis to establish non-infringement after the Court's Claim Construction Order dated April 17, 2019 or after the Court's Order on Cross-Motions for Summary Judgment dated August 14, 2019.

---

g. HW-D-0504 – Shaft Wall under Fluted Deck
h. HW-D-0505 – Chase Wall under PT or Structural Concrete
i. HW-D-0506 – Chase Wall Perpendicular Fluted Deck
j. HW-D-0512 – Perpendicular Coated Pan Deck w/Fire Proofing Flute Fill
k. HW-D-0513 – Perpendicular Bare Pan Deck w/Mineral Wool Fill
l. HW-D-0543 – Stair Shaft Floor Line Joint (093 Control Joint Optional)
m. HW-D-0544 – Parallel to Fluted Deck (Ribbed Flute Plate Cover)
n. HW-D-0558 – Offset Leg Standard Wall Protected Roof Deck/Substrate
o. HW-D-0559 – Offset Leg Shaft Wall Protected Roof Deck/Substrate
p. HW-D-0597 – Parallel to Beam (Z-clip / Drywall Rip)
q. HW-D-0631 – Shaft Wall Parallel & Edge Overlap Under Structural Support
r. BWW-S-0021
s. WW-S-0055

8. Whether, if Defendants are found liable for willful patent infringement, Plaintiffs should receive an enhanced monetary award.

9. Whether this is an exceptional case under 35 U.S.C. § 285 entitling Plaintiffs to recover reasonable attorney fees.

10. Whether Plaintiffs are entitled to injunctive relief if Defendants are found liable for patent infringement.

11. Whether, if Defendants are found liable for breach of contract, Plaintiffs are entitled to injunctive relief of enjoining Defendants from breaching the 5968 Settlement Agreement.

12. Whether Plaintiffs are entitled to their costs.

13. ~~Motions in limine pending.~~

### EXPERT WITNESSES

Each party shall be limited to two expert witnesses on the issues of damages.

The name(s) and addresses of the expert witnesses to be used by each party at the trial and the issue upon which each will testify is:

On behalf of plaintiff;

    1. Minh Doan, 2911 Turtle Creek Blvd, Suite 600, Dallas, Texas 75219. Ms. Doan is an economist who will testify regarding economic damage and related matters as alleged by Plaintiffs and response to Defendants' damages claims.

On behalf of defendant;

    1. Daniel Lindsay, 333 Clay Street, Suite 3960, Houston, Texas 77002. Mr. Lindsay will testify to matters relating to alleged damages.

    2. Dr. Stephen Pessiki, 40 Wall Street, New York, New York 10005. Dr. Pessiki will testify to matters relating to alleged infringement.

# OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

(a) On behalf of plaintiff:

Plaintiffs have not separately listed, but may call in its case, any witness listed by Defendants and any witnesses necessary to the admissibility of a proposed exhibit where no stipulation is reached. Plaintiffs also reserve the right to call witnesses not listed below as rebuttal witnesses to the extent that the necessity of the rebuttal testimony cannot reasonably be anticipated before trial. Where an individual has been deposed, the area of testimony includes any subject explored in the deposition.

Subject to the foregoing, Plaintiffs identify the following witnesses that it plans to call at trial:

1. Tom Porter, 13191 Crossroads Parkway North, Suite 325 City of Industry, CA 91746; will testify regarding the overall business of CEMCO, history of the company, its business model and products, and matters relating to the settlement agreement for the prior case, CEMCO's strategic decisions concerning the intumescent track products, and the negotiation processes that CEMCO had with Klein.

2. Don Pilz, 13191 Crossroads Parkway North, Suite 325 City of Industry, CA 91746; will testify regarding the product history of the intumescent track products and the use of the Accused Products to make fire-rated wall assemblies in accordance with the claims of the Asserted Patents.

3. Eric Larson, 13191 Crossroads Parkway North, Suite 325 City of Industry, CA 91746; will testify regarding the organization of CEMCO's sales force, its customer base, and sales of the head-of-wall products.

4. Gregg Stahl, 9050 Centre Pointe Drive, Suite 400, West Chester, OH 45069; will testify regarding the market for intumescent track products and other passive fire-stopping products, the history of the BlazeFrame products and the Asserted Patents, ClarkDietrich's manufacturing facilities and sales capabilities, knowledge of Defendants' infringement and breach of contract, ClarkDietrich's costs and revenues associated with the BlazeFrame products, lost sales and harm to ClarkDietrich's business as a result of Defendants' patent infringement and breach of contract claims, including BlazeFrame products that ClarkDietrich would have sold in the absence of Defendants' infringement.

5. Eva Ackerman, 2601 Spenwick Dr., Houston, TX 7705; may testify regarding RectorsSeal's products, including but not limited to MetaCaulk® BlazeSeal intumescent tape.

6. Todd McCrite (possible witness only), 13191 Crossroads Parkway North, Suite 325 City of Industry, CA 91746; may testify regarding the manufacturing facilities of CEMCO and the cost incurred in manufacturing the head-of-wall products.

7. Steve Farkas (possible witness only), 13191 Crossroads Parkway North, Suite 325 City of Industry, CA 91746; may testify regarding the marketing, advertising and sales of the head-of-wall products.

8. James Klein, 5806 119th Ave SE, Suite A #385, Bellevue, WA. 98006; will testify concerning matters relating to the settlement agreements for the prior cases in the Central District of California, BlazeFrame's sale of BlazeFrame Products inside and outside of the restricted territory, Safti-Seal's research, development, and sale of Safti-Seal products, Safti-Seal's financial information, and correspondence regarding the sale of the Safti-Seal products; will testify.

(b) On behalf of defendant:

Defendants have not separately listed, but may call in its case, any witness listed by Plaintiffs and any witnesses necessary to the admissibility of a proposed exhibit where no stipulation is reached. Defendants also reserve the right to call witnesses not listed below as rebuttal witnesses to the extent that the necessity of the rebuttal testimony cannot reasonably be anticipated before trial. Where an individual has been deposed, the area of testimony includes any subject explored in the deposition.

Subject to the foregoing, Defendants identify the following witnesses that it plans to call at trial:

1. James Klein, 5806 119th Ave SE, Suite A #385, Bellevue, WA. 98006; will testify to all aspects of the case except hose requiring expert opinion as to alleged damages, or alleged infringement; will testify.

2. Gregg Stahl, 9050 Centre Pointe Drive, Suite 400, West Chester, OH 45069; will testify to the market for the products at issue in this case, and to matters identified in Plaintiffs' pretrial statement; will testify.

3. Ted Poliquin (possible witness only), 13191 Crossroads Parkway North, Suite 325 City of Industry, CA 91746; may testify to matters involving prior

[PROPOSED] PRETRIAL ORDER
CASE No. 2:18-cv-00659-JLR                -10-

history among the parties, the market for intumescent products, infringement, and damages.

**EXHIBITS**

Plaintiffs: See Plaintiffs' Exhibit List attached as Exhibit A (including stipulations)

Defendants: See Defendants' Exhibit List attached as Exhibit B (including stipulations)

**ACTION BY THE COURT**

(a) This case is scheduled for trial before a jury beginning on December 9th, 2019, at 1:30 PM.

(b) Trial briefs shall be submitted to the court on or before December 4th, 2019.

(c) Jury instructions requested by either party shall be submitted to the court on or before December 4th, 2019. Suggested questions of either party to be asked of the jury by the court on voir dire shall be submitted to the court on or before December 4th, 2019.

~~(d) (Insert any other ruling made by the court at or before pretrial conference.)~~

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this 6th day of ~~November~~ December, 2019.

_____
United States District Judge James L. Robart

////