UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CALIFORNIA EXPANDED METAL PRODUCTS COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES A. KLEIN, et al. <br><br> Defendants. | CASE NO. C18-0659JLR <br><br> ORDER GRANTING MOTION TO SEAL |

## I. INTRODUCTION

Before the court is Defendants James A. Klein, Safti-Seal, Inc., and BlazeFrame Industries Ltd.'s (collectively, "Defendants") motion to seal. (Mot. (Dkt. # 158).) Although Plaintiffs California Expanded Metal Products Company and Clarkwestern Dietrich Building Systems (collectively, "Plaintiffs") did not stipulate to the motion, Defendants allege that the motion is unopposed (*see id.* at 1), and Plaintiffs did not file a response (*see generally* Dkt.). Thus, the court considers the motion unopposed. The

court has reviewed the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS the motion to seal.[1]

## II. BACKGROUND

On December 8, 2019, the parties agreed to entry of a consent judgment and a permanent injunction as part of their confidential settlement of Plaintiffs' underlying patent infringement lawsuit. (*See* Bageant Decl. (Dkt. # 158-1) ¶¶ 2, 4-5.) Defendants now seek to seal the proposed consent judgment and permanent injunction. (*See* Consent J. (Dkt. # 159).)

## III. ANALYSIS

**A.    Legal Standard**

When deciding a motion to seal, courts "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)). The Ninth Circuit has recently clarified that the standard for determining whether to seal a record turns on whether the records are "more than tangentially related to the merits of a case." *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098-1102 (9th Cir. 2016). If the

---

[1] Defendants do not request oral argument (*see* Mot. at 1), and the court concludes that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

records at issue are more than tangentially related to the merits of the case, the court must apply the "compelling reasons" standard to the motion to seal. *See id.* If the records are only tangentially related to the merits, the party seeking to seal the records need only show "good cause" to seal those records. *See id.*

**B.     The Motion to Seal**

As a threshold matter, the court concludes that the compelling reasons standard applies to Defendants' motion because the consent judgment and permanent injunction are more than tangentially related to the merits of this case.[2] *See id.* The purpose of the proposed consent judgment and permanent injunction are to obtain a court order that resolves the parties' lawsuit and their disputes over the merits of the case short of trial. (*See* Bageant Decl. ¶¶ 2-8; Consent J.)

Under the compelling reasons standard, the party seeking to seal a judicial record bears the burden of showing that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when

---

[2] The court rejects Defendants' argument that the court should apply the less stringent "good cause" standard because "the material that the parties seek to seal is not submitted in connection with a dispositive motion." (*See* Mot. at 2.) The Ninth Circuit rejected Defendants' proposed "dispositive" vs. "non-dispositive" dichotomy in favor of the "tangentially related to the merits" test in *Center for Auto Safety*. *See* 809 F.3d at 1098. Further, even if the standard did turn on whether the consent judgment and permanent injunction were "dispositive" or "non-dispositive," the literal purpose of the consent judgment and permanent injunction are to dispose of the underlying patent infringement lawsuit. (*See* Bageant Decl. ¶¶ 2-8; Consent J.)

ORDER - 3

such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The final determination of what constitutes a compelling reason is "best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599.

The court finds that compelling reasons exist to seal the consent judgment and permanent injunction. First, the court notes that the public interest in the details of the consent judgment and permanent injunction are low. Although the parties seek court approval of their settlement agreement through a consent judgment—as opposed to merely stipulating to dismissal and keeping their settlement private—the consent judgment and permanent injunction are still the result of private business negotiations between private parties over the resolution of a private dispute. (*See* Consent J.) Moreover, like a private settlement agreement, the consent judgment and permanent injunction reflect the parties' agreement on the resolution of this case, not the court's judgment on the merits of their claims. Thus, the public has minimal, if any, legitimate interest in the consent judgment and permanent injunction.

On the other hand, public disclosure could result in unwarranted competitive harm to the parties and would discourage out-of-court resolutions of litigation. Defendants note that the consent judgment and permanent injunction are only one part of the parties' confidential settlement agreement. (*See* Bageant Decl. ¶ 6.) If the public gained access to the consent judgment and permanent injunction without the full context of the parties' agreement, the public could potentially reach unwarranted and incomplete conclusions

about the resolution of this case that against which a party could not defend due to the confidential nature of the underlying settlement agreement.  (*See id.* ¶¶ 6-7.)  Moreover, according to Defendants, this request to seal was "an important element of the bargained-for exchange among the parties" that "allowed [the parties] to resolve their differences in this litigation."  (*Id.* ¶ 8.)  Given that the public interest in this case is minimal, the court finds that compelling reasons exist to seal the consent judgment and permanent injunction in order to protect the parties from unwarranted competitive harms and to encourage efficient resolution of litigation.  Thus, the motion to seal is GRANTED.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' unopposed motion to seal (Dkt. # 158) and DIRECTS the Clerk to maintain under seal the proposed consent judgment and permanent injunction found at Docket Number 159.

Dated this 3rd day of January, 2020.

JAMES L. ROBART
United States District Judge