1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| CALIFORNIA EXPANDED METAL PRODUCTS COMPANY, et al., | CASE NO. C18-0659JLR |
|---|---|
| Plaintiffs, | ORDER ON MOTION TO UNSEAL |
| v. | |
| JAMES A. KLEIN, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court is Plaintiffs California Expanded Metal Products Company and Clarkwestern Dietrich Building Systems' (collectively, "Plaintiffs") motion to unseal. (Mot. (Dkt. # 168); Reply (Dkt. # 182).) Defendants James A. Klein, Safti-Seal, Inc., and BlazeFrame Industries Ltd. (collectively, "Defendants") oppose the motion. (*See* Resp. (Dkt. # 176).) The court has reviewed the motion, the relevant portions of the record, and

//

ORDER - 1

the applicable law.  Being fully advised, the court GRANTS in part and DENIES in part the motion to unseal.[1]

## II. BACKGROUND

On December 8, 2019, the parties settled Plaintiffs' underlying patent infringement lawsuit and agreed to entry of a consent judgment and a permanent injunction as part of their settlement agreement.  (*See* 12/16/19 Bageant Decl. (Dkt. # 158-1) ¶¶ 2-5; Consent J. (Dkt. # 164) (sealed); Trojan Decl. ISO Mot. to Seal (Dkt. # 173) ¶ 7, Ex. D.1 ("Settlement Agmt.") (sealed).)  Defendants filed an unopposed motion to seal the consent judgment and injunction, which the court granted.  (*See* Mot. to Seal (Dkt. # 158); 1/3/20 Order on Mot. to Seal at 1 (Dkt. # 162) (noting that the motion to seal the consent judgment and injunction was unopposed).)

On June 22, 2020, Plaintiffs moved to reopen this case and initiate contempt proceedings against Defendants.  (*See* Mot. to Reopen (Dkt. # 166).)  In support of that motion, Plaintiffs filed the parties' confidential settlement agreement provisionally under seal.  (*See* 6/22/20 Mot. to Seal (Dkt. # 172); Settlement Agmt.)  Plaintiffs moved to seal the settlement agreement in order to comply with the confidentiality provisions in the agreement.  (*See* 6/22/20 Mot. to Seal at 2.)  The court granted that motion to seal, which was unopposed.  (*See* 10/1/20 Order (Dkt. # 186).)

//

---

[1] Plaintiffs request oral argument (*see* Mot. at 1), but the court concludes that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

In the current motion, Plaintiffs move to unseal the consent judgment and injunction and to "lift the confidentiality of the [p]arties' [s]ettlement [a]greement" so that Defendants may publicly disclose it. (*See* Mot. at 1.)

### III. ANALYSIS

**A. Legal Standard**

Local Civil Rule 5 allows a party to file a motion to unseal documents.[2] Local Rules W.D. Wash. LCR 5(g)(8). The standard for unsealing previously sealed documents mirrors the standard for sealing the documents in the first instance. *See Perez v. Lantern Light Corp.*, No. C12-1406RSM, 2017 WL 2172012, at *2 (W.D. Wash. May 17, 2017). When deciding a motion to seal or unseal, courts "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)). The Ninth Circuit has recently clarified that the standard for determining whether to seal a record turns on whether the records are "more than tangentially related to the merits of a case." *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098-1102 (9th Cir. 2016). If the records at issue are more than tangentially related to the merits of the case, the court must

---

[2] Because Local Rule 5(g)(8) specifically allows parties to file motions to unseal records, the court rejects Defendants' argument that this motion should be construed as a motion for reconsideration. (*See* Resp. at 3-4.)

apply the "compelling reasons" standard to the motion to seal or unseal. *See id.* If the records are only tangentially related to the merits, the party seeking to seal the records need only show "good cause" to seal those records. *See id.*

**B.     Consent Judgment**

Although the court has previously concluded that the compelling reasons standard applied to Defendants' request to seal the consent judgment and injunction and that Defendants had satisfied that standard (*see* 1/3/20 Order on Mot. to Seal at 3-5), compelling reasons must continue to exist to keep judicial records sealed, *see Perez*, 2017 WL 2172012, at *2 (citing *Foltz*, 331 F.3d at 1136). In sealing the consent judgment, the court concluded that compelling reasons to seal the judgment existed primarily because (1) public interest in the consent judgment and injunction appeared to be relatively low, (2) competitive harm could result from disclosure of the consent judgment and injunction, and (3) publicly filing the consent judgment and injunction could discourage out-of-court resolution of litigation. (*See* 1/3/20 Order on Mot. to Seal at 4-5.)

The new factual information brought to light by Plaintiffs shows that these reasons for sealing the consent judgment and injunction are no longer compelling. Plaintiffs have identified public interest in the consent judgment and injunction and it appears as though competitive harm has resulted from sealing that filing. Mr. Klein has informed customers that he has agreed not to sell products "under the '[S]afti-[F]rame' or '[S]afti-[S]trip' identifiers" in order to "comply with legal agreements," and has referred to the new brand of Fire Rated Gasket ("FRG") products as the "same product," with the same "performance, support, and certifications." (*See* Pilz. Decl. (Dkt. # 170) ¶ 4, Ex. 1a.) Mr.

Klein also refers to the new FRG product line as merely a "rebrand from Safti-Strip." (*See id.*)  As Defendants are well-aware, however, the consent judgment states that Defendants' Safti-Frame and Safti-Strip products infringed Plaintiffs' patents, and the injunction enjoins Defendants from continuing to infringe the patents.  (*See* Consent J. at 2-3.)  Thus, to the extent that Defendants allege that the FRG products are merely a "rebrand," Defendants' customers are entitled to know that the old brand of products infringed Plaintiffs' patents.[3]

Additionally, Plaintiffs indicate that they attempted to protest the grant of new Underwriter's Laboratory ("UL") certifications for the FRG products, but UL informed Plaintiffs that it would not take action unless Plaintiffs provided a copy of the sealed consent judgment and injunction.  (*See id.* ¶ 98.)  Thus, the fact that the consent judgment and injunction is sealed prevents UL from accessing the materials it needs to make an informed decision on Plaintiffs' objections to the UL certifications for the FRQ products.  Accordingly, although the court sealed the consent judgment and injunction on the basis that the public had minimal interest in that filing and in hopes that sealing the filing would prevent competitive harm, it appears that there is public interest in that filing and sealing the filing has resulted in competitive harm to Plaintiffs.  Thus, those grounds for sealing the consent judgment and injunction are no longer compelling and, as such, cannot serve as a basis for sealing those documents.  *See Perez*, 2017 WL 2172012, at *2

---

[3] The court takes no position in this order on whether the FRG products are a mere "rebrand" that continues to infringe Plaintiffs' patents.  For purposes of this order, the only relevant fact is that Mr. Klein has made such claims and Plaintiffs are prevented from fully responding to that claim due to the fact that the consent judgment and injunction is sealed.

1  (noting that compelling reasons must continue to exist in order to maintain documents under seal).

The court's final reason for initially sealing the consent judgment and injunction—encouraging out-of-court resolution of litigation—is also no longer compelling under these facts. Although Plaintiffs did not object to sealing the consent judgment and injunction initially, Plaintiffs now move to reopen this case and hold Defendants in contempt for violating the consent judgment and injunction. (*See generally* Mot. to Reopen.) Regardless of the merits of Plaintiffs' motion to reopen, it is now apparent that the court's decision to seal the consent judgment and injunction has partially contributed to strife amongst the parties. (*See id.* at 11-12 (arguing that Defendants "are using the sealed injunction to mislead customers").) Thus, rather than facilitating resolution of this case, sealing the consent judgment and injunction ultimately helped erode the parties' out-of-court resolution of this litigation. As such, the court concludes that it cannot justify sealing the consent judgment and injunction in furtherance of encouraging out-of-court resolution of litigation.

Defendants offer no additional compelling reasons why the consent judgment and injunction should remain under seal. (*See* Resp. at 3-5.) As such, the court concludes that there are no compelling reasons to maintain the seal on the consent judgment and injunction. Accordingly, the court GRANTS Plaintiffs' motion to unseal that filing.

**C.     Settlement Agreement**

Unlike the consent judgment and injunction—which is a court order that resolved this case—the settlement agreement is a private contractual agreement between Plaintiffs

1 | and Defendants that does not involve the court. (*See generally* Settlement Agmt.) The
2 | settlement agreement was not filed on the docket in this case until Plaintiffs filed it in
3 | support of their motion to reopen. (*See generally* Dkt.; Settlement Agmt.) Thus, the
4 | court concludes that the parties' private settlement agreement is not "more than
5 | tangentially related to the merits of this case," meaning there must only be good cause to
6 | keep the settlement agreement under seal. *See Ctr. for Auto Safety*, 809 F.3d at
7 | 1098-1102.

8 | Here, the parties' freedom of contract creates good cause to keep the settlement
9 | agreement confidential and under seal. Plaintiffs privately agreed to keep the terms of
10 | the settlement agreement confidential. (Settlement Agmt. at 4.) The court will not
11 | release Plaintiffs from that contractual term and essentially rewrite the settlement
12 | agreement simply because Plaintiffs now wish they had struck a different deal—
13 | especially since the parties' settlement bears so little relationship to the merits of the
14 | underlying infringement claims. Further, to the extent that Plaintiffs argue that the court
15 | should excise the confidentiality provision from the settlement agreement because
16 | Defendants have breached the settlement agreement, that is a breach of contract argument
17 | that is not properly before the court in this patent infringement action.

18 | Thus, the court DENIES Plaintiffs' motion to "lift the confidentiality" of the
19 | settlement agreement. (*See* Mot. at 1.) The settlement agreement shall remain under
20 | seal.
21 | //
22 | //

## IV. CONCLUSION

For the reasons set forth above, the court GRANTS in part and DENIES in part Plaintiffs' motion to unseal (Dkt. # 168). Specifically, the court GRANTS Plaintiffs' motion to unseal the consent judgment and injunction and DIRECTS the Clerk to remove the seal on the consent judgment and injunction (Dkt. # 164), and DENIES Plaintiffs' motion to lift the confidentiality of the settlement agreement.

Dated this 5th day of October, 2020.

JAMES L. ROBART
United States District Judge