UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CALIFORNIA EXPANDED METAL PRODUCTS COMPANY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES A. KLEIN, et al.,<br><br>Defendants. | CASE NO. C18-0659JLR<br><br>ORDER APPOINTING SPECIAL MASTER |

## I.     INTRODUCTION

On January 20, 2021, the court notified Plaintiffs and Counter Defendants California Expanded Metal Products Company ("CEMCO") and Clarkwestern Dietrich Building Systems, LLC ("ClarkDietrich") (collectively, "Plaintiffs") and Defendants and Counter Claimants James A. Klein, BlazeFrame Industries, LTD ("BlazeFrame"), and Safti-Seal, Inc. (collectively, "Defendants") of its intent to appoint Mr. Mark Walters as a special master to oversee selected issues in this matter. (1/20/21 Order (Dkt. # 204) at 2.)

ORDER - 1

Defendants objected, both to the appointment of a special master and the appointment of Mr. Walters in particular.  (Obj. (Dkt. # 205).)  The court held a telephone conference on February 4, 2021, to discuss the current status of this matter and the parties' positions regarding the special master.  (2/4/21 Min. Entry (Dkt. # 207).)  Based on the parties' submissions, the applicable law, the balance of the record, and the rationale shared during the telephonic conference, the court appoints Mark Walters to serve as Special Master.

## II.   BACKGROUND

The court has detailed the parties' "tumultuous history" several times in previous orders.  (*See, e.g.*, 10/19/20 Order (Dkt. # 190) at 2; 11/20/2018 Order (Dkt. # 89); 11/29/18 Order (Dkt. # 91); 8/15/19 Order (Dkt. # 117); 11/22/19 Order (Dkt. # 135).)  Thus, it focuses only on the facts relevant to its decision to appoint a special master.

The parties have engaged in several lawsuits spanning nearly a decade over four Patents.  In 2012, CEMCO sued Mr. Klein and ClarkDietrich in the Central District of California.  *See Cal. Expanded Metal Prods. Co. v. Clarkwestern Dietrich Bldg. Sys., LLC*, No. CV12-10791-DDP-MRW (C.D. Cal.).  The parties settled in October 2015, with Mr. Klein and BlazeFrame selling the Patents to CEMCO in exchange for a license.  (*See* 5/10/19 Trojan Decl. (Dkt. # 103) ¶ 7, Ex. 6.)  Less than a year later, in August 2016, Plaintiffs filed a second suit against Mr. Klein and BlazeFrame, claiming that they had breached the settlement agreement and infringed upon the Patents.  *See Cal. Expanded Metal Prods. Co. v. Klein*, No. CV16-5968-DDP-MRW (C.D. Cal.).  That suit settled in June 2017, and CEMCO remained the owner of the Patents with ClarkDietrich as the Patents' exclusive licensee.  (*See* Compl. (Dkt. # 1) ¶ 84.)

1   Less than a year after the second settlement, Plaintiffs sued again; this time,
2   Plaintiffs brought suit in this court, alleging that Defendants infringed the Patents and
3   violated the second settlement agreement.  (*Id.* ¶¶ 82-94.)  The parties settled on the eve
4   of trial.  (*See* 12/9/19 Min. Entry (Dkt. # 157).)  As part of this third settlement, the
5   parties agreed to a consent judgment and permanent injunction, which enjoined
6   Defendants from directly, indirectly, or contributorily infringing the Patents by marketing
7   and selling the covered products or by assisting third parties to sell those products.
8   (Consent J. (Dkt. # 164) at 2-3.)  Defendants also consented to the court's continuing
9   jurisdiction for purposes of enforcing the consent judgment and injunction.  (*Id.* at 3.)
10  The parties additionally entered into a third settlement agreement that allowed Mr. Klein
11  to develop a new product, not covered by the Patents, to be sold by a third-party
12  company.  (*See* 6/22/20 Trojan Decl. (Dkt. # 173 (sealed)) ¶ 2, Ex. D.1 at 1-2.)
13  "Regrettably, the third time was not the charm for the parties."  (10/19/20 Order at
14  6.)  Plaintiffs moved to reopen this case on June 22, 2020, to initiate contempt
15  proceedings against Defendants and various third parties for violations of the permanent
16  injunction. (Mot. to Reopen (Dkt. ## 166 (redacted), 173-1 (sealed).)  Plaintiffs allege
17  that Defendants are selling a Fire Rated Gasket ("FRG") line of products that infringe the
18  Patents and that third party companies are acting in concert with Defendants to create a
19  new company, Seal4Safti, to sell the FRG products in an attempt to circumvent the
20  consent judgment and injunction.  (*Id.* at 10-11.)  The court granted in part the motion to
21  reopen and allowed Plaintiffs to take additional discovery to determine the full extent of
22  any violations.  (10/19/20 Order at 22-23.)

1    Since then, the parties have participated in significant discovery and unearthed

2    further disputes.  (*See* 11/18/20 JSR (Dkt. # 195); 12/18/20 Pls. Rep. (Dkt. ## 200-1

3    (sealed), 197 (redacted)); 12/18/20 Defs. Rep. (Dkt. # 201).)  Plaintiffs purport that

4    Defendants are withholding emails and other documents and further challenge Mr.

5    Klein's written discovery responses.  (12/18/20 Pls. Rep. at 2-3.)  Defendants dispute

6    these allegations.  (12/18/20 Defs. Rep. at 3-4.)  At the telephone conference, Plaintiffs

7    raised additional concerns over Defendants' failure to meet and confer as well as various

8    third parties' refusal to be deposed, and Plaintiffs have compiled a ten-page list of

9    documents that they claim should have been but were not produced by Defendants or

10   third parties.  Plaintiffs also raised the potential of discovery sanctions.

### III.   ANALYSIS

12   Federal Rule of Civil Procedure 53 allows a district court to appoint a special

13   master to "hold trial proceedings and make or recommend findings of fact on issues to be

14   decided without a jury if appointment is warranted by . . . some exceptional condition" or

15   to "address . . . posttrial matters that cannot be effectively and timely addressed." Fed. R.

16   Civ. P. 53(a)(1)(B)-(C).  Courts "must consider the fairness of imposing the likely

17   expenses on the parties and must protect against unreasonable expense or delay." *Id.*

18   53(a)(3).  Special masters may be appointed to aid a district court to enforce its decree, to

19   address problems associated with compliance, or to provide support for a complex

20   litigation when the court's resources are stretched. *U.S. v. Suquamish Indian Tribe*, 901

21   F.2d 772, 774-75 (9th Cir. 1990); *Hook v. Arizona*, 120 F.3d 921, 926 (9th Cir. 1997).

22   The court concludes that such exceptional conditions exist in the present case because the

case is particularly complex, the parties have previously disputed compliance with settlement agreements, and the parties now have numerous ongoing disputes regarding compliance with the present consent judgment and injunction.

Defendants object and argue that no exceptional conditions warrant a special master appointment. (Obj. at 2-3.) The court disagrees. The convoluted history between the parties, including the multiple suits and repeated allegations of noncompliance, reveals the complexity of any potential contempt proceedings. While Defendants are correct that only one question is at issue—"Did Defendants violate an injunction of this [c]ourt?" (*id.* at 2)—the answer to that question is not so straightforward. The proceeding involves various third parties, against some of whom Plaintiffs may seek contempt sanctions (*see* 11/18/20 JSR at 4), and another analysis of whether the new FRG product infringes on the Patents (*see* Mot. to Reopen at 2 (referencing 24 infringement charts and 80 exhibits)). What's more, there are numerous discovery disputes associated with these proceedings, many of which concern third-parties and the significance of a related case currently pending in the Central District of California. (*See* 12/18/20 Pls. Rep. at 2-3; Not. of Related Case (Dkt. # 194).) As the court articulated in the telephonic conference, it does not have the resources to resolve the forthcoming discovery and contempt proceeding matters in a timely and effective manner. *See* Fed. R. Civ. P. 53(a)(1)(B)-(C).

Defendants additionally argue that fairness considerations counsel against appointment because it would "create uneven burdens and harm the Defendants disproportionately," as Defendants are an individual and two small entities. (Obj. at 2.) But Defendants provide no authority on the issue and no evidence—other than statements

from counsel—that the special master costs would pose a financial hardship. *See Mardiros v. City of Hope*, No. 2:19-cv-02196-CJC-MAA, 2020 WL 6106820, at *2 (C.D. Cal. July 9, 2020) (rejecting fairness argument regarding costs without supporting evidence). While the court is sensitive to Defendants' financial concerns, the fact remains that this matter has been contentious and extensive, and the court is not in the position to effectively or timely address the litany of anticipated issues. To that end, the special master appointment will not, as Defendants fear, cause delay but will instead avoid potential delay resulting from the court's lack of bandwidth. (*See* Obj. at 2.)

Lastly, Defendants take issue with the appointment of Mr. Walters, arguing that he has a "long-term and close relationship with counsel for one of the Plaintiffs." (*Id.*) But, as Defendants' counsel conceded during the telephonic conference, Mr. Walters's relationship does not rise to the level of disqualification under Rule 53(a)(2). *See* Fed. R. Civ. Pro. 53(a)(2) (disqualifying master with "relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. § 455"). Mr. Walters's Rule 53(b)(3) declaration, which is attached to this order, confirms the lack of any disqualifying relationship. Thus, the court finds no reason to disqualify Mr. Walters from serving as special master in this matter.

## IV.   CONCLUSION

Based on the foregoing reasons, the court ORDERS the following:

1. **Appointment and Scope.** Pursuant to Rule 53(a)(1) and after providing notice and an opportunity to be heard (*see* Dkt. ## 204, 207), the court appoints Mark

//

Walters as Special Master to assist with the impending contempt proceedings and any related discovery issues that may arise.

    2.    **No Grounds for Disqualification.**  Pursuant to Rules 53(a)(2) and 53(b)(3), the court attaches to this order the Special Master's declaration identifying any relationship to the parties, counsel, action, or court that would require disqualification of a judge under 28 U.S.C. § 455.

    3.    **Fairness Considerations.**  Pursuant to Rule 53(a)(3), the court considered the fairness of imposing the likely expenses on the parties and concludes that appointing a Special Master will materially advance the litigation in an efficient manner.  The court will protect against unreasonable expense and delay through communication with the Special Master and the parties as appropriate.

    4.    **Notice.**  Pursuant to Rule 53(b)(1), the court provided notice to the parties of its intent to appoint Mark Walters as Special Master and provided an opportunity to be heard on the appointment.  (*See* Dkt. # 204.)  The court further held a telephonic conference with the parties.  (*See* Dkt. # 207.)

    5.    **Diligence.**  Pursuant to Rule 53(b)(2), the court directs the Special Master to proceed with all reasonable diligence.

    6.    **Special Master's Duties and Scope of Authority.**  Pursuant to Rule 53(b)(2)(A), the Special Master shall assist with discovery-related issues that may arise in relation to the contempt proceedings.  If a discovery issue arises for which a party or the parties oppose the Special Master's assistance, the party or parties must promptly specify their opposition in a filing on the docket.  Moreover, the Special Master shall assist with

the renewed motion to initiate contempt proceedings and any motions for contempt. (*See* Dkt. # 203.) The Special Master shall have the authority provided in Rule 53(c), except that the Special Master may recommend but not issue sanctions, *cf.* Federal Rule of Civil Procedure 53(c)(2), and the Special Master may issue reports and recommendations but not orders, *cf.* Federal Rule of Civil Procedure 53(c)-(d). A court reporter shall record any proceedings before the Special Master.

7. ***Ex Parte* Communications.** Pursuant to Rule 53(b)(2)(B), the Special Master may communicate *ex parte* with the court without restriction. The Special Master shall not communicate *ex parte* with any party, except (1) with respect to administrative and procedural matters; (2) to the extent the Special Master determines *ex parte* communication is necessary to maintain the confidentiality of privileged communications (for example, in conducting in-camera review); and (3) as mutually agreed to by the parties. The Special Master must report any *ex parte* communication with a party that is undertaken to maintain the confidentiality of privileged communications. When the Special Master communicates *ex parte* with a party for the other purposes identified in this paragraph, the Special Master may report that communication to the extent and in the manner the Special Master deems appropriate. To the extent and in the manner the Special Master deems appropriate, the Special Master may offer the party to whom the report is supplied an opportunity to respond.

8. **Preservation of Materials.** Pursuant to Rule 53(b)(2)(C), the Special Master shall maintain orderly files consisting of all documents submitted to him by the parties and of his written reports and recommendations.

9. **Review of the Special Master's Reports and Recommendations.** Pursuant to Rule 53(b)(2)(D), the court orders the following:

    a. **Time Limits.** Pursuant to Rule 53(f)(1), a party must file any objection to a report and recommendation within ten (10) days of the report and recommendation's entry on the docket. *Cf.* Fed. R. Civ. P. 53(f)(2). The parties shall note and brief any objections as second-Friday motions pursuant to the court's Local Civil Rules. *See* Local Rules W.D. Wash. LCR 7(d)(2), 7(e)(2).

    b. **Method of Filing the Record.** The parties' submissions to the Special Master shall be sent to the Special Master and not filed on the court's docket. Pursuant to Rule 53(e), the Special Master shall serve any reports and recommendations on the parties by filing the report and recommendation on the docket. If any party objects to a report and recommendation of the Special Master, it shall be the objecting party's responsibility to file on the docket the objection and the record materials necessary to review the report and recommendation, including any transcripts of proceedings before the Special Master and any documents submitted by the parties in connection with the Special Master's report and recommendation. Failure to provide the record shall constitute grounds for the court to overrule the objection.

    c. **Standards of Review of the Special Master's Reports.** Pursuant to Rule 53(f)(3)-(4), the court shall review de novo all objections to

findings of fact and conclusions of law recommended by the Special Master. Pursuant to Rule 53(f)(5), the court may set aside the Special Master's ruling on a procedural matter only for an abuse of discretion.

10. **Compensation.** Pursuant to Rules 53(b)(2)(E) and 53(g), the Special Master's hourly fee shall be his standard rate, and the Special Master may propose to the court the use of associates and administrative staff at a lower billing rate. At the end of each month in which the court utilizes the Special Master's services, the Special Master shall prepare and provide an invoice to counsel for Plaintiffs and Defendants. The Special Master shall bill each side for half of the hourly fees unless the court directs otherwise. The Special Master may recommend terms of cost-splitting as part of his reports and recommendations. The parties may object to any bill from the Special Master, and the court will review any challenged bill. In the absence of a challenge, the parties shall pay the Special Master's invoices within fourteen (14) days of receipt.

11. **Amendments.** Pursuant to Rule 53(b)(4), the court may amend this order at any time after notice to the parties and an opportunity to be heard.

Dated this 8th day of February, 2021.

JAMES L. ROBART
United States District Judge