THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CALIFORNIA EXPANDED METAL
PRODUCTS COMPANY, a California
corporation; and CLARKWESTERN
DIETRICH BUILDING SYSTEMS LLC, dba
CLARKDIETRICH BUILDING SYSTEMS,
an Ohio limited liability company,

  Plaintiffs,

  v.

JAMES A. KLEIN, an individual;
BLAZEFRAME INDUSTRIES, LTD., a
Washington Company, and SAFTI-SEAL,
INC., a Washington company,

  Defendants.

) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )

Case No. 18-cv-00659-JLR

**REPORT AND
RECOMMENDATION OF THE
SPECIAL MASTER REGARDING
NON-PARTIES' MOTION TO
QUASH DEPOSITION
SUBPOENAS**

## I.    INTRODUCTION

THIS MATTER is before the Special Master pursuant to the Court's order (Dkt. No. 208) and on a motion by non-parties Seal4Safti, Inc. ("S4S"), SteelTec Supply, Inc. ("SteelTec"), Jaroslaw Sydry, and Leszek Orszulak (collectively, the "Non-Parties") to quash certain deposition subpoenas served by Plaintiff California Expanded Metal Company ("CEMCO") seeking personal depositions of non-parties Sydry and Orszulak pursuant to FRCP 45 and 30(b)(1) and depositions of non-parties S4S and SteelTec

**REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
REGARDING NON-PARTIES' MOTION TO QUASH
DEPOSITION SUBPOENA -** 1
No. 18-cv-00659

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

pursuant to FRCP 45 and 30(b)(6). The motion was fully briefed before the Special

Master as of February 26, 2021 and hearing was held on March 5, 2021.

NOW, THEREFORE, being fully advised of the matter, the Special Master hereby

makes the following report and recommendation pursuant to Fed. R. of Civ. P. 53.

## II.    FACTS

### A.    Procedural Background

This case for patent infringement asserting infringement of U.S. Patent No.

7,681,365 ("the '365 patent"), U.S. Patent No. 7,814,718 ("the '718 patent"), U.S. Patent

No. 8,136,314 ("the '314 patent"), and U.S. Patent No. 8,151,526 ("the '526 patent")

(collectively, "the Patents") and breach of contract was terminated on January 3, 2020

pursuant to a stipulated consent judgment and permanent injunction. (Dkt. No. 164.) Its

filing followed the termination of two previous suits between the parties. In 2012,

CEMCO sued Mr. Klein and Clarkwestern Dietrich Building Systems, LLC

("ClarkDietrich") in the Central District of California. *See Cal. Expanded Metal Prods.

Co. v. Clarkwestern Dietrich Bldg. Sys., LLC*, No. CV12-10791-DDP-MRW (C.D. Cal.).

The parties settled in October 2015, with Mr. Klein and BlazeFrame selling the Patents to

CEMCO in exchange for a license. (*See* 5/10/19 Trojan Decl. (Dkt. # 103) ¶ 7, Ex. 6.) In

August 2016, Plaintiffs filed a second suit against Mr. Klein and BlazeFrame, claiming

breach of the settlement agreement and infringement of the Patents. *See Cal. Expanded

Metal Prods. Co. v. Klein*, No. CV16-5968-DDP-MRW (C.D. Cal.). That suit settled in

June 2017, and CEMCO remained the owner of the Patents with ClarkDietrich as the

Patents' exclusive licensee. (*See* Compl. (Dkt. # 1) ¶ 84.)

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

This case was reopened on a motion by plaintiffs CEMCO and ClarkDeitrich to initiate contempt proceedings against Defendants James A. Klein, BlazeFrame Industries, LTD ("BlazeFrame"), and Safti-Seal, Inc. (collectively, "Defendants") and the Non-Parties. (Dkt. No. 190.) The motion to initiate contempt proceedings alleged that Defendants violated the permanent injunction by selling a Fire Rated Gasket ("FRG") line of products and that the Non-Parties are "acting in concert" with Defendants or are "legally identified" with Defendants. (*See id.*, 17.)

In the order reopening the case, the Court refused to initiate contempt proceedings against the Non-Parties finding the evidence insufficient to show that they were acting in concert or legally identified with Defendants. (*See id.*) That said, the Court did allow "limited third party discovery" directed to the Non-Parties under FRCP 45 and an opportunity, following discovery, for Defendants to renew their motion to initiate contempt proceedings against the Non-Parties. (*See id.*, 19-20.) The scope of discovery allowed by the Court is that which is "relevant to the contempt proceedings and complies with Rule 45 of the Federal Rules of Civil Procedure." (*Id.*, 20.)

**B.    Discovery at Issue**

Following the Court's order reopening the case, Defendants served subpoenas on the Non-Parties requesting documents on October 30, 2020. (Motion, 3.) Documents were produced by the Non-Parties responsive to these subpoenas on November 30, 2020. (*Id.*) While there appears to be some dispute between Defendants and the Non-Parties regarding the adequacy of the Non-Parties' document production in response to the document subpoenas (*See* Motion, 8 (describing the production as "voluminous") and CEMCO Response, 7 (alleging "numerous and significant gaps in production")), the

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
REGARDING NON-PARTIES' MOTION TO QUASH
DEPOSITION SUBPOENA - 3
No. 18-cv-00659

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

sufficiency of the Non-Parties' document production is not before the Special Master at this time.

Subpoenas for testimony of the Non-Parties were emailed to counsel for the Non-Parties on December 23, 2020. (CEMCO Response, 2.)[1] Following that communication, counsel for the Non-Parties and counsel for the Defendant engaged in several communications over adequate dates for the requested depositions.

Aside from the discussion about dates for the depositions, formal objections to the subpoenas were not made until January 11, 2021. (Trojan Decl. 2/22/2021, Ex. 4.) Objections made by the Non-Parties through counsel were on two general grounds. First, counsel for Non-Parties objected to the subpoenas for testimony asserting "there is no longer any need for [CEMCO] to conduct discovery in the Washington proceeding" in view of litigation initiated by S4S in the Central District of California seeking declaratory relief of non-infringement, unenforceability, and invalidity of the Patents. (*See id.* (citing *Seal4Safti, Inc. v. California Expanded Metal Products Co.*, No. 2:20-cv-10409-JFW-PD).) Next, counsel for the Non-Parties objected to the subpoenas on the grounds that they were outside of the scope of the Court's order in this case allowing "limited third-party discovery" stating that the documents produced in response to document subpoenas "already completed that which Judge Robart allowed." (Trojan Decl. 2/22/2021, Ex. 4.) Counsel for the Non-Parties then objected generally to the number of topics sought in the

---

[1] The copies of the deposition subpoenas for testimony served on December 23, 2020 by email and attached to the declaration of R. Joseph Trojan as Exhibit 1 appear incomplete. There is only one completed and signed subpoena form (AO 88A) submitted, and that is for a personal deposition of Leszek Orsulak on January 7, 9:30 am.

**REPORT AND RECOMMENDATION OF THE SPECIAL MASTER**
**REGARDING NON-PARTIES' MOTION TO QUASH**
**DEPOSITION SUBPOENA - 4**
No. 18-cv-00659

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

notices directed to SteelTec and S4S (thirty-four and thirty-five, respectively) and the need for full-day depositions from Messrs. Sydry and Orszulek. (*See id.*)

Based on the general objections set forth in counsel's letter dated January 11, 2021, the Non-Parties refused to appear for any deposition, concluding that the deposition subpoenas "run[] directly afoul of [FRCP 45]" and were a "deliberate attempt to subject [the Non-Parties] to undue burden and expense in furtherance of [CEMCO's] fishing expedition in the Washington proceedings." (*See id.*)

On January 20, 2021, counsel for CEMCO responded to the Non-Parties' letter dated January 11, 2021. (Trojan Decl. 2/22/21, Ex. 7.) In CEMCO's response, counsel indicated CEMCO would move to compel compliance with the subpoenas and seek contempt remedies for the Non-Parties' refusal to appear at a deposition. Counsel for CEMCO also requested confirmation from counsel for the Non-Parties as to whether the Non-Parties would object based on the method of service, i.e., service by email on 12/23/2020. (*See id.*)

Counsel for CEMCO attempted to confer with counsel for the Non-Parties by telephone and email on January 26, 2021, asking again whether the Non-Parties were intending to challenge the method of service of the deposition subpoenas by email. (*See id.*, Ex. 8.) On January 27, 2021, counsel for the Non-Parties responded by letter stating that based on the Non-Parties' objections as to the dates for the noticed depositions (as specified in his December 23, 2020 and December 29, 2020 emails (*see id.*, Ex. 2)), that counsel for CEMCO "agreed not to move forward with those subpoenas." (*Id.* Ex. 14.) Counsel for the non-parties explained further

**REPORT AND RECOMMENDATION OF THE SPECIAL MASTER REGARDING NON-PARTIES' MOTION TO QUASH DEPOSITION SUBPOENA - 5**
No. 18-cv-00659

1
2
3
4

> This is why I refused to answer Mr. Wong's questions via voicemail and email on January 26th, because I will not accede to your attempt to rewrite this history and pretend that there is still some outstanding subpoena to appear for depositions that were improperly scheduled to occur approximately twenty days ago.

(*Id.*) In view of counsel's refusal to confirm the service of the December 23, 2020

5
6

subpoenas, CEMCO had the deposition subpoenas personally served on or around January

7

29, 2021. (Trojan Decl. 2/22/21, Ex. 5.) The deposition subpoenas served on January 29,

8

2021 called for depositions of the Non-Parties on February 12, 15, and 16, 2021.

9

(CEMCO Response, 4:7-8.)[2]

10
11

Counsel for CEMCO wrote counsel for the Non-Parties on February 5, 2021,

12

stating "[s]ince we have not received any objections to the deposition subpoenas, we will

13

finalize our arrangements for the depositions scheduled for February 12, 15, and 16."

14

(Trojan Decl. 2/22/21, Ex. 9.) Counsel for the Non-Parties responded the same day,

15

stating "[y]ou are certainly free to do what you need to do with respect to finalizing your

16

arrangements, but that has nothing to do with my deadlines for objecting to and/or moving

17

to quash the subpoena." (*Id.*)

18
19

On February 11, 2021, counsel for CEMCO wrote counsel for the non-parties

20

asking for confirmation that the witnesses intended to appear for deposition starting the

21
22
23

---

[2] The copies of the deposition subpoenas served on January 29, 2021 attached to the Declaration of K.C. Hovda as Exhibits A-D, appear incomplete as do the copies attached as Exhibit 5 to the Declaration of R. Joseph Trojan. Exhibit A of the Hovda Declaration attaches a completed and signed Subpoena Form AO 88A for Leszek Orzulak calling for a personal deposition on February 12, 2021 and Exhibits C-D attach the same Form AO 88A for Leszek Orzulak. Exhibit 5 to the Trojan Declaration, includes a completed and signed Form AO 88A calling for the deposition of Leszek Orzulak on February 12, 2021, but the remaining forms are not signed and blank.

24
25
26

**REPORT AND RECOMMENDATION OF THE SPECIAL MASTER**
**REGARDING NON-PARTIES' MOTION TO QUASH**
**DEPOSITION SUBPOENA - 6**
No. 18-cv-00659

LOWE GRAHAM JONES ᴾᴸᴸᴄ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

following day. (*Id.*) Counsel for the Non-Parties responded on the same day informing CEMCO that the Non-Parties' intended to move to quash the subpoenas. (*Id.*) The motion to quash was submitted later that day.

## C.    Summary of the Arguments

The Non-Parties claim that the deposition subpoenas are unduly burdensome. (Motion, 6-7.) Specifically, the Non-Parties assert undue burden because the discovery sought by the deposition subpoenas is beyond the scope of what is relevant in view of the Court' order reopening the case. (*Id.* (citing Dkt. No. 190).) The Non-Parties do not provide detailed objections to the deposition topics, rather they assert generally that the documents produced in response to document subpoenas in combination with information available from the party-Defendants fully satisfies the scope of relevant discovery directed their way. (*Id.*, 9.) The Non-Parties object to any discovery seeking information regarding their financial status, asserting that such is not relevant and being pursued for "tactical reasons." (*Id.*) The Non-Parties also assert that responding to the deposition subpoenas would impose a substantial hardship insofar as they seek confidential or proprietary information[3] and insofar as they require in-person attendance and would interfere with company operations. (*Id.*, 10.) Finally, the Non-Parties assert that discovery is now

---

[3] The Non-Parties allege that confidential information produced by them in response to the document subpoenas has been misused by CEMCO to contact the Non-Parties' customers about this case and the injunction. (Motion, 5 (citing Sydry Decl. ¶¶7-9).) However, there is no evidence to suggest that CEMCO obtained the identity of these customers from any confidential information not already known by CEMCO. And CEMCO indicates that it has had an ongoing business relationship with the customer contacted. (Usami Decl. ¶2.) To the extent the Non-Parties believe CEMCO's contact with customers is actionable, they may choose to assert claims for that conduct in separate litigation should a good-faith basis exist.

**REPORT AND RECOMMENDATION OF THE SPECIAL MASTER REGARDING NON-PARTIES' MOTION TO QUASH DEPOSITION SUBPOENA** - 7
No. 18-cv-00659

available in the California proceeding that any discovery related to issues on Plaintiffs'

motion to contempt can and should be taken in that proceeding. (Motion, 5-6.)

CEMCO claims the Non-Parties' motion is untimely because it was not filed until

the day before the first deposition was set to take place. (CEMCO Resp., 4 (citing Fed. R.

of Civ. P. 45(c)(3)(A).) CEMCO responds to the Non-Parties' arguments relating to undue

burden by asserting that the scope of discovery sought by the deposition subpoenas is

within that which was allowed by the Court. (*Id.*, 5-7.) CEMCO also explains the

documents produced to-date by the Non-Parties leave several unanswered questions about

their involvement with and knowledge about the conduct subject to contempt proceedings.

(*Id.* 8.) Responding to the Non-Parties' hardship concerns, CEMCO asserts that it does not

insist on in-person depositions and during oral argument, counsel for CEMCO indicated

CEMCO would have made reasonable accommodations to the length and mode of the

depositions had the Non-Parties made any specific requests for the same. As for the

California litigation, CEMCO responds by stating that discovery in that case is not

available to all parties because ClarkDietrich is not a party and that any evidence within

the scope of discovery in that action may not necessarily be admissible in these contempt

proceedings (*Id.*, 9.) Finally, CEMCO asserts that the existing protective order in this case

(Dkt. No. 87) is sufficient to vouch-safe the Non-Parties' confidential information.

CEMCO also seeks sanctions in the form of several negative inferences for the Non-

Parties' failure to comply with the deposition subpoenas. (CEMCO Response, 12;

CEMCO's Proposed Order.)

### III.    ANALYSIS

**A.    Discovery Scope Under Rule 45**

Generally, the scope of discovery under Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1). *Heard v. Costco Wholesale Corp.*, No. 2:19-cv-00673-RFB-DJA, 2020 U.S. Dist. LEXIS 16586 *2-3, 2020 WL 515841 (D. Nev. Jan. 31, 2020). Rule 26(b)(1) provides broad and liberal discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. of Civ. P. 26(b)(1). Additionally, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

A validly issued subpoena may command a non-party to produce documents or appear for a deposition. Fed. R. of Civ. P. 45(a)(1)(B) and (C). To be validly issued, the subpoena must include the information specified in part (a)(1)(A) of Rule 45, be issued from the court where the action is pending and signed by an attorney authorized to practice in the issuing court. *See* Fed. R. of Civ. P. 45(a)(2) and (3). A subpoena calling for the attendance of a non-party must be properly served on the named person along with the tender of fees for 1 day's attendance and the mileage allowed by law. *See* Fed. R. of Civ. P. 45(b)(1). A subpoena cannot command the attendance of a non-party for deposition at a place more than 100 miles from where the person resides, is employed, or regularly transacts business. *See* Fed. R. of Civ. P. 45(c)(1)(A). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. of Civ. P. 45(d)(1). On a timely motion, the court must quash or modify a subpoena that "(i) fails

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." *See* Fed. R. of Civ. P. 45(d)(3)(A).

**B.     Scope of Third-Party Discovery Permitted by the Court**

The parties dispute whether the deposition subpoenas in this case seek relevant and proportional discovery and whether the Non-Parties face undue burden in appearing for a deposition. *See supra* § II.C. As a preliminary matter, the Special Master is unable to determine from the evidence submitted whether the subpoenas were validity issued or served. *See supra*, fn. 2, 3. That said, the Non-Parties have not objected to the several formalities required for the issuance of a valid subpoena and seek to quash solely on the grounds of relevancy and undue burden. *See supra* § II.C.

On the issue of relevance, the Special Master finds that testimony from the Non-Parties is indeed relevant and within the scope of what the Court allowed in its order reopening the case. (Dkt. No. 190.) The Non-Parties offer no specific evidence suggesting that their document production was sufficiently exhaustive or that it eliminated any need for depositions on the topics identified by the Court. At a minimum, the documents produced by Non-Parties may face a host of objections as to their use and admissibility in this case absent the opportunity for CEMCO to explore such issues in a deposition. Nor have the Non-Parties produced sufficient evidence that the discovery sought through deposition could be obtained through less burdensome ways, such as through party-

**REPORT AND RECOMMENDATION OF THE SPECIAL MASTER REGARDING NON-PARTIES' MOTION TO QUASH DEPOSITION SUBPOENA** - 10
No. 18-cv-00659

LOWE GRAHAM JONES ᴘʟʟᴄ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

discovery directed to the named defendants. Given the arguments made by Defendants and the Non-Parties, i.e., that they did not act in concert to violate the injunction and that they are not sufficiently related or "legally identified" with the Defendants to be bound by the injunction, it is reasonable to assume that Defendants lack access to the same information possessed by the Non-Parties. Additionally, the issues flagged by the Court for third-party discovery relate to the Non-Parties' state of mind. For example, the "active concert" form of liability applies "to non-parties that act with an enjoined party to bring about a result forbidden by the injunction . . . if they are aware of the injunction and know that their acts violate the injunction." (Dkt. No. 190 (quoting *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) (internal quotation marks omitted).) Thus, depositions of the Non-Parties seem particularly appropriate for determining whether they acted in concert with the Defendants to violate the injunction.

As for the existence of the California litigation, it is not at all clear that discovery through that case will yield the same type or content of discovery allowed by the Court here. While it is true that infringement is at issue there, the Non-Parties' relationship with the Defendants as it relates to the contempt proceedings in this case and whether the Non-Parties should be bound by the injunction are issues that do not completely overlap with the ones presented in the California litigation. Additionally, not all of the Non-Parties are parties to the California litigation, and thus, discovery on those people or entities will need to follow the strictures of Rule 45 in any event.

As for the Non-Parties' arguments concerning the need to sit for multiple days of in-person depositions, counsel for CEMCO indicated at oral argument that CEMCO

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
REGARDING NON-PARTIES' MOTION TO QUASH
DEPOSITION SUBPOENA - 11
No. 18-cv-00659

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

would be willing to discuss specific accommodations as to the number of days needed and the numbers of hours required on the record. That said, there may be reasons why CEMCO insists upon a full days' worth of testimony from each of the Non-Parties and given the Non-Parties' failure to offer any counter proposal as to the amount of time needed for the depositions, the Special Master is in no position to rule on that issue at this time. Counsel for the parties and Non-Parties should meet and confer on the amount of time needed for the depositions and reasonable accommodations should be made for the manner of the deposition, i.e., the Non-Parties should be permitted to appear remotely if they choose, and counsel should work together as much as possible to find suitable dates that accommodate the witnesses' schedules.

Similar to the issue discussed immediately above with respect to the amount of time necessary for each deposition sought, there has been no meaningful dialogue between the parties regarding the scope of the topics put forward in the subpoenas directed to SteelTec and S4S. To the extent SteelTec and S4S have specific objections to make to the scope of those topics, they have waived the opportunity to make those objections by failing to specifically set them out in their motion or in the correspondence leading up to the motion. That said, the scope of discovery on SteelTec and S4S is not unbounded. The Special Master is persuaded by CEMCO's comments during the oral hearing as to what is definitely outside of the scope of third-party discovery allowed by the Court.

MR. WALTERS: Let me ask you this: What in your mind is definitely not in the scope of what Judge Robart allowed in the order reopening the case?

**REPORT AND RECOMMENDATION OF THE SPECIAL MASTER**
**REGARDING NON-PARTIES' MOTION TO QUASH**
**DEPOSITION SUBPOENA -** 12
No. 18-cv-00659

LOWE GRAHAM JONES ᴾʟʟᴄ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

MR. TROJAN: The other -- all of the other products that SteelTec sells, the corporate finances for SteelTec, what Mr. -- what -- the net worth of these two men, that's not part of it. Who were their employees that aren't involved in this particular product, all of that's completely off limits. Anything else that they do with Mr. Klein that's unrelated to the products at issue that Judge Robart approved, if they're in business with him doing other things as well, that's off the table, that's not part of the scope of this order.of the scope.

(Rough Transcript from Oral Hearing held 3/5/2021, 26:10-23.) Additionally, the protections and rights of Fed. R. of Civ. P. 30(d)(3) remain in effect for any deposition conducted pursuant to Rule 45.

Regarding the Non-Parties' objections based on confidentiality, if appropriate, they may designate testimony confidential under the terms of the existing protective order or seek a more specific order relating to other aspects of discovery sought by the Plaintiffs in this case. The Special Master is not persuaded that there has been any misuse of confidential information produced by the Defendants or Non-Parties designated under the protective order in this case. Allegations of misuse of confidential information designated under the terms of a protective order is a serious issue and will be dealt with appropriately.

## C.    CEMCO's Request for Sanctions

CEMCO requests sanctions in the form of adverse inferences that should be made in these contempt proceedings as a result of the Non-Parties' failure to comply with the subpoenas. The Special Master does not recommend sanctions at least because the evidence is incomplete or inadequate to show when or even if the subpoenas were validity issued and served.

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
REGARDING NON-PARTIES' MOTION TO QUASH
DEPOSITION SUBPOENA - 13
No. 18-cv-00659

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**D.     Scheduling Issues**

Given the several issues concerning discovery and the need for the parties and Non-Parties to obtain rulings from the Special Master, and if requested, review by the Court, the Special Master asked the parties to submit a revised schedule for the contempt proceedings in this case. The parties submitted competing schedules with the major difference being that the Defendants seek a date certain for any renewed motion seeking to add the Non-Parties to these contempt proceedings and date certain for the Plaintiffs' motion for contempt. Having reviewed both proposed schedules and having considered the genuine concerns by the Defendants for a certain date by which the Plaintiffs must file their motions, the Special Master recommends that the Court adopt the following briefing schedule.

| Event | Date |
|---|---|
| Filing and Service of Renewed Motion to Initiate Proceedings against Third Parties | May 13, 2021 (Noted for the third Friday thereafter consistent with LCR 7(d)(3)) |
| Filing and Service of Motion for Contempt | July 15, 2021 ((Noted for the fourth Friday thereafter consistent with LCR 7(d)(3)) |

## IV.     CONCLUSION

NOW, THEREFORE, being fully advised of the matter, the Special Master hereby recommends that the motion to quash be DENIED and that the Court enter a revised briefing schedule as set forth above. Counsel for the parties and Non-Parties should meet and confer on the amount of time needed for the depositions and reasonable accommodations should be made for the manner of the deposition, i.e., the Non-Parties should be permitted to appear remotely if they choose, and counsel should work together as much as possible to find suitable dates that accommodate the witnesses' schedules.

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
REGARDING NON-PARTIES' MOTION TO QUASH
DEPOSITION SUBPOENA - 14
No. 18-cv-00659

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1    Pursuant to the order appointing the Special Master, objections may be filed and

2  served upon all parties no later than **March 20, 2021** with any objections noted and

3  briefed as second-Friday motions pursuant to LCR 7(d)(2) not exceed six pages consistent

4  with LCR 7(e)(2).

5

6    DATED this 10th day of March, 2021.

7

8                                         LOWE GRAHAM JONES PLLC

9

10                                        Mark Walters, WSBA #30,819
                                          walters@lowegrahamjones.com
11                                        701 Fifth Avenue, Suite 4800
                                          Seattle, WA  98104
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**REPORT AND RECOMMENDATION OF THE SPECIAL MASTER**
**REGARDING NON-PARTIES' MOTION TO QUASH**
**DEPOSITION SUBPOENA -** 15
No. 18-cv-00659

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## CERTIFICATE OF SERVICE

I certify that on March 10th , 2021, a copy of this pleading was filed electronically with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record via the court's electronic filing system.

/s/Rischel Voigt
Rischel Voigt, Paralegal

LOWE GRAHAM JONES ᴾʟʟᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301