THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CALIFORNIA EXPANDED METAL PRODUCTS COMPANY, a California corporation; and CLARKWESTERN DIETRICH BUILDING SYSTEMS LLC, dba CLARKDIETRICH BUILDING SYSTEMS, an Ohio limited liability company,<br><br>               Plaintiffs,<br><br>v.<br><br>JAMES A. KLEIN, an individual; BLAZEFRAME INDUSTRIES, LTD., a Washington Company, and SAFTI-SEAL, INC., a Washington company,<br><br>               Defendants. | Case No. 18-cv-00659-JLR<br><br>**REPORT AND RECOMMENDATION OF THE SPECIAL MASTER REGARDING PLAINTIFFS' MOTION TO COMPEL** |

## I. INTRODUCTION

THIS MATTER is before the Special Master pursuant to the Court's order (Dkt. No. 208) and on a motion to compel discovery filed by the Plaintiffs California Expanded Metal Products Company ("CEMCO") and Clarkwestern Dietrich Building Systems LLC's ("ClarkDietrich") (collectively, "Plaintiffs"). On the instant motion, Plaintiffs move to compel discovery from Defendants James A. Klein ("Klein") and Safti-Seal, Inc. ("Safti-Seal") (collectively, "Defendants") to produce documents and things in response to Plaintiffs' discovery requests propounded pursuant to the Court's order re-opening the

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER ON PLAINTIFFS' MOTION TO COMPEL - 1
No. 18-cv-00659

LOWE GRAHAM JONES ₚₗₗc
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

case for contempt proceedings against Defendants. (Dkt. # 190.) The motion was fully briefed before the Special Master as of March 26, 2021. Neither party requested an oral hearing, and the Special Master concludes that an oral hearing is not necessary to resolve the issues presented by the instant motion.

NOW, THEREFORE, being fully advised of the matter, the Special Master hereby makes the following report and recommendation pursuant to Fed. R. of Civ. P. 53.

## II.    FACTS

### A.    Procedural Background

The procedural background for this case as stated in the Special Master's previous Report and Recommendation (Dkt. #211) is adopted and incorporated by reference here.

### B.    Discovery at Issue

On the instant motion, Plaintiffs seek to compel the production of documents responsive to Request for Production ("RFP") Nos. 1-3, 5-7, and 9-16 propounded to Defendant Klein and RFP Nos. 1-3 and 5-14 propounded to Defendant Safti-Seal. These RFPs request, among other things, (a) documents relating to the "FRG products,"[1] (b) documents related to any "Safti-Seal Products"[2] from December 8, 2019 to the present, (c) documents relating to any "Seal4Safti Products"[3] from December 8, 2019 to the present,

---

[1] "The FRG Products" refer to a line of products allegedly sold by Defendants acting in concert or legally identified with certain third parties. The "FRG" stands for "Fire Rated Gasket" and the Plaintiffs allege that these products infringe U.S. Patent No. 7,681,365 ("the '365 patent"), U.S. Patent No. 7,814,718 ("the '718 patent"), U.S. Patent No. 8,136,314 ("the '314 patent"), and U.S. Patent No. 8,151,526 ("the '526 patent") (collectively, "the Patents") and that they were sold in violation of the permanent inunction entered January 3, 2020. (Dkt. #164.)

[2] "The Safti-Seal Products" refer to products allegedly made and sold by Defendant Safti-Seal that include intumescent material.

[3] "The Seal4Safti Products" refer to all products sold by third party Seal4Safti, Inc. ("Seal4Safti"), an entity Plaintiffs allege acted in concert with the Defendants or is legally identified with Defendants.

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
ON PLAINTIFFS' MOTION TO COMPEL - 2
No. 18-cv-00659

LOWE GRAHAM JONES℠
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

(d) documents relating to any Underwriters Laboratories ("UL") certifications or testing of the FRG Products, and (e) documents related to the sale or transfer of Defendants' assets. (*See* Exs. 1-2 to Declaration of R. Joseph Trojan ("Trojan Decl.") signed March 11, 2021.)

The RFPs at issue were propounded on October 19, 2020, and Defendants served objections on November 9, 2020. (*Id.*) On November 10, 2020, Defendants produced approximately 3500 pages of responsive documents. (*See* Declaration of Patrick C. Bageant signed March 23, 2021 ("Bageant Decl."), ¶7.) The documents were collected using search terms run by counsel for defendants against "complete images of all email accounts associated with Defendants as well as non-email documents residing on Defendants' computers and cloud-based storage" and by manual searching relevant folders and directories deemed likely to hold responsive information. (*Id.*, ¶¶3-6.)

On December 15, 2020, counsel for the Plaintiffs wrote counsel for the Defendants identifying several categories of documents produced by third parties that were not produced by Defendants, namely (1) emails relating to the FRG products, in which Mr. Klein allegedly told customers "that the FRG products are the same as the enjoined Safti-Seal products," (2) invoices and purchase orders for the FRG products, (3) documents relating to the sale of Safti-Seal to Seal4Safti and/or SteelTec and "the scope of Mr. Klein's employment with Seal4Safti and/or SteelTec," and (4) documents relating to UL testing and certification of the FRG products. (Motion, 1-2.)

On February 19, 2021, Defendants produced an additional 110 pages of documents that were located on a "google-based server" that was searched in response to Plaintiffs' communications concerning the allegedly missing documents. (Motion, 4; Baegent Decl., ¶10.) This supplemental document production includes "some, or in some cases portions

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
ON PLAINTIFFS' MOTION TO COMPEL - 3
No. 18-cv-00659

LOWE GRAHAM JONES™
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

of some, emails that Plaintiffs had identified" as missing from Defendants' document production. (Baegent Decl., ¶10.) Defendants have been unable to locate all of the documents produced by third parties identified by Plaintiffs as missing from Defendants' document production.

In view of the documents produced by third parties that Defendants were still unable to find in their own document production despite multiple searching efforts, Plaintiffs requested "a sworn declaration from Mr. Klein himself that Mr. Klein has not destroyed or withheld responsive documents and all responsive documents have been produced." (Motion, 5 (citing Trojan Decl., Ex. 5).) Defendants declined to provide the requested declaration unless served with an interrogatory and noted that Plaintiffs were free to explore Mr. Klein's efforts to collect responsive documents in a deposition. (Baegent Decl., ¶12.) "Left with no assurance that Defendants have searched diligently and in the face of evidence that in fact they have not" (Motion, 5), Plaintiffs filed their motion requesting the following relief: "that Defendants be ordered to allow a third party to independently image Defendants' servers, computers and electronic devices so that an independent search can by conducted by the third party to confirm that all responsive documents have been produced."

C.  **Summary of the Arguments**

Defendants oppose the instant motion asserting that an independent or "forensic examination" of their electronic records would be highly burdensome and "unlikely to produce meaningful benefit." (Response, 3.) Defendants cite Fed. R. of Civ. P. 26(b)(1)

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
ON PLAINTIFFS' MOTION TO COMPEL - 4
No. 18-cv-00659

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

which forbids discovery when "the burden or expense of the proposed discovery outweighs its likely benefit." (*Id.*) Defendants note further that Fed. R. of Civ. P. 34 requires only a "reasonable effort" to located responsive documents, and that the requested independent examination is unreasonable because Defendants have conducted multiple searches for the specific documents identified by the Plaintiffs and have been unable to locate them despite multiple searching efforts. (*Id.*)

Plaintiffs argue that they need the requested independent examination of Defendants' electronic records because Defendants "have refused to respond to repeated requests for an explanation as to why so many documents are missing, what was searched, how the search was conducted, and because Defendants have refused to provide a declaration from Mr. Klein confirming that documents are not being withheld." (Reply, 1; *see also* Motion, 10 ("Plaintiffs have no way of knowing whether there are other servers, computers, electronic devices, or email repositories that have not been searched because Defendants have refused to confirm that everything was searched or to allow independent inspection of them.").)

### III.   ANALYSIS

**A.   The Scope of Allowable Discovery**

Under Rule 34(a), a party may request another party "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" certain items. Fed. R. Civ. P. 34(a). In responding to a request for production under Rule 34, a party is required to produce requested documents if they are within the party's "possession,

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
ON PLAINTIFFS' MOTION TO COMPEL - 5
No. 18-cv-00659

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

custody, or control." *Id*. This includes electronically stored information (ESI). Fed. R. Civ. P. 34(a)(1)(A).

Rule 34 does not give the requesting party access to search through all of the responding party's electronic records. *Ameriwood Indus. v. Liberman*, No. 4:06CV524-DJS, 2006 U.S. Dist. LEXIS 93380 *7, 2006 WL 3825291 (E.D. Mo. Dec. 27, 2006) (citing *In re Ford Motor Co.*, 345 F.3d 1315, 1316-17 (11th Cir. 2003) (granting mandamus and reversing discovery order granting access to computer image as an abuse of discretion)).

> Inspection or testing of certain types of electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy. The addition of testing and sampling to Rule 34(a) with regard to documents and electronically stored information is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems.

*Id.* at 7-8 (quoting Fed. R. Civ. P. 34(a) advisory committee note to 2006 Amendment).

**B.   Plaintiffs Fail to Show a Compelling Reason for Access to Defendants' Computers**

The request by Plaintiffs for access to Defendants' computers for the purpose of ensuring Defendants' compliance with discovery is unusual and should not be granted absent reasons justifying the request. The comments to the Federal Rules make clear that, while "access [to a party's electronic storage device] might be justified in some circumstances," the Rules are "not meant to create a routine right of direct access." Fed. R. Civ. P. 34 (advisory committee note to the 2006 amendments). When allowing such

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
ON PLAINTIFFS' MOTION TO COMPEL - 6
No. 18-cv-00659

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

access, the comments to Rule 34 warn courts to "guard against undue intrusiveness." *Id.* This is because "[i]n most cases, the computer itself is not evidence. It is merely the instrument for creating evidence (like a typewriter) or the means of storing it (like a file cabinet)." *Diepenhorst v. City of Battle Creek*, No. 1:05-cv-734, 2006 U.S. Dist. LEXIS 48551 *6-7, 2006 WL 1851243 (W.D. Mich. June 30, 2006). The requesting party should also show that the responding party's production "has been inadequate and that a search of the opponent's [electronic storage device] could recover deleted relevant materials." *Id.* Courts have been reluctant to rely on mere skepticism or bare allegations that the responding party has failed to comply with its discovery duties. *See, e.g.*, *A.M. Castle & Co. v. Byrne*, 123 F. Supp. 3d 895, 900-901 (S.D. Tex. 2015) (discussing Federal case law on access to a party's electronic devices to ensure compliance with discovery rules).

Based on the production of emails by third parties that do not exist in Defendants' document production, and based further on the content of those emails, which Plaintiffs describe as "damning" (Motion, 6), Plaintiffs surmise that "Defendants' failure to produce emails like these raises the question whether they are purposely concealing evidence to avoid contempt." (Motion, 7.) Plaintiffs assert further that "[t]he only plausible explanation for why such a diverse collection of emails is missing is that Defendants must have selectively removed them from their email repositories." (Motion, 9.)

Defendants concede that these emails are not in their records and explain that four of them pre-date Plaintiffs' motion to reopen the case in June 2020, so they might have been deleted because at that time, Defendants did not anticipate litigation and were not

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
ON PLAINTIFFS' MOTION TO COMPEL - 7
No. 18-cv-00659

LOWE GRAHAM JONES℠

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

under instructions to preserve evidence.[4] (Response, 9.) Regarding the emails produced by third parties that post-date Plaintiffs' motion to reopen the case, Plaintiffs have not deposed Mr. Klein or propounded any other formal discovery seeking an explanation why the emails do not appear in Defendants' document production. The Special Master cannot speculate as to the reasons why these emails were not found in Defendants' documents, nor is the Special Master persuaded that the only plausible explanation is that the emails were deliberately deleted or destroyed.

As for the remaining categories of documents, namely, (2) invoices and purchase orders for the FRG products, (3) documents relating to the sale of Safti-Seal to Seal4Safti and/or SteelTec and "the scope of Mr. Klein's employment with Seal4Safti and/or SteelTec," and (4) documents relating to UL testing and certification of the FRG products, Defendants say they are not withholding these documents. (Response, 10-11.) The documents are simply not found among Defendants' records. (*Id.*) As with the emails, the Special Master will not speculate as to the reasons why these documents were not found in Defendants' documents, nor is the Special Master persuaded that the only plausible explanation is that they were deliberately deleted or destroyed.

Defendants' refusal to provide a declaration from Mr. Klein regarding the allegedly missing documents (Motion, 6) was not improper. Defendants are under no obligation to provide such a declaration. Defendants can be deposed, and these issues may be explored in targeted interrogatories. Further, as Defendants note (Response, 9), the

---

[4] The Special Master does not mean to suggest that Defendants had no duty at this time to preserve potentially relevant evidence. This issue is not before the Special Master at this time.

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
ON PLAINTIFFS' MOTION TO COMPEL - 8
No. 18-cv-00659

LOWE GRAHAM JONES™
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

documents were obtained through third-party discovery, so at the present time, nothing shows that relevant evidence has been irretrievably lost or destroyed. In other words, this is not a motion seeking a remedy for spoliation of evidence.

Accordingly, since Plaintiffs provide no evidence at this time that Defendants have knowingly destroyed or suppressed evidence or that further searching will in fact yield more responsive documents, the motion to image Defendants' servers, computers and electronic devices should be denied.

## IV.   CONCLUSION

NOW, THEREFORE, being fully advised of the matter, the Special Master hereby recommends that Plaintiff's motion to compel be DENIED. Pursuant to the order appointing the Special Master, objections may be filed and served upon all parties within ten (10) days. Any objections should be noted and briefed as second-Friday motions pursuant to LCR 7(d)(2) not exceed six pages consistent with LCR 7(e)(2).

DATED this 31st day of March, 2021.

LOWE GRAHAM JONES PLLC

*/s/ Mark P. Walters*
Mark Walters, WSBA #30,819
walters@lowegrahamjones.com
701 Fifth Avenue, Suite 4800
Seattle, WA  98104

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
ON PLAINTIFFS' MOTION TO COMPEL - 9
No. 18-cv-00659

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**CERTIFICATE OF SERVICE**

I certify that on March 31st, 2021, a copy of this pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record via the court's electronic filing system.

/s/Rischel Voigt
Rischel Voigt, Paralegal

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
ON PLAINTIFFS' MOTION TO COMPEL - 10
No. 18-cv-00659

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301