THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CALIFORNIA EXPANDED METAL PRODUCTS COMPANY, a California corporation; and CLARKWESTERN DIETRICH BUILDING SYSTEMS LLC, dba CLARKDIETRICH BUILDING SYSTEMS, an Ohio limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES A. KLEIN, an individual; BLAZEFRAME INDUSTRIES, LTD., a Washington Company, and SAFTI-SEAL, INC., a Washington company,<br><br>Defendants. | Case No. 18-cv-00659-JLR<br><br>**REPORT AND RECOMMENDATION OF THE SPECIAL MASTER REGARDING NON-PARTIES' MOTION TO STAY** |

## I. INTRODUCTION

THIS MATTER is before the Special Master pursuant to the Court's order (Dkt. No. 208) and on a Motion to Stay Discovery and Motion Practice Pending Outcome of Related California Case filed by non-parties Seal4Safti, Inc. ("S4S"), SteelTec Supply, Inc. ("SteelTec"), Jaroslaw Sydry, and Leszek Orszulak (collectively, the "Non-Parties"). The motion was fully briefed before the Special Master as of April 2, 2021 and a hearing was held on April 27, 2021.

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
ON NON-PARTIES MOTION TO STAY - 1
No. 18-cv-00659

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

NOW, THEREFORE, being fully advised of the matter, the Special Master hereby makes the following report and recommendation pursuant to Fed. R. of Civ. P. 53.

## II. FACTS

### A. Procedural Background

The procedural background for this case as stated in the Special Master's previous Report and Recommendation (Dkt. #211) is adopted and incorporated by reference here.

### B. Discovery at Issue

Non-Parties request an order staying any further discovery and motion practice relating to them in these contempt proceedings. (Motion, 1.) While Non-Parties do not seek to stay discovery that has already been served by the Plaintiff, California Expanded Metal Company ("CEMCO"), which discovery was discussed generally in the Special Master's Report and Recommendation filed March 10, 2021 (Dkt. #211) and includes additional depositions that have been noticed since that time and scheduled to be completed by April 30, 2021, Non-Parties seek an order staying all future discovery efforts directed towards them and staying any filing or consideration of a motion by plaintiffs CEMCO and Clarkwestern Dietrich Building Systems LLC ("ClarkDietrich") to add Non-Parties to these contempt proceedings (collectively, "Plaintiffs"). (Motion, 1.)

According to the Court's order reopening the case, CEMCO was allowed "limited third party discovery" directed to the Non-Parties under FRCP 45 and an opportunity, following discovery, for Defendants to renew their motion to initiate contempt proceedings against the Non-Parties. (*See* Dkt. No. 190, 19-20.) The due date for Plaintiffs to renew their motion to initiate contempt proceedings against the Non-Parties is May 13, 2021 and will be fully briefed by June 4, 2021. (Dkt. No. 212.)

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
ON NON-PARTIES MOTION TO STAY - 2
No. 18-cv-00659

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

C.  **Summary of the Arguments**

Non-Parties argue that any action to hold them in contempt for violation of the stipulated consent judgment and permanent injunction (Dkt. No. 164) "is necessarily premised on the underlying requirement that the Asserted Patents must be valid and enforceable as to the Non-Parties," and that the Asserted Patents are invalid and unenforceable as alleged in a case currently pending in the Central District of California brought by S4S against CEMCO, Case No. 2:20-cv-10409-MCS-JEM ("the California Litigation"). In a supplemental filing submitted by Non-Parties on April 16, 2021, the Special Master was made aware that the Court in the California Litigation denied CEMCO's motion to stay that case or transfer to this district. (*See* Case No. 2:20-cv-10409-MCS-JEM, Dkt. No. 40.)

Non-Parties assert that a stay in this case as requested should be granted based on the Ninth Circuit's law setting forth the following factors for courts to consider when a party seeks to stay proceedings: (1) the possible damage that may result from granting a stay, (2) the hardship or inequity that a party may suffer if required to litigate, and (3) how a stay would affect the "orderly course of justice," including whether it would simplify or complicate factual and legal issues in the pending litigation. *See Cisco Sys. v. Wilson Chung*, 462 F. Supp. 3d 1024, 1043 (N.D. Cal. 2020) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).[1]

---

[1] At the hearing held April 27, 2021, in response to questions whether Non-Parties' motion was more appropriately addressed as a motion for protective order under Rule 26(b), counsel for the Non-Parties explained that the more appropriate standard for deciding the motion was as a motion to stay because the relief sought includes a request that no further

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
ON NON-PARTIES MOTION TO STAY - 3
No. 18-cv-00659

LOWE GRAHAM JONES™

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Applying the stay factors identified above, Non-Parties argue "the damage that will result to Plaintiffs if the stay is granted is minimal because . . . Plaintiffs will still have the opportunity to pursue contempt proceedings against the Non-Parties in this action, if they prevail on the validity and infringement claims currently pending in California." Non-Parties also assert that they "would suffer extreme hardship if required to continue to litigate and expend resources in this Washington proceeding without the ability to argue the Asserted Patents are invalid and unenforceable [and] without a meaningful opportunity to show its FRG products do not infringe." (Motion, 4.) Next, the Non-Parties argue that "the California proceeding will necessarily simplify, or potentially nullify in their entirety, the legal issues in this proceeding with regard to the Non-Parties." (*Id.*) Finally, the Non-Parties assert that "[t]here is also a real risk of inconsistent results, if both cases are allowed to go forward at the same time." (Motion, 8.)

Plaintiffs oppose the requested stay, arguing that even if the Non-Parties prevail in the California Litigation on their assertions that the Asserted Patents are invalid, "that result still would not extinguish Plaintiffs' contempt claims because Plaintiffs can recover damages as contempt sanctions for the Non-Parties' past and current violations of the injunction even if the patents are later invalidated." (Response, 1 (citing *DeLorme Publ'g Co. v. Int'l Trade Comm'n*, 805 F.3d 1328, 1336 (Fed. Cir. 2015).) Additionally, Plaintiffs argue that because patents are presumed valid, they do not need to prove that the Asserted Patents are valid to succeed on their contempt claims. (*Id.*) Plaintiffs also argue the

---

motion practice be initiated against the Non-Parties and because at the present time, no outstanding disputes exist with respect to CEMCO's third-party discovery efforts. (Hearing Transcript, 11-12.)

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
ON NON-PARTIES MOTION TO STAY - 4
No. 18-cv-00659

LOWE GRAHAM JONES℠

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

existence of a "threshold question here . . . [i.e.,] whether the Non-Parties are in privity with the Defendants such that the Non-Parties are legally identified with Defendants or working in concert with them." (*Id.*, 2 (citing *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1304 (Fed. Cir. 2012).) Next, Plaintiffs assert that if the Non-Parties are found to be legally identified with Defendants for contempt, they would also likely be barred under the doctrine of assignor estoppel from asserting that the patents sold by the Defendants to CEMCO are invalid because "[p]arties in privity with the assignor are also barred from challenging validity." (*Id.* (citing *Checkpoint Systems, Inc. v. All-Tag Sec. S.A.*, 412 F.3d 1331, 1336–37 (Fed. Cir. 2005).) Finally, on the harm that might be caused by a stay, Plaintiffs note that in the California Litigation, ClarkDietrich is not a party and that it "suffers the brunt of immediate impact in the marketplace from the infringement of the Asserted Patents." (Response, 11.)

At the hearing held April 27, 2021, counsel for ClarkDietrich asserted that the harm it might suffer in the marketplace should a stay be wrongfully granted would not be compensable by money damages because it relates to how the accused products are currently being marketed and sold, i.e., "from a finished product, which has the steel and tape on it, as opposed to now the market is – is looking at more of a – just a tape product. No Steel." (Hearing Transcript, 27.) Plaintiffs also asserted at the hearing that they would suffer harm if a stay were granted because S4S is the only party named as a plaintiff or counterclaim-defendant in the California Litigation and given the limited patent term, a stay would effectively eliminate equitable relief already granted by way of the injunction in this case. (*Id.*, 19-20.)

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
ON NON-PARTIES MOTION TO STAY - 5
No. 18-cv-00659

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Regarding the doctrine of assignor estoppel, Non-Parties argued in reply that the doctrine might be eliminated or limited by a pending Supreme Court case, *Hologic, Inc. v. Minerva Surgical, Inc.*, 957 F.3d 1256, 1266 (Fed. Cir. 2020), *cert. granted*, 141 S. Ct. 975 (2021). During the hearing held April 27, 2021, Plaintiffs responded that even if the Supreme Court eliminates or limits the doctrine of assignor estoppel, issue preclusion would be asserted against attempts by S4S in the California Litigation to argue invalidity. (Hearing Transcript, 25.)

### III.   ANALYSIS

Considering the arguments outlined above, the Special Master agrees with Plaintiffs that a threshold issue exists in this case whether the Non-Parties are in privity with Defendants such that they may be bound by the injunction. Discovery on that issue has nearly concluded and the renewed motion to initiate contempt proceedings against the Non-Parties will be fully briefed in this matter by June 4, 2021. If the Non-Parties are held to be in privity with Defendants for the purposes of these proceedings, that may impact S4S's ability to assert invalidity and unenforceability defenses in the California Litigation. More importantly, however, the Special Master is persuaded that adjudication of this issue is necessary now, else Plaintiffs will be substantially deprived of the equitable relief granted by the injunction, namely the ability to enjoin the sale of the Accused Products and "products no more than colorably different from the previously adjudged infringing product[s]" that "actually infringe[] the asserted patent[s]" by parties who may be within the scope of the injunction. *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) (citing *Tivo Inc. v. Echostar Corp.*, 646 F.3d 869, 882 (Fed. Cir. 2011)).

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
ON NON-PARTIES MOTION TO STAY - 6
No. 18-cv-00659

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Moreover, to agree with the Non-Parties, that adjudication of these contempt proceedings as to their accused conduct should take a back seat to S4S's declaratory judgment action asserting invalidity and unenforceability of the Asserted Patents (an action filed *after* Plaintiffs initiated contempt proceedings in this case), would substantially eliminate the benefit of the injunction by allowing parties who might be bound by the injunction to assert in an offensive action, defenses to enforcement that may not be available. For example, even if the Supreme Court eliminates or substantially limits the doctrine of assignor estoppel in *Hologic, Inc. v. Minerva Surgical*, 957 F.3d 1256, 1266 (Fed. Cir. 2020), *cert. granted*, 141 S. Ct. 975 (2021), CEMCO may still assert collateral estoppel against S4S's invalidity and unenforceability claims, arguments which turn on whether the Non-Parties are in privity or legally identified with Defendants in this case and thus bound by the injunction. *See*, *e.g.*, *Asetek Danmark A/S v. CMI USA Inc.*, 852 F.3d 1352, 1370 (Fed. Cir. 2017) (identifying the existence of "privity-based issue preclusion . . . which is not foreclosed simply by the absence of claim preclusion") (citing *New Hampshire v. Maine*, 532 U.S. 742, 748, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001)). Additionally, the invalidity and unenforceability defenses in the California Litigation may not be determined for another year. This recommendation is also consistent with Judge Robart's decision that Plaintiffs ought to be afforded an opportunity to take discovery and renew their motion to initiate contempt proceedings against the Non-Parties. (Dkt. No. 190, 18.) Resolution of these issues now may greatly simplify the California Litigation and the Non-Parties have failed to specifically identify the harm they might suffer by having these questions answered now.

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
ON NON-PARTIES MOTION TO STAY - 7
No. 18-cv-00659

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## IV. CONCLUSION

NOW, THEREFORE, being fully advised of the matter, the Special Master hereby recommends that the Non-Parties' Motion to Stay Discovery and Motion Practice Pending Outcome of Related California Case be DENIED. Pursuant to the order appointing the Special Master, objections may be filed and served upon all parties within ten (10) days. Any objections should be noted and briefed as second-Friday motions pursuant to LCR 7(d)(2) not exceed six pages consistent with LCR 7(e)(2).

DATED this 28th day of April 2021.

LOWE GRAHAM JONES PLLC

_/s/ Mark P. Walters_
Mark Walters, WSBA #30,819
walters@lowegrahamjones.com
701 Fifth Avenue, Suite 4800
Seattle, WA  98104

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
ON NON-PARTIES MOTION TO STAY - 8
No. 18-cv-00659

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**CERTIFICATE OF SERVICE**

I certify that on April 28th, 2021, a copy of this pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record via the court's electronic filing system.

*/s/Rischel Voigt*
Rischel Voigt, Paralegal

REPORT AND RECOMMENDATION OF THE SPECIAL MASTER
ON NON-PARTIES MOTION TO STAY - 9
No. 18-cv-00659

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301