UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CALIFORNIA EXPANDED METAL PRODUCTS COMPANY, et al.,

Plaintiffs,

v.

JAMES A. KLEIN, et al.,

Defendants.

CASE NO. C18-0659JLR

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the court is a Report and Recommendation ("R&R") issued by Special Master Mark Walters on (1) Plaintiffs California Expanded Metal Products Company and Clarkwestern Dietrich Building Systems LLC's (collectively, "Plaintiffs") motion for leave to file an overlength brief for their upcoming motion for contempt; and (2) the parties' stipulated motion to bifurcate issues related to damages. (R&R (Dkt. # 252) at 1.) The parties agree on both the requested page limits and bifurcation. (*See id.* at 2-3.)

//

Having reviewed the R&R, the relevant portions of the record, and the applicable law, the court adopts the R&R in its entirety. (*See id.*) The parties' briefing regarding the motion for contempt shall adhere to the following page limits:

| **Brief** | **Page Limit** |
|---|---|
| Opening Brief | 50 |
| Opposition Brief | 50 |
| Reply Brief | 20 |

Moreover, the court agrees with the R&R that bifurcation of the damages phase is appropriate here. A district court's authority to bifurcate comes from Federal Rule of Civil Procedure 42(b), which states, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues." Fed. R. Civ. P. 42(b). The decision to bifurcate damages issues from liability issues is in the sound discretion of the trial court. *Robert Bosch LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1319-20 (Fed. Cir. 2013). Courts weigh several factors, including convenience, prejudice, and judicial economy. *Bowoto v. Chevron Corp.*, No. C99-02506SI, 2008 WL 2074401, at *1 (N.D. Cal. May 15, 2008). Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case. *Karpenski v. Am. Gen. Life Cos., LLC*, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012).

Here, the parties represent that bifurcation is convenient because "supplementation of discovery related to damages will be required" given the recent addition of a non-party to these proceedings. (R&R at 2; *see* 9/1/21 Order (Dkt. # 251 (sealed)) at 26.) Moreover, determination of damages will only be necessary if the court finds contempt and permits damages. (*See id.* at 2-3.) Under these circumstances, the court agrees that

bifurcation of damages issues would be convenient to all parties and promote judicial economy. Should contempt be found, the parties shall be ordered to meet and confer within seven (7) days of any such order and submit within fourteen (14) days a joint status report setting forth a proposed schedule regarding how to proceed with the damages phase.

Accordingly, the court ADOPTS the R&R in its entirety (Dkt. # 252) and GRANTS Plaintiffs' motion to file an overlength brief and the parties' stipulation to bifurcate issues related to damages.

Dated this 8th day of September, 2021.

JAMES L. ROBART
United States District Judge