THE HONORABLE JAMES L. ROBART
SPECIAL MASTER MARK P. WALTERS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CALIFORNIA EXPANDED METAL PRODUCTS COMPANY, a California corporation; and CLARKWESTERN DIETRICH BUILDING SYSTEMS LLC, dba CLARKDIETRICH BUILDING SYSTEMS, an Ohio limited liability company,<br><br>Plaintiffs,<br>v.<br><br>JAMES A. KLEIN, an individual; BLAZEFRAME INDUSTRIES, LTD., a Washington company; and SAFTI-SEAL, INC., a Washington company,<br><br>Defendants. | Case No. 18-cv-00659-JLR<br><br>**REPORT AND RECOMMENDATION RE: MOTION BY S4S FOR A BRIEFING SCHEDULE ON MOTIONS TO STRIKE OR EXCLUDE EXPERT TESTIMONY** |

THIS MATTER is before the Special Master on a motion by Seal4Safti, Inc. ("S4S")[1] requesting a briefing schedule for motions to strike or exclude expert testimony submitted in declarations and written reports from three witnesses offered by Plaintiffs California Expanded Metal Products ("CEMCO") and Clarkwestern Dietrich Building Systems LLC ("ClarkDietrich") (collectively "Plaintiffs") in support of their motion for contempt submitted to the Special Master on September 8, 2021.

---

[1] S4S is a not a party to the underlying litigation, but it was added to these contempt proceedings on September 1, 2021, based on a finding by the Court that it was "legally identified" with Defendant Safti-Seal, Inc. (Dkt. No. 251.)

Report and Recommendation - 1
CASE NO. 18-cv-00659

LOWE GRAHAM JONES ᴾᴸᴸᶜ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

# BACKGROUND

The three witnesses supporting Plaintiffs' motion for contempt are Don Pilz, Eric Bergman, and Richard N. Walke. Mr. Pilz is "the research and development product manager" for CEMCO and he offers approximately 28 pages of testimony with 114 exhibits mostly comparing listings published by Underwriters Laboratory ("UL") including the enjoined "SaftiFrame" and "SaftiStrip" products and the products accused of violating the injunction known as "Fire Rated Gasket" or "FRG" products. Mr. Pilz's declaration offered in support of Plaintiff's motion for contempt is largely the same as the one filed by Plaintiff's in support of their motion to reopen the case on June 22, 2020 (Dkt. No. 170), except that the new Pilz declaration includes new exhibits 84-114, which Plaintiffs describe as "copies of S4S's own UL Listed Assemblies and updated product profiles and installation instructions for S4S products from the S4S website, many of which were submitted with the original Pilz Declaration." (Email from Francis Wong dated 9-21-2021.) During a hearing held on September 21, 2021, counsel for S4S noted that the new Pilz declaration also contains "a table . . . that's all about U-shaped tracks . . . that takes up a page and half," which table was not presented in the original Pilz declaration. (Hearing held on 9-21-2021 (Rough Draft) at 8:6-9.)

Mr. Bergman is the Operations Manager and a Senior Firestop Consultant for Braun Internec Corporation, an engineering and consulting firm, who was retained by the Plaintiffs to provide expert testimony in this matter. (Bergman Rep. ¶1.) Mr. Bergman was asked to compare UL listed assemblies specifying the enjoined SaftiStrip product to newer UL listings specifying the FRG product. Specifically, Mr. Bergman was "asked to explain the similarities and differences, if any, between the [enjoined SaftiStrip] intumescent strip and

Report and Recommendation - 2
CASE NO. 18-cv-00659

LOWE GRAHAM JONES ᴾᴸᴸᶜ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

the FRG intumescent strip in the context of UL approvals for use in firestopping applications based on [his] experience and expertise." (*Id.*, ¶16.)

Mr. Walke is the Technical Director of Creative Technology Inc., "retained by [Plaintiffs] to provide expert testimony." (Walk Decl. ¶1.) Mr. Walke was "employed by [UL] for a total of forty-three years in various technical positions and [has] thirteen years of experience testing joint systems in accordance with UL 2079." (*Id.*, ¶2.) Mr. Walke was asked "by Plaintiffs to assess the decision-making process used by [UL] during the transition of nineteen UL joint systems using Safti-Seal, Inc's Safti-Frame and Safti-Strip series of products to a new series of twenty-one joint systems using [S4S's] FRG Composite Thermal Gasket series of products." (*Id.*, ¶3.) Both the Bergman and Walke expert reports were served on counsel for S4S on June 2, 2021. (Email from R. Joseph Trojan dated 9-20-2021.)

S4S requests a briefing schedule and opportunity to file separate motions to strike or exclude the expert testimony offered by Plaintiffs. Specifically, S4S notes that the briefing schedule recommended by the Special Master on March 10, 2021 (Dkt. No. 211) and adopted by the Court on March 26, 2021 (Dkt. No. 212) "did not include any reference to expert disclosures, discovery, or testimony," and that because S4S was only made a party to these proceedings on September 1, 2021, it has not had a fair or complete opportunity to take discovery of experts or to otherwise challenge the admissibility of expert opinion pertaining to the question of contempt currently before the Court. (Email from KC Hovda dated 9-20-2021.) Plaintiffs respond that S4S has been determined by the Court to have "no separate identity outside of [Defendant] SaftiSeal" (Dkt. No. 251) and for that reason, S4S has been a party to all discussions regarding the proposed schedule leading up to when it

Report and Recommendation - 3
CASE NO. 18-cv-00659

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

was added to these contempt proceedings as of September 1, 2021, and that in any event, S4S received both the Walke and Bergman reports on June 2, 2021, and had fair notice of the content of Mr. Pilz's report as of the time it was filed in June 2020. (Email from R. Joseph Trojan dated 9-20-2021 (discussing service of the Bergman and Walke reports); Email from Francis Wong dated 9-21-2021 (discussing the Pilz report filed 6-22-2020 in comparison to the Pilz Report submitted to the Special Master on 9-8-2021).)

## ANALYSIS

### A.  The Role of Expert Testimony in Contempt Proceedings

The Federal Circuit provides that "[i]f substantial issues need to be litigated, particularly if expert and other testimony subject to cross-examination would be helpful or necessary, the court may properly require a supplemental or new complaint." *KSM Fastening Systems, Inc. v. H.A. Jones Co.*, 776 F.2d 1522, 1531 (Fed Cir. 1985) *overruled in-part by Tivo Inc. v. Echostar Corp.*, 646 F.3d 869, 881 (Fed. Cir. 2011). This is so because the need to rely on expert opinion testimony within the context of contempt proceedings may indicate that "substantial open issues" must be tried, making contempt proceedings inappropriate. *Arbek Mfg., Inc. v. Moazzam*, 55 F.3d 1567, 1570 (Fed Cir. 1995).

Notably, after *Tivo*, the Federal Circuit rejects an "infringement-based understanding of the colorably different test" and instead focuses on "the differences between the features relied upon to establish infringement and the modified features of the newly accused products." *Tivo*, 646 F.3d at 882. "The primary question on contempt should be whether the newly accused product is so different from the product previously found to infringe that it raises 'a fair ground of doubt as to the wrongfulness of the defendant's

Report and Recommendation - 4
CASE NO. 18-cv-00659

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

conduct.'" *Id.* (quoting *Cal. Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618, 5 S. Ct. 618, 28 L.Ed. 1106 (1885)).

> Specifically, one should focus on those elements of the adjudged infringing products that the patentee previously contended, and proved, satisfy specific limitations of the asserted claims. Where one or more of those elements previously found to infringe has been modified, or removed, the court must make an inquiry into whether that modification is significant. *If those differences between the old and new elements are significant*, the newly accused product as a whole shall be deemed more than colorably different from the adjudged infringing one, and the inquiry into whether the newly accused product actually infringes is irrelevant. Contempt is then inappropriate.

*Id.* (emphasis added) (citing *Arbek*, 55 F.3d at 1570). In determining whether significant differences exist between the two products, "much is dependent on the nature of the products at issue" and the Court may consider whether "the modification merely employs or combines elements already known in the prior art in a manner that would have been obvious to a person of ordinary skill in the art at the time the modification was made." *Id.* "[A] district court may seek expert testimony in making the determination" and "[t]he analysis may also take account of the policy that legitimate design-around efforts should always be encouraged as a path to spur further innovation." *Id.* at 883.

When a determination is made that there are no more than colorable differences between the adjudged infringing product and the modified product, district courts must still "evaluate the modified elements of the newly accused product against the asserted claim, on a limitation by limitation basis, to ensure that each limitation continues to be met" and "out of fairness, the district court is bound by any prior claim construction that it had performed in the case." *Id.* (citing *KSM*, 776 F.2d at 1528).

Accordingly, based on application of the "colorably different test" in *Tivo*, expert

Report and Recommendation - 5
CASE NO. 18-cv-00659

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

testimony may be considered by district courts to determine the significance of any difference between the product previously adjudged to be infringing and the modified product, however, to the extent that testimony identifies new or open issues, particularly issues requiring modification to the court's claim construction or application of that claim construction to a new or substitute feature in the modified device, the testimony may require evaluation by the fact finder "in a new infringement proceeding" because such questions "should not be decided in a contempt proceeding." *Id.* at 884.

Whether the expert testimony in this case identifies any such open issues has not been determined and will be addressed in the Special Master's recommendation and report evaluating the evidence and briefing on Plaintiffs' motion for contempt.

**B.    S4S's Request for A Briefing Schedule for Motions to Exclude or Strike Plaintiff's Expert Testimony**

The Special Master recommends that the Court provide S4S additional time to oppose the motion for contempt in view of the additional or modified information that was included in the declaration by Mr. Pilz served on September 8, 2021, but that the Court deny S4S's request for a separate briefing schedule for motions to strike or exclude expert testimony. These contempt proceedings have already been pending for more than a year and S4S has understood, at least since June 2, 2021, that Plaintiffs intended to rely in-part on expert testimony to prove their allegations of contempt. Further, on June 2, 2021, counsel for S4S signed an agreement to be bound by the protective order in this case, and as of that time, S4S had access to any confidential materials appended to the expert reports. (Email from R. Joseph Trojan dated 9-20-2021 (attaching email from June 2, 2021, acknowledging signed agreement by S4S to be bound by the protective order).) While S4S was not

Report and Recommendation - 6
CASE NO. 18-cv-00659

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

determined to be within the scope of the injunction until September 1, 2021 (Dkt. No. 251), counsel for S4S was served as an interested party (Dkt. No. 209) with the Special Master's report and recommendation on S4S's motion to quash certain deposition subpoena's and setting a new briefing schedule on Plaintiffs' motion for contempt (Dkt. No. 211). S4S also received the Court's order setting the briefing schedule, which was entered sixteen days after the Special Master's report and recommendation on the schedule. (Dkt. No. 212.) No objection was made at that time to the proposed schedule, nor did S4S serve any objections to the expert reports following service on June 2, 2021. (Hearing held on 9-21-2021 (Rough Draft) at 8:18-9:1 (noting that "[t]his is all being done at the last minute" and that until now, S4S had not served objections to any of the expert reports).)

Accordingly, S4S's silence on the proposed briefing schedule, particularly the fact that it did not provide for separate briefing on motions to exclude or strike expert testimony, indicates an agreement by S4S that any such issues may be properly determined within the context of Plaintiffs' motion for contempt and that separate discovery by S4S into the facts and opinions stated in those reports as of June 2, 2021, most of which is aimed at products made and sold by S4S, was not necessary. The Special Master notes further that insofar as the Court has already determined that S4S is "legally identified" with Defendant Safti-Seal, Inc., S4S has known or should have known about the detailed accusations of infringement contained in the declaration of Don Pilz filed June 22, 2020. (Dkt. No. 170.)

Finally, because contempt proceedings are necessarily limited to a determination whether the new or modified products are nor more than colorably different from the products adjudged to be infringing, and if so, whether the new or modified products include all elements of the infringed claim or claims according to the Court's claim construction,

Report and Recommendation - 7
CASE NO. 18-cv-00659

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

*Tivo*, 646 F.3d at 882-884, the role of expert testimony in contempt proceedings is limited. Arguments that expert testimony shows substantial differences between the infringing products and the new or modified products, that it depends on modifications to the Court's claim construction, or that it raises genuine issues of material fact requiring new application of the Court's claim construction to the new or modified products, can be made within the context of a motion for contempt. A separate briefing schedule on whether the expert testimony offered in this case is admissible or relevant is not necessary, nor did S4S seek that relief when the schedule was set.

For the reasons stated above, the Special Master recommends that the Court deny S4S's motion for a separate briefing schedule on motions to strike or exclude expert testimony relied on by Plaintiffs to support their motion for contempt, but that the Court allow S4S additional time to include arguments in opposition to Plaintiffs' motion for contempt based on the inclusion of new information or material in the declaration of Don Pilz served September 8, 2021. The Special Master recommends that the noting date for Plaintiffs' motion for contempt be extended from October 1, 2021, to October 15, 2021, and that all oppositions to the motion be due no later than Monday, October 11, 2021.

Dated this 22nd day of September, 2021

_____
Mark P. Walters
Special Master

Report and Recommendation - 8
CASE NO. 18-cv-00659

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**CERTIFICATE OF SERVICE**

I certify that on September 22, 2021, a copy of this pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record via the court's electronic filing system.

/s/Rischel Voigt
Rischel Voigt, Paralegal

Report and Recommendation - 9
CASE NO. 18-cv-00659

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301