THE HONORABLE JAMES L. ROBART
SPECIAL MASTER MARK P. WALTERS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CALIFORNIA EXPANDED METAL PRODUCTS COMPANY, a California corporation; and CLARKWESTERN DIETRICH BUILDING SYSTEMS LLC, dba CLARKDIETRICH BUILDING SYSTEMS, an Ohio limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES A. KLEIN, an individual; BLAZEFRAME INDUSTRIES, LTD., a Washington company; and SAFTI-SEAL, INC., a Washington company,<br><br>Defendants. | Case No. 18-cv-00659-JLR<br><br>**REPORT AND RECOMMENDATION** |

THIS MATTER is before the Special Master in connection with the Court's finding that non-party Seal4Safti, Inc. ("S4s") is "legally identified" with Defendant, Safti-Seal, Inc. ("Safti-Seal") and thus within the scope of the injunction. (Dkt. No. 251, 21-22 (citing *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 154 F.3d 1345, 1354 (Fed. Cir. 1998) ("*Additive Controls II*").) In view of this finding, the Special Master recommends that the Court enter an order finding S4S jointly and severally liable for Defendants' portion of the Special Master's fees in accordance with the order appointing the Special Master. (Dkt. No. 208.)

Report and Recommendation - 1
CASE NO. 18-cv-00659

LOWE GRAHAM JONESᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

In the Court's order appointing the Special Master and pursuant FRCP 53(b)(2)(E) and 53(g), the Special Master is to be compensated at his standard hourly rate. (Dkt. No. 208, 10.) At the end of each month in which the Court utilizes the Special Master's services, the Special Master must prepare and provide an invoice to counsel for Plaintiffs and Defendants, billing each side for half of the hourly fees unless otherwise directed by the Court. (*Id.*) Further pursuant to the Court's order, the parties may object to any bill from the Special Master, the Court will review any challenged bill, and "[i]n the absence of a challenge, the parties shall pay the Special Master's invoices within fourteen (14) days of receipt. (*Id.*)

To date, the Special Master has sent invoices to the parties totaling $41,860 in fees and $1,585.22 in costs. All fees have been charged for the Special Master's services at his hourly rate of $575 per hour. All costs have been for appearances of the court reporter and for copies of transcripts of hearings held before the Special Master. Of the total amount in fees and costs invoiced by the Special Master, one-half has been charged to the Plaintiffs and the other half has been charged to the Defendants. Of the one-half charged to the Defendants, $12,416.73 remains unpaid by them and of this amount, $1,762.49 was charged in an invoice sent more than 180 days ago. The Special Master has received no objections from either side to any invoice.

Because S4S is "legally identified" with Defendant Safti-Seal, S4S should be made liable jointly and severally for any fees of the Special Master along with the Defendants in this case. Rule 53 states that "[b]efore or after judgment, the court must fix the master's compensation on the basis and terms stated in the appointing order, but the court may set a

Report and Recommendation - 2
CASE NO. 18-cv-00659

LOWE GRAHAM JONES<sub>PLLC</sub>

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

new basis and terms after giving notice and an opportunity to be heard." Fed. R. of Civ. P. 53(g)(1).

The Special Master recommends that the Court reset the basis and terms for the Special Master's compensation to include joint and several liability for S4S on the Defendants' one-half share of the Special Master's fees and costs. This result is consistent with *Additive Controls II*, where the Federal Circuit affirmed an order finding a non-party jointly and severally liable along with the party Defendant for contempt sanctions, including damages and attorney fees. *See Additive Controls II*, 154 F.3d at 1351. Rule 53 also provides that the Special Master's fees "must be paid either: (A) by a party or parties; or (B) from a fund or subject matter of the action within the court's control." Fed. R. of Civ. P. 53(g)(2). Here, while S4S is not a party, for the purposes of these contempt proceedings, it has been determined to have "no independent identity outside of Safti-Seal." (Dkt. No. 251, 22.) Thus, S4S should be treated as a party Defendant because it has been determined to be within the scope of the injunction. For the purposes of the Special Master's compensation, it follows that S4S should be liable along with Defendants for Defendants' share of the Special Masters' fees and costs.

Pursuant to the order appointing the Special Master, objections may be filed and served upon all parties within ten (10) days. Any objections should be noted and briefed as second-Friday motions pursuant to LCR 7(d)(2) not exceed six pages consistent with LCR 7(e)(2).

Dated this 30th day of September, 2021

_____
Mark P. Walters
Special Master

Report and Recommendation - 3
CASE NO. 18-cv-00659

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**CERTIFICATE OF SERVICE**

I certify that on September 30, 2021, a copy of this pleading was filed electronically with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record via the court's electronic filing system.

*/s/Rischel Voigt*
Rischel Voigt, Paralegal

Report and Recommendation - 4
CASE NO. 18-cv-00659

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301