UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CALIFORNIA EXPANDED METAL PRODUCTS COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES A. KLEIN, et al., <br><br> Defendants. | CASE NO. C18-0659JLR <br><br> ORDER |

## I.  INTRODUCTION

Before the court is a report and recommendation (R&R (Dkt. # 258)) issued by Special Master Mark Walters recommending that non-party Seal4Safti, Inc. ("S4S")[1] be jointly and severally liable for Defendants James A. Klein, Blazeframe Industries, Ltd.,

---

[1] S4S is not a party to the underlying litigation, but it was added to these contempt proceedings on September 1, 2021, based on a finding by the court that it was "legally identified" with Defendant Safti-Seal, Inc. (9/1/21 Order (Dkt. # 251).)

and Safti-Seal, Inc.'s (collectively, "Defendants") portion of the Special Master's fees in accordance with the order appointing the Special Master (2/8/21 Order (Dkt. # 208)). S4S objected to the report and recommendation. (Obj. (Dkt. # 261)). Defendants filed a response to S4S's objections. (Resp. (Dkt. # 263).) Having carefully reviewed all of the foregoing, along with all other relevant documents and the governing law, the court OVERRULES S4S's objections and ADOPTS Mr. Walters's report and recommendation in its entirety.

## II.   BACKGROUND

This matter concerns four underlying patents: U.S. Patent Nos. 7,681,365; 7,814,718; 8,136,314; and 8,151,526 (collectively, "the Patents"), all of which cover head-of-wall assemblies that are used in commercial construction to prevent the spread of smoke and fire. (*See* 9/1/21 Order at 2; 5/11/19 Trojan Decl. (Dkt. # 103) ¶ 2, Exs. 1-4.) The court has detailed the "tumultuous history" of this matter numerous times and adopts the background sections of those previous orders. (*See* 9/1/21 Order at 2-13; 10/19/20 Order (Dkt. # 190) at 2; *see also, e.g.*, 2/8/21 Order; 11/22/19 Order (Dkt. # 135); 8/15/19 Order (Dkt. # 117); 11/29/18 Order (Dkt. # 91); 11/20/18 Order (Dkt. # 89).) The court reviews the relevant procedural history of the current contempt proceedings below.

On June 22, 2020, Plaintiffs California Expanded Metal Products Company ("CEMCO") and Clarkwestern Dietrich Building Systems, LLC's ("ClarkDietrich") (collectively, "Plaintiffs") filed a motion to reopen this case to initiate contempt proceedings against Defendants and Non-Parties S4S, SteelTec Supply, Inc. ("SteelTec"), Jaroslaw Sydry, and Leszek Orszulak (collectively, "Non-Parties"). (Mot. to Reopen

(Dkt. ## 173-1 (sealed), 166 (redacted)) at 1-2.) Plaintiffs argued that Defendants violated the permanent injunction that was entered as part of the parties' settlement agreement, by selling the Fire Rated Gasket ("FRG") product, and that Non-Parties were "acting in concert" or "legally identified" with Defendants. (*Id.* at 3-11.) The court concluded that "contempt proceedings are warranted against Defendants" and granted the motion as it related to them. (10/19/20 Order at 9-15.) But it denied the motion as it related to Non-Parties because "Plaintiffs lack the evidence they need to establish that [Non-Parties] are in active concert . . . or are 'legally identified' with Defendants." (*Id.* at 16-18.) The court granted Plaintiffs leave to take discovery on this point and allowed them to renew their motion against Non-Parties after discovery. (*Id.* at 17-18.)

The parties engaged in the aforementioned discovery. (*See* R&R at 4; 11/18/20 JSR (Dkt. # 195); 12/18/20 Pls. Rep. (Dkt. ## 200-1 (sealed), 197 (redacted)); 12/18/20 Defs. Rep. (Dkt. # 201).) During that time, S4S filed suit against CEMCO in the United States District Court for the Central District of California. (Not. of Related Case (Dkt. # 194) at 2); *see Seal4Safti, Inc. v. California Expanded Metal Products Co.*, No. 2:20-cv-10409-JFW-PD (C.D. Cal.) (filed Nov. 13, 2020). In that lawsuit, S4S sought a declaration of invalidity, unenforceability, and noninfringement of the Patents. (Not. of Related Case at 2, Ex. 1.) CEMCO filed counterclaims asserting infringement allegations against S4S on the Patents, as well as allegations of infringement of another patent recently obtained by CEMCO. (*See* Hovda Decl. (Dkt. # 261-1) ¶ 3, Ex. 2); *Seal4Safti, Inc.*, No. 2:20-cv-10409-JFW-PD.

//

On February 8, 2021, the court appointed Mr. Walters as Special Master to "assist with the impending contempt proceedings and any related discovery issues that may arise." (2/8/21 Order at 7.) In its appointment order, the court specified that the "Special Master shall bill each side for half of the hourly fees unless the court directs otherwise." (*Id.* at 10.) Mr. Walters issued several reports and recommendations regarding discovery disputes that were adopted by the court. (3/10/21 R&R (Dkt. # 211); 3/26/21 Order (Dkt. # 212); 3/31/21 R&R (Dkt. # 213); 4/16/21 Order (Dkt. # 214).) Non-Parties eventually moved to stay these proceedings, and the court adopted Special Master Walters's report and recommendation recommending denial of that motion. (4/28/21 R&R (Dkt. # 215); 5/14/21 Order (Dkt. # 217).)

Plaintiffs renewed their motion to initiate contempt proceedings against Non-Parties on May 13, 2021. (*See* Renewed Mot. (Dkt. # 225) (sealed).) Mr. Walters issued a report and recommendation recommending that S4S, but not the other Non-Parties, be added to these contempt proceedings because S4S is "legally identified" with an enjoined party, Safti-Seal. (7/20/21 R&R (Dkt. # 220) (sealed).) The court adopted Mr. Walters's recommendation and added non-party S4S to these contempt proceedings. (*See* 9/1/21 Order at 14-22.)

On September 30, 2021 Mr. Walters issued a report and recommendation recommending that the court hold S4S jointly and severally liable along with Defendants for Defendants' portion of the Special Master's fees because the court has already found that S4S is "legally identified" with Safti-Seal and thus within the scope of the injunction. (R&R at 1.) S4S timely objected to Mr. Walters's recommendation. (*See generally* Obj.)

### III. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 53(f), the court "may adopt or affirm; modify; wholly or partly reject or reverse; or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1). The court must decide de novo all objections to the findings of fact or conclusions of law made or recommended by a Special Master. *Id.* 53(f)(3)-(4).

As a threshold matter, S4S argues in its objections that "this matter has proven to exceed the scope of authority permissibly granted to a Special Master under Rule 53" and thus the court should "reconsider the circumstances that it originally deemed appropriate for referral to the Special Master." (*See* Obj. at 5-6.) The court will not revisit its decision to appointment a Special Master at this time. (*See generally* 2/8/21 Order at 7-8 (appointing the Special Master to assist with the renewed motion to initiate contempt proceedings, any motions for contempt, and any discovery-related issues).) Accordingly, S4S's arguments about why a Special Master is inappropriate are not relevant to the court's review of Mr. Walters's recommendation regarding joint and several liability.

S4S then argues that if this proceeding is to remain before a Special Master, S4S should not be liable for any portion of Mr. Walters's fees because "Plaintiffs ought to be entirely responsible for the fees of the Special Master as they are entirely responsible for this matter continuing despite the existence of the California case." (*See* Obj. at 6-7.) S4S further claims that "[f]undamental principles of fairness preclude taxing S4S with fees" to defend itself in this proceeding when, it asserts, Plaintiff alone is responsible for the reference to a Special Master and S4S has "all along advocated that matters asserted against it ought to be properly tried before a court in an original proceeding," like the

ongoing infringement proceeding in California. (*See id.*) Defendants urge the court to overrule S4S's objections and adopt Mr. Walters's recommendation because S4S has actively participated in these proceedings, S4S is "legally identified" with Safti-Seal, Mr. Walters's fees are fair and reasonable as evidence by the lack of objections to his fees, and there is no evidence that Mr. Walters's fees would impose a financial burden on S4S. (*See* Resp. at 4-6.) After a de novo review, the court rejects S4S's objections and concurs with Mr. Walters's recommendation that S4S should be jointly and severally liable for Defendants' portion of the Special Master's fees and costs. (*See* R&R.)

Under Federal Rule of Civil Procedure 53, "the district court enjoys broad discretion to allocate the master's fees as it thinks best under the circumstances of the case." *Aird v. Ford Motor Co.*, 86 F.3d 216, 221 (D.C. Cir. 1996); *see also* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil § 2608 (2d ed. 1995); *Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Educ.*, No. 2:11-CV-03471-KJM-AC, 2015 WL 10939711, at *2 (E.D. Cal. July 2, 2015) (noting that courts have "broad discretion to determine which of the parties to charge, and the district court's decision will not be disturbed absent an abuse of that discretion" (quoting *Apponi v. Sunshine Biscuits, Inc.*, 809 F.2d 1210, 1220 (6th Cir. 1987))).

The Special Master's fees "must be paid either: (A) by a party or parties; or (B) from a fund or subject matter of the action within the court's control." Fed. R. Civ. P. 53(g)(2). In allocating payment, the court considers "the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master." *Id.* 53(g)(3). Following a Special

Master's appointment, the court may "set a new basis and terms" for the Special Master's compensation "after giving notice and an opportunity to be heard." *Id.* 53(g)(1).

While Federal Rule of Civil Procedure 53(g), by its terms, refers to apportionment of the Special Master's fees between parties, the court agrees with Mr. Walters's conclusion that non-party S4S should be treated as a party for the purpose of apportioning the Special Master's fees. (*See* R&R at 3.) The court has already found S4S to be "legally identified with Safti-Seal based on clear and convincing evidence showing a 'substantial continuity of identity' between the two companies." (*See, e.g.*, 9/1/21 Order at 19-22 (detailing, among other things, S4S's continuation of "Safti-Seal's FRG business operations 'without interruption or substantial change'" and its utilization of "Safti-Seal inventory and assets").) Moreover, the court has determined that S4S has "no independent identify outside of Safti-Seal" and is therefore within the scope of the injunction at issue in these contempt proceedings. (*See id.*)

Because the court finds it appropriate to treat S4S as a party subject to Federal Rule of Civil Procedure 53(g), it now turns to the issue of apportioning the Special Master's fees. The court's order appointing the Special Master provided that his fees would be split equally by Plaintiffs and Defendants. (*See* 2/8/21 Order at 10.) Although S4S urges the court to hold Plaintiffs alone responsible for the Special Master's fees, there has not been any significant change in circumstances that would justify such a ruling. (*See generally* 2/8/21 Order (finding an equal split fair and appropriate in light of the circumstances).) The court does, however, find it appropriate to set a new basis and terms for the Special Master's compensation with regard to Defendants' portion of the

fees.  The court agrees with Mr. Walters's recommendation that S4S should be jointly and severally liable for Defendants' share of the Special Master's fees based on the findings that the court made when it decided to add S4S to these contempt proceedings. (*See* R&R at 1-3; 9/1/21 Order at 14-22.)  Moreover, as Defendants note, it would not be "unfair" to hold S4S liable for a portion of the Special Master's fees in light of its active participation in these proceedings and the lack of evidence that such liability would impose a financial hardship on it.  (*See* Resp. at 4-6.)  Finally, holding S4S jointly and severally liable for Defendants' share of the Special Master's fees is also consistent with *Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.*, 154 F.3d 1345, 1351 (Fed. Cir. 1998), in which the Federal Circuit affirmed a contempt order finding a non-party jointly and severally liable along with the defendants for contempt sanctions, including damages and attorney fees.

Considering the circumstances, and having provided all parties, including S4S, an opportunity to be heard, the court finds it appropriate to "set a new basis and terms" for the Special Master's compensation.  *See* Fed. R. Civ. P. 53(g)(1).  Having reviewed S4S's objections de novo, the court ADOPTS Mr. Walters's report and recommendation and holds that S4S shall be jointly and severally liable with Defendants for Defendants' share of the Special Master's fees and costs.  *See id.* 53(g)(3); (R&R at 1-3).

## IV.  CONCLUSION

For the foregoing reasons, the court OVERRULES S4S's objections (Dkt. # 261); ADOPTS the report and recommendation (Dkt. # 258) in its entirety; and ORDERS that

S4S shall be jointly and severally liable along with Defendants for Defendants' portion of the Special Master's fees and costs.

Dated this 22nd day of October, 2021.

JAMES L. ROBART
United States District Judge

ORDER - 9