UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CALIFORNIA EXPANDED METAL PRODUCTS COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES A. KLEIN, et al., <br><br> Defendants. | CASE NO. C18-0659JLR <br><br> ORDER |

## I.  INTRODUCTION

Before the court is Plaintiffs California Expanded Metal Company ("CEMCO") and Clarkwestern Dietrich Building Systems, LLC's ("ClarkDietrich") (collectively, "Plaintiffs") motion for reconsideration of the court's March 2, 2023 order discharging the daily fine against Non-Party Seal4Safti, Inc. ("S4S").[1]  (Mot. (Dkt. # 340); Reply

---

[1] S4S is not a party to the underlying litigation, but it was added to these contempt proceedings on September 1, 2021.  (*See* 9/1/21 Order (Dkt. # 251).)

ORDER - 1

(Dkt. # 351); *see also* 3/2/23 Order (Dkt. # 338).)  Defendants James A. Klein, BlazeFrame Industries, Ltd. ("BlazeFrame"), and Safti-Seal, Inc.'s ("Safti-Seal") (collectively, "Defendants") and S4S oppose the motion.  (Def. Resp. (Dkt. # 348); S4S Resp. (Dkt. # 345).)  The court has reviewed the motion, the submissions in support of and in opposition to the motion, the remainder of the record, and the applicable law.  Being fully advised,[2] the court DENIES Plaintiffs' motion for reconsideration.

## II. BACKGROUND

The court has detailed the factual and procedural background of this matter numerous times and does not repeat that background here.  (*See, e.g.*, 1/26/23 Order (Dkt. # 332); 2/16/22 Order (Dkt. # 301); 10/22/21 Order (Dkt. # 265); 9/1/21 Order.)  Instead, the court discusses only the procedural background relevant to the instant motion.

On February 16, 2022, the court granted Plaintiffs' motion for contempt in part, finding Mr. Klein and S4S in contempt of the court's permanent injunction based on induced infringement of claim 1 of the '718 Patent, claim 1 of the '314 Patent, claim 1 of the '365 Patent, and claim 1 of the '526 Patent (collectively, the "Patents-in-Suit").  (2/16/22 Order at 54; *see also* Consent J. & Injunction (Dkt. # 164).)  The court found that Mr. Klein and S4S "encourage[d] S4S's customers to apply the FRG Strip to the outer sidewall surface of a U-shaped track" "through their sales of the FRG Strip and, among other things, the statements and illustrations contained on S4S's website, in S4S's

---

[2] Plaintiffs request oral argument (*see* Mot. at 1), but the court finds that oral argument would not be helpful to its review of Plaintiffs' motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

advertisements and promotional literature, and in Mr. Klein's emails and engineering judgments." (2/16/22 Order at 43-44.) It also found that, considering certain S4S-sponsored Underwriter Laboratories ("UL") listings[3] and S4S's advertisements, instructions, illustrations, and recommendations showing the use of the FRG Strip on a U-shaped track, it was "highly probable" that at least one of S4S's customers directly infringed on the Asserted Patents by applying the FRG Strip to the outer sidewall surface of a U-shaped track to be used in a wall assembly. (*Id.* at 46, 50-52.)

Almost a year later, on January 26, 2023, the court granted Plaintiffs' motion for contempt damages in part. (1/26/23 Order at 36-39.) In relevant part, the court: (1) ordered S4S to, "by February 27, 2023, withdraw its UL listings, and any other third-party certifications (collectively, "UL listings"), that reference, depict, or suggest the application of an FRG Strip (or any other intumescent strip not more than colorably different from FRG Strip) on the outer sidewall surface of a U-shaped track"; (2) enjoined S4S "from submitting any proposed modified listing or certification to a third-party publisher or certification entity (such as UL), where said proposed modified listing or certification depicts, describes, or suggests the application of an intumescent strip to the outer sidewall surface of a U-shaped track for use in fire-stopping applications, absent Plaintiffs' agreement or approval by the court"; and (3) ordered "S4S to pay a daily fine of $3,500, beginning on February 28, 2023, for every day S4S fails to

---

[3] UL is a standards-setting organization that develops safety standards for building materials, and it evaluates and issues certifications, or listings, for products that it deems to have met that standard. (*See* 7/30/21 Hovda Decl. (Dkt. # 224) ¶ 3, Ex. B ("5/13/21 Trojan Decl.") ¶ 13, Ex. 12 ("UL Report").)

withdraw its UL listings that reference, depict, or suggest the application of an FRG Strip (or any other intumescent strip not more than colorably different from FRG Strip) on the outer sidewall surface of a U-shaped track." (*Id.* at 36-37; *see also id.* at 30-36; *id.* at 34 n.33 ("S4S can avoid the fine entirely by withdrawing such UL listings before February 28, 2023.").)

On February 28, 2023, S4S submitted a declaration from Jaroslaw Sydry, co-founder and co-owner of S4S, in an effort to demonstrate its compliance with the daily fine portion of the court's order. (*See* 2/28/23 Sydry Decl. (Dkt. # 337).) In his declaration, Mr. Sydry stated that S4S initiated "orders for changes to [its] UL listings" in July and October 2022 and accepted UL's quotes for those orders in September and October 2022. (*Id.* ¶ 3, Exs. A-B.) He further stated that S4S submitted updated UL listings, which "eliminate any reference, depiction, or suggestion that an FRG Strip be applied on the outer surface of a U-Shaped Track," to UL on October 17, 2022. (*Id.* ¶ 4, Ex. C (including the eight modified UL listings); *see also id.* ¶ 5, Exs. D-E (evidencing S4S's attempts to follow up with UL regarding the status of the updated UL listings and its requests that UL complete the orders as soon as possible).)

After reviewing Mr. Sydry's declaration, the court noted that "[b]ecause UL is a third-party entity, there is only so much that S4S can do with respect to the removal or modification of its UL listings." (3/2/23 Order at 2.) As such, on March 2, 2023, the court discharged the daily fine, concluding that "Mr. Sydry's statements and the evidence submitted in support of his declaration establish that S4S made reasonable efforts to remove from its UL listings any reference, depiction, or suggestion of the application of

1  an FRG Strip (or any other intumescent strip not colorably different from FRG Strip) on
2  the outer sidewall surface of a U-Shaped track." (*Id.* at 2-3.)
3      Plaintiffs subsequently filed the instant motion for reconsideration, asking the
4  court to reconsider its decision to discharge the daily fine against S4S. (*See generally*
5  Mot. at 2 (including additional requests for relief, such as an order directing KPSI
6  Innovations, Inc. ("KPSI") to report all sales of FRG products).)

### III.   ANALYSIS

8   "Motions for reconsideration are disfavored." Local Rules W.D. Wash LCR
9  7(h)(1). The court "will ordinarily deny such motions" unless the moving party shows
10 (1) manifest error in the prior ruling, or (2) new facts or legal authority which could not
11 have been brought to the attention of the court earlier through reasonable diligence. *Id.*
12 Motions for reconsideration "may not be used to relitigate old matters, or to raise
13 arguments or present evidence that could have been raised prior to the entry of
14 judgment." *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008); *Marlyn*
15 *Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).
16 Further, a motion for reconsideration "should not be used to ask a court to rethink what
17 the court had already thought through—rightly or wrongly." *Santiago v. Gage*, No.
18 C18-5825RBL, 2020 WL 42246, at *1 (W.D. Wash. Jan. 3, 2020) (citing *Defs. of*
19 *Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)).
20      Below, the court discusses whether the daily fine should be reinstated and whether
21 the court should grant the additional relief requested in Plaintiffs' motion.
22 //

**A.     Whether the Daily Fine Should Be Reinstated**

Plaintiffs first ask that the court reconsider its order rescinding the daily fine because, according to Plaintiffs, the court's January 26, 2023 order required S4S to take the problematic UL listings down completely, rather than leave them up while unilaterally modifying portions of them.  (Mot. at 3-5.)  Plaintiffs then argue that the fine should be reinstated because fifteen UL listings still depict or reference FRG Strip applied to the outer sidewall surface of a U-shaped track.  (*See id.* at 5-9.)  The court addresses each argument in turn.

       1.     <u>Whether Complete Withdrawal is Required</u>

In ordering S4S to withdraw its UL listings "that reference, depict, or suggest the application of an FRG Strip (or any other intumescent strip not more than colorably different from FRG Strip) on the outer sidewall surface of a U-shaped track," the court did not define what it meant to "withdraw" a UL listing.  (1/26/23 Order at 36-37; *see also id.* at 30-36, 34 n.33.)  However, in its order discharging the daily fine, the court concluded that S4S's submission of modified listings to UL for posting, without removing the original UL postings in the interim, sufficiently satisfied the withdrawal requirement in the court's January 26, 2023 order.  (3/2/23 Order at 2-3.)

Although Plaintiffs argue that S4S was required to completely withdraw the UL listings pending modifications, Plaintiffs have identified neither new facts nor new law that would justify reconsideration, nor shown manifest error in the court's conclusion as to what satisfies the "withdrawal" requirement.  Accordingly, the court declines to

//

reconsider its conclusion that complete withdrawal of a UL listing, until the modified listing can be posted, is not required.

2. <u>Whether the Fifteen UL Listings Must be Modified</u>

As to the eight UL listings[4] S4S modified before the court discharged the daily fine, Plaintiffs argue that further modifications to the eight listings are warranted because the listings use language such as "channel" in the design parameters, among other things. (Mot. at 6-9; Reply at 5-7; *see also* Walke Rpt.) As for the remaining seven listings[5] that S4S had allegedly not attempted to modify before the court discharged the daily fine,[6] Plaintiffs argue that these listings must be modified because they either depict FRG Strip applied to U-shaped tracks, contain the phrase U-shaped track, or contain the word "channel," among other things. (Mot. at 5-9; *see also* Walke Rpt.)

However, S4S assigned all rights to the UL listings, and transferred its firestopping assets, to KPSI in February 2023. (*See* 4/26/23 Klein Decl. ¶¶ 6-8; 4/25/23 Sydry Decl. (Dkt. # 355) ¶¶ 4-6, Ex. A.) KPSI, is not a party to these proceedings and has thus not been found to infringe the Patents-in-Suit nor been held in contempt. (*See*

---

[4] These eight listings are: HW-D-0890, HW-D-0892, HW-D-0893, HW-D-0896, HW-D-0897, HW-D-0899, HW-D-0900, and HW-D-0903. (Walke Decl. (Dkt. # 342) ¶ 3, Ex. 1 ("Walke Rpt.") at 2.)

[5] These seven listings are: BW-S-0055, HW-D-0889, HW-D-0891, HW-D-0895, HW-D-0901, HW-D-1151, and HW-D-1152. (Walke Rpt. at 3.)

[6] Although S4S did not attach examples of its modifications to any of these seven UL listings in support of its request to discharge the daily fine (2/28/23 Sydry Decl., Ex. C), according to Mr. Klein, S4S had also submitted orders for changes to four of these seven listings—HW-D-0895, HW-D-0901, HW-D-1151, and HW-D-1152—in October 2022 (4/26/23 Klein Decl. (Dkt. # 356) ¶¶ 10-13, Exs. 9-11, 14 (noting that these four listings, like the other eight modified listings, "no longer contain any depiction or suggestion of a U-shaped track")).

*generally* Dkt.; 4/26/23 Klein Decl. ¶ 5 ("KPSI's owners are my spouse, Serina Klein, and my son, Kevin Klein. I do not own or have a legal right to control any portion of KPSI although I do assist KPSI with its operations.").) As such, the court's authority to impose and reasons for imposing the daily fine as a coercive civil contempt sanction do not apply to KPSI. (*See generally* 1/26/23 Order at 30-34 (discussing the basis for imposing the daily fine).[7]) Accordingly, the court DENIES Plaintiffs' motion for reconsideration of the court's order discharging the daily fine because the relief they request is beyond the scope of the court's authority.

---

[7] Regardless, the court rejects Plaintiffs' arguments that the fifteen listings must be modified because the design parameters in the UL listings provide that "ceiling runners" can be "channel" shaped or because none of the UL listings explicitly instruct customers that FRG Strips cannot be applied on the outer sidewall surface of U-shaped tracks. (*See* Mot. at 6-9; Walke Rpt. at 12-19 (discussing how people in the industry would understand the language in the UL listings and proposing modifications to the listings).) First, the court is not persuaded that, merely by including a broad, generic term like "channel" to describe the ceiling runners—a term which appears to cover all track profiles and shapes—S4S and Mr. Klein are actively intending for people to use U-shaped tracks. *See* 35 U.S.C. § 271(b) (stating that induced infringement requires active inducement). The mere fact that individuals in the industry may read the word "channel" to mean that a U-shaped track is permitted would not, alone, be enough to show that S4S and Mr. Klein "aided and abetted" direct infringement. *Rodime PLC v. Seagate Tech., Inc.*, 174 F.3d 1294, 1306 (Fed. Cir. 1999) ("Inducement requires proof that the accused infringer knowingly aided and abetted another's direct infringement of the patent."); *see also* 4/26/23 Klein Decl. ¶¶ 9-12 (noting that S4S's website has been scrubbed to remove any of the materials that the court relied on to find active inducement in its February 16, 2022 order).

Second, the court adopted Special Master Mark Walters's recommendation that the court deny Plaintiffs' request for injunctive relief requiring S4S "to explicitly reference that the UL Listing[s] do[] not apply to FRG Strip on U-shaped track, but only applies to J-track, C-track, RC track or other agreed non-U-shaped track." (Damages R&R (Dkt. # 336 (redacted)) at 33; 1/26/23 Order at 11-12 (noting Plaintiffs did not object to Mr. Walters's recommendation against such relief).) Plaintiffs current request—to require S4S to modify the UL listings to state that FRG Strip can only be applied to non-U-shaped tracks—is thus an untimely request for the court to reconsider its previous denial of such injunctive relief. *See* Local Rules W.D. Wash. 7(h)(2).

ORDER - 8

B.     **Whether KPSI Must Report Its Sales of FRG Products**

Because KPSI purchased S4S's assets and intends to start selling FRG products (4/26/23 Klein Decl. ¶¶ 3-9; 4/25/23 Sydry Decl. ¶¶ 4-6; 3/27/23 Klein Decl. (Dkt. # 348-1) ¶¶ 5-6), Plaintiffs ask the court to order KPSI to report its sales of FRG products (Mot. at 10).  The court, however, declines to do so.  As discussed above, KPSI is not a party to these contempt proceedings, and thus, has not yet been found in contempt of the permanent injunction.  (*See generally* Dkt.; 2/16/23 Order at 52 (finding only Mr. Klein and S4S in contempt); 9/1/21 Order at 13-24 (discussing standards for binding non-parties to injunctions directed at others and analyzing whether S4S, SteelTec Supply, Inc., Jaroslaw Sydry, or Leszek Orszulak should be added to these contempt proceedings); 7/20/21 R&R at (Dkt. # 220 (sealed)) (same).)  Moreover, when the court found Mr. Klein and S4S in contempt based on induced infringement of claim 1 of the Patents-in-Suit, it relied on Mr. Klein and S4S's sales of enjoined FRG products and their conduct in connection with the sale and marketing of such products, rather than any conduct of or sales made by KPSI.  (2/16/22 Order at 38-52, 54; *id.* at 43-44 (concluding that Mr. Klein and S4S "encourage[d] S4S's customers to apply the FRG Strip to the outer sidewall surface of a U-shaped track" "through their sales of the FRG Strip and, among other things, the statements and illustrations contained on S4S's website, in S4S's advertisements and promotional literature, and in Mr. Klein's emails and engineering judgments").)  As such, the only contempt damages awarded thus far stem from S4S's sales of FRG products.  (1/26/23 Order at 13-20, 37-38 (awarding Plaintiffs actual damages in the form of disgorgement of S4S's profits from its sales of enjoined FRG

products during the relevant period).)  KPSI's sales are therefore irrelevant to Plaintiffs' contempt damages, as currently awarded, and it would be improper to order KPSI to report its sales of FRG products at this time.  Accordingly, the court DENIES Plaintiffs' request to order KPSI to reports its sales of FRG products.

### IV.   CONCLUSION

For the foregoing reasons, the court DENIES Plaintiffs' motion for reconsideration (Dkt. # 340).

Dated this 9th day of May, 2023.

JAMES L. ROBART
United States District Judge