UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CALIFORNIA EXPANDED METAL PRODUCTS COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES A. KLEIN, et al., <br><br> Defendants. | CASE NO. C18-0659JLR <br><br> ORDER |

Before the court is Special Master Mark Walters's report and recommendation regarding the additional disgorgement damages to be awarded in this case. (R&R (Dkt. # 359 (sealed)).) In accordance with the court's January 26, 2023 contempt damages order, Non-Party Seal4Safti, Inc. ("S4S")[1] and Plaintiffs California Expanded Metal

---

[1] S4S is not a party to the underlying litigation, but it was added to these contempt proceedings on September 1, 2021, and was found in contempt of the court's permanent injunction on February 16, 2022. (See 9/1/21 Order (Dkt. # 251); 2/16/22 Order (Dkt. # 301).)

ORDER - 1

1  Company ("CEMCO") and Clarkwestern Dietrich Building Systems, LLC's

2  ("ClarkDietrich") (collectively, "Plaintiffs") provided Mr. Walters with a joint statement

3  addressing the gross revenue on S4S's sales of FRG Strip and U-shaped FRG Frame

4  products after May 16, 2022.  (*Id.* at 1-2; 1/26/23 Order (Dkt. # 332) at 37-38.)

5  According to Mr. Walters, the parties "appear to agree that the relevant period extends

6  from May 16, 2022, through June 12, 2023, and that $1,959,298.25 accurately reports the

7  [gross revenue on S4S's sales of FRG Strip] for the period, at least for the purposes of

8  Plaintiffs' request for supplemental damages."[2]  (R&R at 2.)  Based on the agreed-upon

9  gross revenue figure and the disgorgement calculations approved by the court in its

10 January 26, 2023 order, Mr. Walters recommends that the court award Plaintiffs

11 $366,874.67 in supplemental disgorgement damages for the period of May 16, 2022,

12 through June 12, 2023.  (*Id.* (providing table of calculations); *see also* 1/26/23 Order at

13 38 (directing Mr. Walters to calculate the additional disgorgement damages using the

14 court's previous calculations); *id.* at 15-20 (discussing such calculations).)

15     Pursuant to Federal Rule of Civil Procedure 53(f), the court must decide de novo

16 all objections to the findings of fact or conclusions of law made or recommended by a

17 special master.  Fed. R. Civ. P. 53(f)(3)-(4).  Here, no party has objected to Mr. Walters's

18 recommendation.  (*See* Dkt. (allowing parties to file objections, if any, by July 7, 2023).)

19 The court has reviewed Mr. Walters's report and recommendation in accordance with

---

[2] Mr. Walters notes that S4S did not report any revenue for U-shaped FRG Frame products during the period in question.  (R&R at 1-2.)  As such, the court presumes S4S did not sell any U-shaped FRG Frame products after May 16, 2022.

ORDER - 2

Federal Rule of Civil Procedure 53(f), the relevant portions of the record, and the applicable law.  Having done so, the court finds Mr. Walters's reasoning persuasive and independently reaches the same conclusions for the reasons articulated by Mr. Walters.  Accordingly, the court ADOPTS the report and recommendation in its entirety (Dkt. # 359) and AWARDS Plaintiffs' an additional $366,874.67 in actual damages in the form of disgorgement of S4S's profits from May 16, 2022 to June 12, 2023.  Further, the court ORDERS the parties to meet and confer regarding the need for redaction of the report and recommendation (Dkt. # 359) and file, by July 17, 2023, a joint statement indicating any such need.

Because the court has now ruled on all of Plaintiffs' requests for contempt damages, with the exception of the total reasonable attorneys' fees and costs to be awarded, the court finds it appropriate to enter final judgment.  (*See* 1/16/23 Order at 36-39 (ruling on Plaintiffs' other damages requests and stating that the court would enter final judgment after resolving additional damages issues).)  However, the court first addresses two unresolved components of the damages awarded in these contempt proceedings.

First, although the court previously granted Plaintiffs' request for an award of their reasonable attorneys' fees and costs incurred in pursuing the instant contempt proceedings, the court directed Plaintiffs to delay the filing of any motion for fees until after the court resolved certain damages issues.  (*See id.* at 23-26, 38.)  Because the remaining actual damages issues have been resolved, the court DIRECTS Plaintiffs to file a motion for their reasonable attorneys' fees and costs by no later than August 18, 2023.

ORDER - 3

1 (*See id.* at 38 (directing Plaintiffs to file such a motion with the court, rather than with Mr. Walters).) After the court rules on Plaintiffs' motion, it will amend the final judgment to include the amount of attorneys' fees and costs awarded.

Second, in its January 26, 2023 order, the court awarded Plaintiffs prejudgment interest on the total actual damages awarded but did not specify how prejudgment interest would be calculated. (*Id.* at 26-27, 38.) In patent infringement actions, the court has wide discretion in selecting prejudgment interest rates and deciding whether prejudgment interest is simple or compound. *See Bio-Rad Lab'ys, Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986). Here, the court's discretion is cabined by the principle that, in a contempt proceeding, the court should generally impose the minimum civil contempt sanctions necessary to compensate the movant for contemnors' conduct. *See Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992); *Spallone v. United States*, 493 U.S. 265, 276 (1990). In this case, the court finds it appropriate to calculate prejudgment interest using the simple, annual prime rate for each year. *See, e.g.*, *Loops LLC v. Phoenix Trading, Inc.*, No. C08-1064, 2013 WL 12064529, at *5 (W.D. Wash. Mar. 19, 2013), *aff'd in part, vacated in part, remanded*, 594 F. App'x 614 (Fed. Cir. 2014); *Junker v. HDC Corp.*, No. C-07-05094-JCS, 2008 WL 3385819 at *6 (N.D. Cal. July 28, 2008); *Radio Sys. Corp. v. Lalor*, No. C10-0828RSM, 2014 WL 7040947, at *2 (W.D. Wash. Dec. 11, 2014). Accordingly, the court ORDERS S4S[3] and

---

[3] The court does not order Defendants to participate in such discussions because the court held S4S alone liable for Plaintiffs' actual damages and prejudgment interest on that amount. (*See* 1/26/23 Order at 39.)

ORDER - 4

Plaintiffs to meet and confer and calculate prejudgment interest on $974,645.32 (the total actual damages awarded) from the date of infringement, April 1, 2020, through the date of final judgment, July 10, 2023, using the simple, annual prime rate for each year.  The court further ORDERS S4S and Plaintiffs to submit a joint statement describing their calculations by no later than July 21, 2023.  If there are disagreements regarding the calculation of such interest, the parties shall outline their respective positions and calculations in the joint statement.  After the court receives the parties' joint statement, it will amend the final judgment to include the amount of prejudgment interest awarded.

In sum, the court ORDERS as follows:

1. The court ADOPTS the report and recommendation (Dkt. # 359) in its entirety and AWARDS Plaintiffs' an additional $366,874.67 in actual damages in the form of disgorgement of S4S's profits from May 16, 2022 to June 12, 2023;

2. The court ORDERS the parties to meet and confer regarding the need for redaction of the report and recommendation (Dkt. # 359) and file, by **July 17, 2023**, a joint statement indicating any such need;

3. The court DIRECTS Plaintiffs to file a motion for their reasonable attorneys' fees and costs by no later than **August 18, 2023**; and

4. The court ORDERS S4S and Plaintiffs to meet and confer and to calculate prejudgment interest on $974,645.32 (the total actual damages awarded) from the date of infringement, April 1, 2020, through the date of final judgment, July 10, 2023, using the simple, annual prime rate for each year.  The court further ORDERS S4S and Plaintiffs to submit a joint statement containing such calculations by no later than **July 21, 2023**.  If

there are disagreements regarding the calculation of such interest, the parties shall outline their respective positions and calculations in the joint statement.

Dated this 10th day of July, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 6