THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

9

10

11

12

13

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

14   CALIFORNIA EXPANDED METAL
PRODUCTS COMPANY, a California
15   corporation; and CLARKWESTERN
DIETRICH BUILDING SYSTEMS LLC,
16   dba CLARKDIETRICH BUILDING
SYSTEMS, an Ohio limited liability
17   company,

18                    Plaintiffs,

19        v.

20   JAMES A. KLEIN, an individual;
BLAZEFRAME INDUSTRIES, LTD., a
21   Washington company; and SAFTI-SEAL,
INC., a Washington company,
22

23                    Defendants.

CASE NO. 2:18−cv−00659−JLR

**PLAINTIFF CEMCO'S MOTION FOR DETERMINATION OF ATTORNEYS' FEES AND COSTS**

**NOTE ON MOTION CALENDAR:**
**October 13, 2023**

The Honorable James L. Robart
Courtroom 14106

24

25

26

27

28

TROJAN LAW OFFICES
BEVERLY HILLS

CEMCO's Motion for Determination of Attorneys' Fees
Case No. 2:18−cv−00659−JLR

**TROJAN LAW OFFICES**
9250 WILSHIRE BLVD., STE 325
BEVERLY HILLS, CA 90212
310.777.8399  FAX: 310.777.8348

**Table of Contents**

PAGE

Table of Contents...........................................................................................................................i

Table of Authorities ................................................................................................................... ii

I.    INTRODUCTION ...................................................................................................1

II.   STATEMENT OF FACTS: OVERVIEW OF BILLINGS ....................................................3

III.  ARGUMENT.....................................................................................................4

    A.   The Lodestar Method for Calculating Attorneys' Fees .........................................4

    B.   TLO's Hourly Rates Were Reasonable ...............................................................4

        1.   Mr. Trojan's Billing Rates...........................................................................4

        2.   TLO Associates' Rates ..................................................................................5

    C.   TLO's Expended Hours Were Reasonable.............................................................6

        1.   The Scope of the Proceedings......................................................................6

        2.   Complicating Factors Unique to These Proceedings...................................11

    D.   Calculating the Lodestar: Why the Court Should Award Full Attorneys' Fees Up Through the Close of This Case Without Reduction..............................................................12

    E.   The Court Should Award Non-Attorneys' Fees and Costs................................13

IV.  CONCLUSION................................................................................................13

CEMCO's Motion for Attorneys' Fees
Case No. 2:18−cv−00659−JLR

-i-

**TROJAN LAW OFFICES**
9250 WILSHIRE BLVD., STE 325
BEVERLY HILLS, CA 90212
310.777.8399  FAX: 310.777.8348

TROJAN LAW OFFICES
BEVERLY HILLS

1

2

**Table of Authorities**

3

**Cases**                                                                                           **PAGE(S)**

4

*Casavelli v. Johanson*, No. CV-20-00497-PHX-JAT, 2021 WL 3400608, at \*8 (D. Ariz. July 20, 2021), aff'd, No. 21-15051, 2022 WL 4115495 (9th Cir. Sept. 9, 2022) ..........................6

5

6

*City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992) ............4

7

*City of Riverside v. Rivera*, 477 U.S. 561, 562, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) ................3

8

*Dropbox, Inc. v. Thru Inc.*, 728 F. App'x 717, 718 (9th Cir. 2018)...................................................3
Hall v. City of Fairfield, No. 10–cv–0508–DAD, 2014 WL 1303612 (E.D. Cal., Mar.31, 2014).11

9

*Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) .......................1, 6

10

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) ..................................................6

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CEMCO's Motion for Attorneys' Fees
Case No. 2:18−cv−00659−JLR

-ii-

**TROJAN LAW OFFICES**
9250 WILSHIRE BLVD., STE 325
BEVERLY HILLS, CA 90212
310.777.8399  FAX: 310.777.8348

TROJAN LAW OFFICES
BEVERLY HILLS

1

2

3

4

5

The Court entered judgment on July 21, 2023 holding James Klein and S4S" (collectively, "Contemnors") jointly and severally liable for Plaintiffs CEMCO and ClarkDietrich's (collectively, "Plaintiffs") reasonable attorneys' fees and costs for these contempt proceedings. Pursuant to the Court's July 10, 2023 Order (Dkt. 360), CEMCO respectfully submits this motion for its attorneys' fees and costs.

6

7

## I.    INTRODUCTION

8

9

10

11

12

13

14

15

16

17

18

These proceedings were entirely of Contemnors' own making. As the Court noted in the January 26, 2023 Order, "[h]ad Mr. Klein and S4S fully complied with the court's permanent injunction, these contempt proceedings would have been unnecessary, and Plaintiffs would not have incurred attorneys' fees and costs in bringing and prosecuting these proceedings." (Dkt. 332 at 25:3-5.) To make matters worse, Contemnors drove up costs by continuing their offending conduct long after they were held in contempt in February 2022. (*Id*. at 25:6-10 (noting Contemnors' "reoffending conduct and clear disregard of the court's permanent injunction, *as well as their conduct following the court's finding of contempt*" warranted the award of fees and costs (emphasis added; internal citations and footnote omitted).) Hence, it is reasonable for the Court to award CEMCO its full attorneys' fees and costs for the entirety of these contempt proceedings.

19

20

21

22

23

24

25

26

CEMCO's attorneys' fees for the contempt proceedings are $835,681 up to July 28, 2023 (after applicable discounts). (Declaration of R. Joseph Trojan, ¶ 4; Ex. 1.) These fees are reasonable based on the "lodestar" method. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). CEMCO is represented by Trojan Law Offices ("TLO"), a boutique patent firm located in Los Angeles.[1] (Trojan Decl., ¶ 2.) The small TLO team for this case consisted mainly of three patent attorneys: lead counsel Joseph Trojan, and two principal associates, Dylan Dang and Francis Wong. (*Id*., ¶ 3.) TLO billed an average of **$336/hour** for these proceedings after factoring

27

28

---

[1] Co-Plaintiff ClarkDietrich is represented by Frost Brown Todd LLP ("FBT").

TROJAN LAW OFFICES
BEVERLY HILLS

CEMCO's Motion for Determination of Attorneys' Fees
Case No. 2:18−cv−00659−JLR                                      -1-

**TROJAN LAW OFFICES**
9250 WILSHIRE BLVD., STE 325
BEVERLY HILLS, CA 90212
310.777.8399  FAX: 310.777.8348

in the discounts to CEMCO. (*Id*., ¶ 5; Ex. 1 at p. 182.) According to the American Intellectual Property Law Association's Report of the Economic Survey 2021 ("AIPLA Report"), the national average billing rate for IP attorneys in a small firm of 3-5 attorneys in 2020 (when these proceedings began) was $414/hour. (*Id*., Ex. 3 at F-27.)  In particular, TLO's rate is consistent with rates for similar work in the Pacific Northwest. (Declaration of Ben Byer ("Byer Decl."), ¶ 21.)

Further, the hours expended by TLO on these proceedings were also reasonable. (Byer Decl., ¶ 34.) TLO worked **2480.04** hours over three years, from April 1, 2020 to July 28, 2023. (Trojan Decl., ¶ 5; Ex. 1 at p. 182.) These hours were necessary given the scope and complexity of the contempt issues, which involved not only whether Defendants violated the injunction, but also non-party S4S's involvement in the offending conduct. The underlying facts were sufficiently complex that discovery was reopened for six months to untangle the relationship between Defendants and S4S, and to uncover their concerted offending conduct. (Dkt. 190.) Indeed, the Court itself concluded "the case is particularly complex" as to warrant appointing Special Master Mark Walters. (Dkt. 208 at 4:22 – 5:1.) TLO's hours were thus reasonable given the factual and legal complexity of these proceedings. (Byer Decl., ¶¶ 26-34; ¶ 46.)

Based on the rates and hours expended, TLO billed CEMCO $1,034,663.30 over three years. (Trojan Decl., ¶ 4; Ex. 1 at p. 182.)[2] **TLO gave CEMCO a discount of $198,982.30 for early payment.** [3] (*Id*.) CEMCO's local counsel in Washington billed CEMCO $29,419.00. (*Id*., ¶ 18.) Hence, the total amount of attorneys' fees to date is **$865,100**. (*Id*.)

---

[2] While the invoice indicates a total of $1,037,913.30, TLO waived a time entry of Mehdi Poursoltani on July 7, 2023, which reduces the total to $1,034,663.30.  (Trojan Decl., ¶ 4.)

[3] The discounts TLO provided to CEMCO are not related to the substance of legal work.  (Trojan Decl., ¶ 4.) TLO provides CEMCO with early payment discounts for any payment received within 20 days of the invoice date. (*Id*.) The percentage discount offered to the client in the e-mail varies by invoice. (*Id*.)  When the discount is taken, it appears as a credit memo on the next monthly bill and CEMCO did not always take the discount each month. (*Id*.)

TROJAN LAW OFFICES
9250 WILSHIRE BLVD., STE 325
BEVERLY HILLS, CA 90212
310.777.8399  FAX: 310.777.8348

TROJAN LAW OFFICES
BEVERLY HILLS

1  In addition to attorneys' fees, CEMCO requests an award of certain costs, totaling

2  $135,661.93. Specifically, CEMCO requests reimbursement of $66,946.59 paid to the Special

3  Master.[4] (Trojan Decl., ¶ 10.) CEMCO requests expert witness costs, including costs for two

4  technical experts (Richard Walke and Eric Bergman) in an amount of $19,282.50.[5] *(Id*., ¶¶ 10-11,

5  Ex. 5.) CEMCO requests $49,432.84 for other administrative disbursements as chronicled in its

6  billings. (*Id*. at Exs. 4, 5.)

7  In sum, the Court should exercise its discretion to award fees ($865,100) and costs

8  ($135,661.93) totaling **$1,000,761.93** to date. *City of Riverside v. Rivera,* 477 U.S. 561, 562, 106

9  S.Ct. 2686, 91 L.Ed.2d 466 (1986) ("Where a plaintiff has obtained excellent results, [it] should

10  recover a fully compensatory fee…"); *Dropbox, Inc. v. Thru Inc.*, 728 F. App'x 717, 718 (9th Cir.

11  2018) (confirming award of $1.7 million in attorney's fees and $500,000 in costs).

## II.  STATEMENT OF FACTS: OVERVIEW OF BILLINGS

TLO's billing records to CEMCO up to July 28, 2023 are attached as Exhibit 1 to the Trojan

Declaration. (Trojan Decl., Ex. 1.) Below is a summary.

**Billing Summary:**

| Initials | Billed by | Total Hours | Total Billing | Hourly Rate |
|---|---|---|---|---|
| RJT | R. Joseph Trojan | 103.46 | 55,168.00 | 533.23 |
| DCD | Dylan C. Dang | 1,177.40 | 510,723.00 | 433.78 |
| FZW | Francis Z. Wong | 1,119.50 | 448,191.00 | 400.35 |
| ES | Emi Shibata | 38.50 | 12,650.00 | 328.57 |
| MP | Mehdi Poursoltani | 25.45 | 8,271.25 | 325.00 |
| MSS | Michiko S. Speier | 15.73 | 2,910.05 | 185.00 |
| | **Total Billing** | 2,480.04 | $1,037,913.30 | |

---

[4] The Special Master's costs were split between Plaintiffs and Defendants. (Dkt. 208.) CEMCO paid Plaintiffs' share of the Special Master's costs. (Trojan Decl., ¶ 10.)

[5] CEMCO also requests costs for the expert retained to support this motion, Ben Byer, whose final costs have yet to be determined and thus will be submitted with the reply.

**TROJAN LAW OFFICES**
9250 WILSHIRE BLVD., STE 325
BEVERLY HILLS, CA 90212
310.777.8399  FAX: 310.777.8348

TROJAN LAW OFFICES
BEVERLY HILLS

1    (Trojan Decl., Ex. 1 at p. 182.). As noted above, this total was adjusted down to $1,034,663.30 after

2    waiving one of Mr. Poursoltani's time entries.  (*Id*. at ¶ 4.)

3    **III.    ARGUMENT**

4         **A.    The Lodestar Method for Calculating Attorneys' Fees**

5         The Supreme Court teaches that the lodestar is the "guiding light" in determining reasonable

6    attorneys' fees. *City of Burlington v. Dague,* 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449

7    (1992). There is "a 'strong presumption' that the lodestar represents the 'reasonable' fee." *Id*.

8

9         **B.    TLO's Hourly Rates Were Reasonable**

10        TLO's average hourly billing rate in this case was $337/hour. (Trojan Decl., ¶ 5; Ex. 1 at p.

11   182.)[6] The average billing rate for IP work of a firm with 3-5 attorneys in 2020 was $414. (Trojan

12   Decl., Ex. 3 at F-27.)  TLO's rate is commensurate with rates charged by attorneys in the Pacific

13   Northwest. (Byer Decl., ¶¶ 21, 24.) TLO's individual billing rates are as follows.

14        **1.    Mr. Trojan's Billing Rates**

15

16        Mr. Trojan is a registered patent attorney with more than 35 years of experience in IP

17   litigation, with particular emphasis in patent cases. (Trojan Decl., at ¶ 13.) He has litigated too

18   many IP cases that have settled to count accurately, but he has completed trials in at least 21 cases

19   involving patents and other intellectual property. (*Id*.)

20        Mr. Trojan had an hourly billing rate of $500 in April 2020 when these proceedings started.

21   (*Id.,* ¶ 14; Ex. 1 at p. 1.) His current hourly billing rate is $600. (*Id*., ¶ 14) However, his average

22   hourly billing rate for the contempt proceedings was $439 after the discounts given to CEMCO.

23   (*Id*., ¶ 17)

24

25

26

27

28

---

[6] S4S can hardly object to the reasonableness of TLO's hourly rate in these proceedings since it had no objection to TLO's hourly rate in the California case. (Trojan Decl., Ex. 2.)

TROJAN LAW OFFICES
BEVERLY HILLS

CEMCO's Motion for Determination of Attorneys' Fees
Case No. 2:18−cv−00659−JLR

-4-

**TROJAN LAW OFFICES**
9250 WILSHIRE BLVD., STE 325
BEVERLY HILLS, CA 90212
310.777.8399  FAX: 310.777.8348

Mr. Trojan's rate is commensurate with the rates of IP litigators with similar levels of experience. According to the AIPLA Report, the average hourly billing rate in 2020 for an IP private firm partner with more than 35 years of experience was $648. (Trojan Decl., Ex. 3 at I-37.) In particular, Mr. Trojan's rate is reasonable compared with the rates of similarly experienced IP attorneys in the Pacific Northwest. (Byer Decl., ¶¶ 21. 24.) As a notable example, Special Master Walter's hourly rate was $575 in 2020. (Dkt. 258.)

### 2.    TLO Associates' Rates

The rates for other TLO attorneys who worked on this case were also reasonable. Mr. Dang is a registered patent attorney with more than 20 years of patent litigation experience. (Trojan Decl., at ¶ 15.) His average hourly billing rate in these proceedings was $349 after applicable discounts. (*Id*., ¶ 17) The average hourly billing rate in 2020 for an (of counsel) IP attorney with 15-24 years of experience at a private firm was $511. (Trojan Decl., Ex. 3 at I-62.)  His rate is reasonable compared with the rates of IP attorneys in the Pacific Northwest. (Byer Decl., ¶¶ 21. 24.)

Mr. Wong is a registered patent attorney with 8 years of litigation experience at the time these proceedings started in June 2020. (Trojan Decl., at ¶ 16.) He had an average hourly billing rate of $325 after applicable discounts. (*Id*., ¶ 17) The average hourly billing rate in 2020 for an IP attorney with 7-9 years of experience at a private firm (non-partner track) was $470. (Trojan Decl., Ex. 3 at I-55.) His rate is reasonable compared with the rates of IP attorneys in the Pacific Northwest. (Byer Decl., ¶¶ 21. 24.)

Other associates—namely, Mehdi Poursoltani and Emi Shibita (both registered patent attorneys)—assisted with miscellaneous work on the case as needed, billing *de minimis* hours and at substantially lower rates. (Trojan Decl. at ¶ 17.)

In short, the average hourly billing rates of TLO attorneys were in line with the prevailing rates in Seattle for IP attorneys with comparable skills doing similar work.

TROJAN LAW OFFICES
BEVERLY HILLS

CEMCO's Motion for Determination of Attorneys' Fees
Case No. 2:18−cv−00659−JLR          -5-

**TROJAN LAW OFFICES**
9250 WILSHIRE BLVD., STE 325
BEVERLY HILLS, CA 90212
310.777.8399  FAX: 310.777.8348

TROJAN LAW OFFICES
BEVERLY HILLS

### C.      TLO's Expended Hours Were Reasonable

In determining the lodestar, courts further consider whether the number of hours expended on the litigation was reasonable. *Hensley v. Eckerhart, supra*, 461 U.S. at 433–34. Courts generally consider the complexity of the issues and the length of the litigation. *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975).

TLO litigated these proceedings efficiently with a small team of patent attorneys and a paralegal, expending **2,480** hours over three years as chronicled in its billing records. (Trojan Decl., Ex. 1 at p. 182.)[7] Mr. Trojan, the sole partner, billed only 103.46 hours, totaling $45,371.35. (*Id*., ¶ 17) The bulk of the remaining hours were billed by two experienced associates, Mr. Dang and Mr. Wong, with other associates providing miscellaneous assistance. *Casavelli v. Johanson*, No. CV-20-00497-PHX-JAT, 2021 WL 3400608, at *8 (D. Ariz. July 20, 2021), *aff'd*, No. 21-15051, 2022 WL 4115495 (9th Cir. Sept. 9, 2022) ("[T]he Court finds … the case was not overstaffed…and the hours expended by the Moving Defendants' counsel were not excessive or unnecessary to achieve the result … in this case."). The hours expended by TLO were especially reasonable in light of: (1) the scope of the proceedings, in particular the complexity of the contempt issues; (2) other complicating factors unique to the case; and (3) Plaintiffs' success in proving contempt.

### 1.      The Scope of the Proceedings

TLO's hours were reasonable given the scope of these proceedings. The proceedings covered a host of issues, including: whether there were sufficient grounds to reopen the case for contempt proceedings; whether and to what extent S4S was involved in the offending conduct and should be added to the proceedings; whether the FRG products were colorably different from the enjoined products and directly infringed the four CEMCO patents; whether Klein and S4S induced

---

[7] It is worth noting that S4S did not object to the reasonableness of CEMCO's expended hours in the California case (2,359), which were similar to the hours expended here over a similar period of time. (Trojan Decl., Ex. 2.)

TROJAN LAW OFFICES
9250 WILSHIRE BLVD., STE 325
BEVERLY HILLS, CA 90212
310.777.8399  FAX: 310.777.8348

infringement; and, the extent of damages. For the purposes of this motion, the contempt proceedings can be divided into four main phases:

a) Phase 1 (April 2020 to September 2021), reopening the case, conducting discovery, and adding S4S to the proceedings;

b) Phase 2 (September 2021 to February 2022), proving contempt;

c) Phase 3 (February 2022 to January 2023), proving damages; and,

d) Phase 4 (January 2023 to the present), including all recent work.

### a)       Phase 1

From April 1, 2020 to September 1, 2021, TLO billed 1,799.08 hours to reopen the case, conduct discovery, and add S4S to the proceedings. (Trojan Decl., Ex. 7.) TLO's fees for phase 1 were $586,701.17 (after giving CEMCO a discount of $147,503.83). (*Id*., ¶ 20.)

When the case was reopened on October 19, 2020, the Court granted Plaintiffs "leave to take additional discovery in order to determine the full extent of any violations of the permanent injunction." (Dkt. 190 at 18:2-3.) Towards that end, Plaintiffs propounded comprehensive discovery to investigate Defendants' relationship with S4S and how S4S acted in concert with Defendants to develop and sell FRG products. Further, Plaintiffs investigated the scope of their violations of the permanent injunction, which was made difficult because the infringing FRG products were literally concealed behind walls. Consequently, fact discovery was laborious.

Specifically, TLO, in collaboration with FBT (together, "Plaintiffs' counsel"), prepared numerous written discovery requests to determine Defendants' relationship with S4S and how Klein, in particular, was operating behind the scenes to induce S4S's customers to infringe the patents. (Dkt. 171-14.) In response to the requests, Defendants produced more than six thousand pages of documents, which Plaintiffs' counsel processed and reviewed. (Trojan Decl., ¶ 21.)

TROJAN LAW OFFICES
BEVERLY HILLS

**TROJAN LAW OFFICES**
9250 WILSHIRE BLVD., STE 325
BEVERLY HILLS, CA 90212
310.777.8399  FAX: 310.777.8348

Based on the information collected from Defendants, it was clear that they were not acting alone in violating the injunction. Plaintiffs' counsel prepared 14 subpoenas to determine who else was involved in the infringement. (Trojan Decl., ¶ 21; Dkt. 195.) In particular, Plaintiffs subpoenaed S4S, Jaroslaw Sydry and Leszek Orszulak for deposition. They resisted the subpoenas by moving to quash (Dkt. 210), which was denied (Dkt. 212). Despite their persistent efforts to resist discovery, Plaintiffs still conducted discovery efficiently, and ultimately obtained the facts needed to prove S4S's involvement in violating the permanent injunction.

The result of these efforts were presented in Plaintiffs' May 13, 2021 motion to add S4S to the contempt proceedings, which was supported by 45 exhibits. (Dkt. 225, Ex. B.) The exhibits laid out detailed facts showing how S4S was legally identified with Safti-Seal based on the continuity of assets, people, and operation between them. (*Id*.) The Court granted the motion to add S4S on September 1, 2021. (Dkt. 251.) Thus, the hours expended to uncover the necessary facts to add S4S to the proceedings were well justified.

### b) Phase 2

TLO expended 235.95 hours from September 2, 2021 to February 16, 2022 to prove contempt. (Trojan Decl., Ex. 8.) TLO's fees for phase 2 were $86,369.83 (after giving CEMCO a discount of $12,372.67). (*Id*., ¶ 22.) The bulk of the work during this phase entailed conducting fact and expert discovery to prove infringement and preparing the motion for contempt.

Plaintiffs took extensive fact discovery to show that the FRG products were not more than "colorably different" from the SSR products. This was necessary because Klein and S4S refused to admit the FRG were the same as the SSR products even though they told their customers the products were the same. (Dkt. 286.) The discovery paid off as Plaintiffs were able to prove that the FRG products were essentially the same as the SSR products. (Dkt. 301.)

TROJAN LAW OFFICES
BEVERLY HILLS

CEMCO's Motion for Determination of Attorneys' Fees
Case No. 2:18−cv−00659−JLR

-8-

Next, Plaintiffs had to establish infringement in two steps. First, Plaintiffs established direct infringement, though this would prove to be complicated because the FRG products were concealed behind walls. Hence, Plaintiffs had to show that when the FRG products were built according to their UL listings, they would meet every element of each asserted patent claim. (Dkt. 275.) Plaintiffs spent long hours correlating the patent claim elements to the various UL listings. For example, the infringement chart for just claim 1 of the U.S. Patent No. 7,681,365 alone was 60 pages long, because Plaintiffs had to compare each element of the claim with six separate UL listings (for six different FRG embodiments). (Dkt. 274-5: Pilz Decl., Exs. 29-32.)

Plaintiffs then had to establish that Klein and S4S used the UL listings to induce customers to build infringing head-of-wall assemblies. To show this, Plaintiffs retained two outside experts. Eric Bergman (of Braun Intertec Corp.), an expert on fire code compliance, concluded that the FRG products were installed in the same way as the enjoined SSR products such that they were essentially interchangeable. (Dkt. 274-7.) Mr. Bergman billed $13,012.50 to CEMCO. (Trojan Decl., Ex. 5.)[8]

Based on their work, Plaintiffs' counsel prepared a motion for contempt, filed on September 8, 2021, which laid out in detail the full extent of Klein and S4S's violations of the permanent injunction. (Dkt. 275.) All the factual and legal complexities of their contempt are reflected in the 50-page contempt motion, supported by 169 exhibits. (Dkt. 274 to Dkt. 279.)

On December 10, 2021, the Special Master recommended S4S and Klein be found in contempt for inducing infringement in violation of the injunction. (Dkt. 268.) Following objections by

---

[8] Plaintiffs also retained Richard Walke (of Creative Technology Inc.), an expert on UL certifications. (Dkt. 278.) In his 481-page expert report, he concluded that the FRG products were essentially the same as the enjoined SSR products based on their UL certification records. (*Id.*) Mr. Walke was primarily paid by ClarkDietrich (except for CEMCO's payment to Mr. Walke for his work on a declaration during the damages phase of the contempt proceedings concerning the UL Listings).

TROJAN LAW OFFICES
9250 WILSHIRE BLVD., STE 325
BEVERLY HILLS, CA 90212
310.777.8399  FAX: 310.777.8348

TROJAN LAW OFFICES
BEVERLY HILLS

all parties, the Court adopted the Special Master's R&R *in its entirety* on February 16, 2022. (Dkt.

301.) The extensive findings in the 55-page Contempt Order speak to the complexity of the

contempt issues in these proceedings. Therefore, the hours expended were reasonable.

### c)    Phase 3

Having found Klein and S4S to be in contempt, the Court awarded Plaintiffs damages. (Dkt.

332.)[9] TLO expended 291.33 hours from February 17, 2022 to January 26, 2023 to prove these

damages. (Trojan Decl., Ex. 9.) TLO's fees for phase 3 were $114,548.60 (after giving CEMCO a

discount of $15,657.90). (*Id.*, ¶ 23.)

To prove damages, Plaintiffs had to expend considerable hours to investigate the scope of

the infringing sales of FRG products. This was complicated by the fact that the FRG products

consisted of the FRG strip and various frames that are sometimes sold together and sometimes sold

separately, and thus some applications were non-infringing. It was necessary to separate infringing

sales from non-infringing sales. Plaintiffs worked with an expert[10] to present four theories of

damages. (Trojan Decl., ¶ 24.) The hours expended to obtain the award of damages were necessary

and reasonable given the Court's award of damages on January 26, 2023. (Dkt. 332.).

### d)    Phase 4

TLO expended 143.68 hours from January 27, 2023 to the present for remaining work.

(Trojan Decl., Ex. 10.) TLO's fees for phase 4 were $48,061.4 (after giving CEMCO a discount of

$23,447.90 and omitting the time entry from Mr. Poursoltani as discussed above). (*Id.*, ¶ 25.)

As part of the January 26, 2023 damages order, the Court ordered S4S to take down any UL

listings that could be used to induce infringement of the patents. (Dkt. 332 at p. 36.) S4S did not

---

[9] And as Contemnors continued their offending conduct, the Court awarded supplemental disgorgement damages for May16, 2022 through June 12, 2023. (Dkt. 350.)

[10] ClarkDietrich worked with the damages expert, Minh Doan, to determine its lost profits from Contemnors' infringement. ClarkDietrich bore the costs of Ms. Doan's services.

CEMCO's Motion for Determination of Attorneys' Fees
Case No. 2:18−cv−00659−JLR                                      -10-

TROJAN LAW OFFICES
9250 WILSHIRE BLVD., STE 325
BEVERLY HILLS, CA 90212
310.777.8399  FAX: 310.777.8348

TROJAN LAW OFFICES
BEVERLY HILLS

1

remove the UL listings; instead, it modified them. (Dkt. 337.) S4S then transferred the revised UL

2

listings to KPSI Innovations, Inc. ("KPSI"), a company owned by Klein's wife and son (Dkt. 356).

3

As S4S transferred of the UL listings back to Klein's control, a dispute erupted over whether

4

the revised UL listings could still be used to violate the injunction. On March 16, 2023, Plaintiffs

5

moved for reconsideration of the Court's order discharging the daily fine. (Dkt. 340.) Though the

6

reconsideration motion was denied, Plaintiffs should still be entitled to their fees and costs because

7

the motion raised concerns that go to the heart of these proceedings, i.e. whether UL listings are

8

still being used to violate the permanent injunction.

9

10

The Court should award fees for CEMCO's briefings in support of this motion. *See,*

11

*e.g., Hall v. City of Fairfield,* No. 10–cv–0508–DAD, 2014 WL 1303612 (E.D. Cal., Mar.31, 2014)

12

(granting 66 hours of time expended on a fee motion, "particularly in light of the complexity of this

13

case and the broad and far-reaching opposition to plaintiff's attorneys' fee motion filed by counsel

14

for defendants.").

15

## 2.    Complicating Factors Unique to These Proceedings

16

17

Plaintiffs' counsel's hours were reasonable because special factors added to their work.

18

The motion practice in these proceedings was more involved than in other cases because

19

motions were submitted to the Special Master, whose reports and recommendations were subject

20

to objection by the parties and review by the Court. (Dkt. 208 at p. 9.) Unsurprisingly, Contemnors

21

objected to many of the Special Master's reports and recommendations, which increased the

22

expenses of the proceedings. (*See e.g.*, Dkt. Nos. 223, 261, 281, 290, 313, and 314.)

23

24

Another aggravating factor was Contemnors' denial of infringement, which wasted time

25

and money because it was clear that the FRG products were simply rebranded SSR products that

26

Klein had already stipulated to be infringing. (Dkt. 159.) Plaintiffs were forced to investigate and

27

prove that the products were not "colorably different" by analyzing their UL records, incurring fees

28

TROJAN LAW OFFICES
BEVERLY HILLS

CEMCO's Motion for Determination of Attorneys' Fees
Case No. 2:18−cv−00659−JLR

-11-

TROJAN LAW OFFICES
9250 WILSHIRE BLVD., STE 325
BEVERLY HILLS, CA 90212
310.777.8399  FAX: 310.777.8348

and costs for the experts discussed above. The fees and costs on the "colorably different" issue could have been avoided had Contemnors admitted to the Court what they told their customers, *i.e.* that the FRG products were essentially the same as the SSR products.

Further, Contemnors made the direct infringement issue far more complicated than it needed to be. Given the Court's claim construction of "intumescent strip" (Dkt. 98) and Klein's stipulation that the SSR products infringed the patents (Dkt. 159) under that construction, the sensible course of action would have been to stipulate that the FRG products directly infringe the patents when they are installed according to their UL listings. But Contemnors refused to simplify these proceedings. Consequently, Plaintiffs expended an enormous amount of time and money to prove that every element of each asserted patent claim reads on the FRG products when these issues could have been greatly simplified. The fees and costs for proving direct infringement could have been significantly reduced but for Contemnors' obstreperousness.

Contemnors could have mitigated the expenses of proving induced infringement by stipulating that the FRG products were installed according to their UL certifications. It refused to do so. Again, Plaintiffs had to retain Mr. Walke and Mr. Bergman to explain the UL certifications and how the FRG products were installed according to them. (Dkt. 278, 274-7.) Contemnors offered no rebuttal witnesses. Instead, Contemnors tried, unsuccessfully, to exclude the experts' testimony. (Dkt. 259.) The fees and costs for the experts could have been avoided, or at least significantly reduced, if Contemnors had not disputed that their customers build head-of-wall assemblies according to the UL listings.

**D.    Calculating the Lodestar: Why the Court Should Award Full Attorneys' Fees Up Through the Close of This Case Without Reduction**

Despite having obtained a permanent injunction, Plaintiffs had to spend three exhausting years enforcing the injunction through these proceedings, resulting in fees of $835,681 to CEMCO.

TROJAN LAW OFFICES
BEVERLY HILLS

CEMCO's Motion for Determination of Attorneys' Fees
Case No. 2:18−cv−00659−JLR

-12-

(Trojan Decl., Ex. 1.) The fees would have been 19% higher, but TLO discounted CEMCO's invoices by $198,982.30. (*Id.*) Given the scope of the proceedings, the complexity of the issues, the skill and experience of CEMCO's counsel, the quality of their representation and the results they obtained, these fees are wholly reasonable.[11]

### E.   The Court Should Award Non-Attorneys' Fees and Costs

In addition to attorneys' fees, CEMCO requests an award of $135,661.93 in disbursements, which include expert and administrative costs. (Trojan Decl., ¶ 8; Exs. 4-5.) Mr. Bergman billed $13,012.50. (*Id.* at Ex. 5.) Mr. Walke billed $6,270.00.  (*Id.*). The remaining disbursements of $49,432.84 generally include charges for e-discovery vendor services, court reporting services, travel expenses, and clerical expenses (e.g. copy charges, messenger charges) related to work on these proceedings. (*Id.*, Exs. 4-5.) CEMCO also requests $2,910.05 in costs billed by TLO's office manager, Ms. Michiko Speier. (*Id.*, Ex. 1 at p. 182.)  CEMCO additionally requests $29,419.00 billed by its local counsel, Mr. Paul Swanson.  Lastly, Plaintiffs incurred additional costs for the for the current motion, including attorney's fees and costs for Mr. Benjamin Byer to review the billing records. (Trojan Decl., ¶ 30; Byer Decl., ¶ 46.) CEMCO requests these costs in an amount to be determined later.

### IV.   CONCLUSION

For the reasons set forth above and the exhibits attached hereto, the Court should award attorneys' fees and costs in their entirety to CEMCO in the amount of **$1,000,761.93** (Trojan Decl., ¶ 27).

---

[11] TLO's fees have also been found to be reasonable in other cases where TLO won attorneys' fees for its clients. (Trojan Decl., Ex. 11: April 6, 2016 Final Award at p. 7: "Trojan and his associates conducted CB's case with efficiency, focus and speed. Their hourly rates were actually lower than those charged by comparable attorneys. The Arbitrator finds no waste or duplicity [in] counsel's work."; Ex. 12.)

CEMCO's Motion for Determination of Attorneys' Fees
Case No. 2:18−cv−00659−JLR
-13-
**TROJAN LAW OFFICES**
9250 WILSHIRE BLVD., STE 325
BEVERLY HILLS, CA 90212
310.777.8399 FAX: 310.777.8348

TROJAN LAW OFFICES
BEVERLY HILLS

Respectfully submitted,

TROJAN LAW OFFICES

by

September 1, 2023

/s/ R. Joseph Trojan
R. Joseph Trojan *(pro hac vice)*
9250 Wilshire Blvd.
Beverly Hills, CA
Attorney for Plaintiff,
CALIFORNIA EXPANDED METAL PRODUCTS
COMPANY

September 1, 2023

/s/ Paul D. Swanson
Paul D. Swanson (WSBA No. 13656)
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
Seattle, WA 98111
Telephone: 206-223-7000
Attorney for Plaintiff,
CALIFORNIA EXPANDED METAL PRODUCTS
COMPANY

CEMCO's Motion for Determination of Attorneys' Fees
Case No. 2:18−cv−00659−JLR

-14-

**TROJAN LAW OFFICES**
9250 WILSHIRE BLVD., STE 325
BEVERLY HILLS, CA 90212
310.777.8399  FAX: 310.777.8348

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF COMPLIANCE**

I certify that this motion contains 4,199 words, in compliance with the Local Civil Rules.

TROJAN LAW OFFICES
BEVERLY HILLS

CEMCO's Motion for Determination of Attorneys' Fees
Case No. 2:18−cv−00659−JLR

-15-

**TROJAN LAW OFFICES**
9250 WILSHIRE BLVD., STE 325
BEVERLY HILLS, CA 90212
310.777.8399  FAX: 310.777.8348

1

2

**CERTIFICATE OF SERVICE**

3

       I hereby certify that on September 1, 2023, I filed the foregoing Motion for Determination

4

of Attorneys' Fees and Costs with the Court's CM/ECF system, which will cause it to be served

5

electronically upon all counsel of record.

6

7

8
                  /s/ R. Joseph Trojan
                  R. Joseph Trojan *(pro hac vice)*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TROJAN LAW OFFICES
BEVERLY HILLS

CEMCO's Motion for Determination of Attorneys' Fees
Case No. 2:18−cv−00659−JLR

-16-

**TROJAN LAW OFFICES**
9250 WILSHIRE BLVD., STE 325
BEVERLY HILLS, CA 90212
310.777.8399  FAX: 310.777.8348