UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CALIFORNIA EXPANDED METAL PRODUCTS COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES A. KLEIN, et al., <br><br> Defendants. | CASE NO. C18-0659JLR <br><br> ORDER |

## I.    INTRODUCTION

Before the court are supplemental motions for attorneys' fees filed by Plaintiffs California Expanded Metal Products Company ("CEMCO") and Clarkwestern Dietrich Building Systems LLC ("ClarkDietrich") (together, "Plaintiffs") pursuant to the court's November 21, 2023 order granting in part Plaintiffs' motions for attorneys' fees and costs.  (CEMCO Supp. Mot. (Dkt. # 380); CEMCO Supp. Reply (Dkt. # 384); ClarkDietrich Supp. Mot. (Dkt. # 378); ClarkDietrich Supp. Reply (Dkt. # 383); *see*

11/21/23 Order (Dkt. # 377) at 18-19.) Defendants James A. Klein, BlazeFrame Industries, Ltd., and Safti-Seal, Inc. (collectively, "Defendants") oppose the motions. (Supp. Resp. (Dkt. # 382).) The court has considered Plaintiffs' motions, the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised, the court GRANTS CEMCO and ClarkDietrich's supplemental motions for attorneys' fees.

## II.   BACKGROUND

In its November 21, 2023 order, the court awarded CEMCO $594,511.15 in attorneys' fees and $135,661.93 in costs accrued through July 31, 2023. (11/21/23 Order at 8-14, 19-22.) It awarded ClarkDietrich $766,645.03 in attorneys' fees and $48,567.31 in costs accrued through that same date. (*Id.* at 14-18, 19-22.) The court also granted Plaintiffs leave to file motions for attorneys' fees associated with preparing their original motions for attorneys' fees and costs. (*Id.* at 18-19.) CEMCO now seeks an additional award of $31,973.78 in attorneys' fees associated with its original motion for attorneys' fees and costs and ClarkDietrich seeks an additional award of $29,190.00. (CEMCO Supp. Mot. at 1; ClarkDietrich Supp. Mot. at 1.) Neither Plaintiff seeks costs associated with the original motions. (CEMCO Supp. Mot. at 1; ClarkDietrich Supp. Mot. at 1.)

## III.   ANALYSIS

Below, the court (1) reviews the legal standards that govern the court's consideration of Plaintiffs' supplemental motions for attorneys' fees, (2) addresses Defendants' arguments in opposition to the motions, and (3) determines the reasonable attorneys' fees to award each Plaintiff.

A.     **Legal Standards**

To determine whether counsel's requested fees are reasonable, the court applies the "lodestar" method. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The court calculates the lodestar by multiplying "the number of hours . . . reasonably expended on the litigation by a reasonable hourly rate." *Id.* (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). Although the resulting figure is presumptively reasonable, the court may adjust the lodestar figure up or down based on additional factors that were not already subsumed in the initial lodestar calculation. *Id.* at 982. These factors, known as the "*Kerr* factors," are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *see also Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002) (noting that the court need not consider the *Kerr* factors unless necessary to support the reasonableness of the award).

The reasonable hourly rate in the lodestar "is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Camacho*, 523 F.3d at 979 (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). The relevant community for determining whether the rates are

ORDER - 3

reasonable "is the forum in which the district court sits." *Id.* (citing *Barjon*, 132 F.3d at 500).

To determine a reasonable number of hours, the court must consider "whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The hours claimed may be reduced by the court if the "documentation of the hours is inadequate"; "the case was overstaffed and hours are duplicated"; or "the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). The court has the "authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure 'as a practical means of trimming the fat from a fee application.'" *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992) (quoting *N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)).

**B.     Defendants' Arguments**

The court begins by addressing Defendants' opposition to Plaintiffs' supplemental motions. Rather than challenge the rates, hours, or time entries claimed by Plaintiffs, Defendants raise two general arguments, neither of which the court finds persuasive. (*See generally* Supp. Resp.)

First, Defendants argue, as they did in their opposition to Plaintiffs' original motions, that the court should cap the total fees and costs awarded at $607,770.65, the amount of profits that the court ordered Defendants to disgorge to Plaintiffs. (Supp. Resp. at 1; *see* 1/26/23 Order (Dkt. # 332) at 37-38.) The court rejected this argument in

1  its November 21, 2023 order and will not reconsider that decision now.  (*See* 11/21/23

2  Order at 9-10.)

3        Second, Defendants argue that the court should reduce Plaintiffs' supplemental fee

4  awards by the same percentages by which it reduced Plaintiffs' original fee awards to

5  reflect Plaintiffs' partial success in their original fee motions.  (Supp. Resp. at 1-2

6  (arguing that the court should reduce CEMCO's supplemental fees by 31% and

7  ClarkDietrich's supplemental fees by 19%).)  Both Plaintiffs, however, have already

8  accounted for unsuccessful efforts in their original motions by deducting fees related to

9  purported expert Benjamin J. Byer's declaration from their supplemental fee requests.

10  (11/21/23 Order at 7-8 (excluding Mr. Byer's declaration), 18-19 (ordering Plaintiffs not

11  to seek reimbursement for fees or costs associated with Mr. Byer's declaration); CEMCO

12  Supp. Mot. at 2-3 (stating that CEMCO reduced its bills by $55,208.35 by excluding fees

13  relating to Mr. Byer and applying discounted hourly rates); ClarkDietrich Supp. Mot. at 2

14  n.2.)  Therefore, the court declines to apply the same reductions to Plaintiffs'

15  supplemental motions for fees as it applied to their original motions.

16  **C.  CEMCO's Attorneys Fees**

17        CEMCO seeks a supplemental award of $31,973.78 in attorneys' fees it incurred

18  between July 31, 2023, and October 13, 2023, in connection with its original motion for

19  attorneys' fees and costs.  (*See* CEMCO Supp. Mot. at 1.)  The court grants this request.

20        CEMCO seeks fees accrued only by attorneys Dylan Dang and Francis Wong.

21  (*See generally id.*)  The court determined in its November 21, 2023 order that Mr. Dang

22  and Mr. Wong's billing rates were reasonable.  (11/21/23 Order at 6, 13; *see* 9/1/23

Trojan Decl. (Dkt. # 370) ¶¶ 15 (stating Mr. Dang's effective hourly rate was $349.00), 16 (stating Mr. Wong's effective hourly rate was $325.00).[1]) Therefore, the court focuses below on whether the claimed lodestar is reasonable.

CEMCO represents that it has reduced its requested fees by (1) removing fees associated with Mr. Byer's declaration (*see* 11/21/23 Order at 7-8); (2) applying percentage cuts to Mr. Dang and Mr. Wong's total billings to account for block billing (*see id.* at 12 (reducing Mr. Dang's fees by 15% and Mr. Wong's fees by 20%)); (3) applying an overall 10% percentage cut to account for administrative or other unbillable time (*see id.* at 12-13); (4) waiving miscellaneous fees and costs; and (5) waiving fees for timekeepers other than Mr. Dang and Mr. Wong (including fees for its local counsel). (*See generally* CEMCO Supp. Mot. *See* 12/7/23 Trojan Decl. (Dkt. # 381) ¶ 2, Ex. 1 (highlighting time entries cut and calculating fees incurred after making the above deductions).) As a result of these deductions, CEMCO seeks an award of $31,973.78 of the approximately $95,890.00 that Mr. Dang and Mr. Wong billed in connection with CEMCO's original attorneys' fees motion. (*See* 12/7/23 Trojan Decl. ¶ 3, Ex. 2 (Mr. Dang's time entries); *id.* ¶ 4, Ex. 3 (Mr. Wong's time entries).)

The court has reviewed Mr. Dang and Mr. Wong's time entries and CEMCO's fee calculations and concludes that the hours claimed and the supplemental fees requested,

---

[1] CEMCO implies in its motion that the court reduced Mr. Dang and Mr. Wong's hourly rates. (*See, e.g.*, CEMCO Supp. Mot. at 1 (stating CEMCO reduced its bills by "reducing hourly rates based on the [c]ourt's Attorneys' Fees Order" and applying "the same discounted hourly rates adopted by the [c]ourt").) To the contrary, the court applied the hourly rates specified in firm owner R. Joseph Trojan's declaration. (*See* 9/1/23 Trojan Decl. ¶¶ 1, 15-17.)

with CEMCO's reductions applied, are reasonable. The court need not adjust these amounts further using the *Kerr* factors because those factors have already been subsumed in the calculations discussed above. *See Cairns*, 292 F.3d at 1158. Therefore, the court GRANTS CEMCO's motion for a supplemental attorneys' fee award of $31,973.78.

**D.    ClarkDietrich's Attorneys' Fees**

ClarkDietrich seeks a supplemental award of $29,190.00 in attorneys' fees it incurred between August 1, 2023, and October 12, 2023, in connection with its original motion for attorneys' fees and costs. (*See* ClarkDietrich Supp. Mot. at 1; Fox Decl. (Dkt. # 379) ¶ 8.) The court grants this request.

ClarkDietrich seeks fees incurred by two partners, an associate, and two paralegals during the relevant time period. (*See* ClarkDietrich Supp. Mot. at 2.) It does not seek fees incurred by its local counsel. (*See id.* at 1-2.) The court determined in its November 21, 2023 order that the billing rates for partners Matthew C. Blickensderfer and Jeffrey F. Kersting and paralegal Kelly A. Kuhl were reasonable. (11/21/23 Order at 6; *see* 9/1/23 Blickensderfer Decl. (Dkt. # 368) ¶ 6 (listing the hourly billing rates for these timekeepers).) Associate Ariel M. Fox and senior paralegal Molly S. Fleming also worked on ClarkDietrich's motion for attorneys' fees and costs. (*Id.* at 2.) The court has reviewed Ms. Fox and Ms. Fleming's billing rates and determines that they are consistent with the hourly rates charged by legal professionals of comparable skill, experience, and reputation in the Seattle legal community. (*See* Fox Decl. ¶ 4 (stating Ms. Fox billed $355.00 per hour and Ms. Fleming billed $235.00 per hour).)

ClarkDietrich represents that it has reduced the fees its attorneys and paralegals billed during the relevant time frame by deleting time entries (1) relating to Mr. Byer's declaration and (2) reflecting confidential information or work for ClarkDietrich that did not directly relate to the original motion for attorneys' fees and costs. (ClarkDietrich Supp. Mot. at 2 n.2; Fox Decl. ¶ 11.) In addition, Ms. Fox performed most of the work in support of the motion for attorneys' fees, whereas Mr. Kersting billed over half of the hours ClarkDietrich claimed in its original motion at a much higher partner rate. (*See* Fox Decl. ¶ 4 (stating Mr. Kersting billed $470.00 per hour).)

The court has reviewed ClarkDietrich's time entries and fee calculations and concludes that the hours billed and the supplemental fees requested are reasonable. (*See id.* ¶ 11, Ex. A (time records, with excluded time entries redacted).) The court need not adjust these amounts further using the *Kerr* factors because those factors have already been subsumed in the calculations discussed above. *See Cairns*, 292 F.3d at 1158. Therefore, the court GRANTS ClarkDietrich's motion for a supplemental attorneys' fee award of $29,190.00.

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiffs' supplemental motions for attorneys' fees and costs. The court AWARDS CEMCO an additional **$31,973.78** in attorneys' fees for a total attorneys' fees and costs award of **$762,146.86**.[2] The court AWARDS ClarkDietrich an additional **$29,190.00** in attorneys' fees for a total attorneys'

---

[2] This figure represents $594,511.15 in original attorneys' fees plus $31,973.78 in supplemental attorneys' fees plus $135,661.93 in costs. (*See* 11/27/23 Order at 23.)

ORDER - 8

fees and costs award of **$844,402.34**.[3]  The court will issue a second amended judgment contemporaneously with this order.  (*See* 7/10/23 Order (Dkt. # 360) at 3-4 (stating the court "will amend the final judgment to include the amount of attorneys' fees and costs awarded" after deciding Plaintiffs' motions for attorneys' fees and costs).)

Dated this 8th day of January, 2024.

JAMES L. ROBART
United States District Judge

---

[3] This figure represents $766,645.03 in original attorneys' fees plus in supplemental attorneys' fees plus $48,567.31 in costs.  (*See* 11/27/23 Order at 23.)

ORDER - 9